IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| GEORGIACARRY.ORG, INC., and DAVID JAMES, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) ) ) | 4:14-CV-139-HLM (consolidated with 4:15-CV-0009-HLM) |
| U.S. ARMY CORPS OF ENGINEERS and JOHN J. CHYTKA, in his official capacity as Commander, Mobile District, U.S. Army Corps of Engineers, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF
<u>DEFENDANTS' MOTION FOR PROTECTIVE ORDER</u>**

**INTRODUCTION**

Defendants respectfully move, pursuant to Fed. R. Civ. P. 26, for a protective order to prevent discovery. The Administrative Procedure Act provides the only applicable cause of action and waiver of federal sovereign immunity that could apply to Plaintiffs' claim. Consequently, judicial review of the merits of this case is limited to the administrative record that will be submitted by the U.S. Army Corps of Engineers ("Corps"), and discovery is neither appropriate nor warranted.

1

## ARGUMENT

**Plaintiffs Are Not Entitled to Discovery Because Review of This Case Is Limited to the Administrative Record.**

The Court should enter a protective order to prevent discovery because review on the merits is limited by statute to the administrative record that will be submitted by the Corps, and no extra-record discovery should be permitted.

A suit against an executive agency such as the Corps, or against an agency official in his or her official capacity (such as Defendant Jon J. Chytka), is a suit against the United States and is therefore subject to the defense of sovereign immunity. *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999); *Davila v. Gladden*, 777 F.3d 1198, 1209 (11th Cir. 2015). Absent a waiver of sovereign immunity, a district court lacks jurisdiction over claims against the United States. *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015) (citing *FDIC v. Meyer*, 510 U.S. 471, 475-76 (1994)). Plaintiffs therefore may not maintain any claims against Defendants absent a waiver of sovereign immunity that covers those claims. However, "in offering its consent to be sued, the United States has the power to condition a waiver of its immunity as broadly or narrowly as it wishes, and according to whatever terms it chooses to impose." *Id.* at 1321-22 (citation omitted). Thus, even if Plaintiffs identify a sovereign immunity waiver that covers their claims, they are bound by any limitations, substantive or procedural, that any

such waiver of sovereign immunity imposes.  *See Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) ("[T]his Court has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.") (citing cases).

The sole claim asserted by Plaintiffs is a Second Amendment claim.  Compl. ¶¶ 34-35.  However, Plaintiffs cannot maintain a private right of action directly under the Constitution against Defendants because sovereign immunity bars such an action.  *See United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) ("Defendants' [counter]claims based directly on Fifth Amendment violations are likewise barred under the doctrine of sovereign immunity."); *Salomone v. United States*, No. 1:08-CV-1574-JEC, 2009 WL 2957279, at *4 (N.D. Ga. Sept. 15, 2009) ("[T]here is absolutely no authority supporting plaintiff's claim that the United States waived sovereign immunity by enacting the Constitution itself."); *see also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 410 (1971) (as to Fourth Amendment violations, "[h]owever desirable a direct remedy against the Government might be as a substitute for individual official liability, the sovereign still remains immune to suit").

The only waiver of sovereign immunity that could apply to Plaintiffs' claim for relief under the Second Amendment is the waiver provided under the

Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. ("APA"). *See id*. § 702 (waiving sovereign immunity for federal claims seeking relief other than money damages against federal agencies and federal officials sued in their official capacities). And the only applicable cause of action for Plaintiffs' claim appears in Section 704 of the APA. *See id*. § 704 ("[F]inal agency action for which there is no other adequate remedy in a court [is] subject to judicial review.").

Because the APA supplies the only applicable cause of action and sovereign immunity waiver for Plaintiffs' claim, judicial review of that claim is limited to review of the administrative record. *See* 5 U.S.C. § 706 (in making its determinations, "the court shall review the whole record or those parts of it cited by a party. . ."); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (under the APA standard of review, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"). "[T]he general rule, applicable across the board to judicial review of administrative action . . . , is that the court may not go outside the administrative record." *Najjar v. Ashcroft*, 257 F.3d 1262, 1278 (11th Cir. 2001) (citation and internal quotation marks omitted); *see also Alabama-Tombigbee Rivers Coal. v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007) (under the APA, "[t]he focal point for judicial review of an administrative agency's action should be the administrative record")

(citation omitted); *P.E.A.C.H., Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996) (when conducting APA review, the "task of the reviewing court is to apply the appropriate . . . standard of review . . . to the agency decision based on the record the agency presents to the reviewing court") (citation omitted).

Thus, because judicial review is limited by law to review of the administrative record, discovery is not appropriate. *See Alabama-Tombigbee Rivers Coal.*, 477 F.3d at 1262 (affirming district court's decision not to allow discovery in APA case where plaintiff failed to make a strong showing of bad faith or improper behavior by the agency); *ICA Const. Corp. v. Reich*, 60 F.3d 1495, 1499 n.10 (11th Cir. 1995) (district court committed no error in APA case in limiting its review to the record compiled by the agency); *Gjondrekaj v. Napolitano*, 801 F. Supp. 2d 1344, 1349 (M.D. Fla. 2011) ("Plaintiffs intended discovery is of no moment in the context of an APA review.  The Court must limit its review of the agency's decision to what is in the administrative record.") (citation omitted); *Ga. River Network v. U.S. Army Corps of Eng'rs*, No. 4:10-cv-267, 2012 WL 930325, at *2 (S.D. Ga. Mar. 19, 2012), *aff'd*, 517 F. App'x 699 (11th Cir. 2013) ("The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.  The factfinding capacity of the district court is thus typically unnecessary to

5

judicial review of agency decisionmaking.") (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985)); *Wise v. Heddel*, No. 5:09-cv-127, 2011 WL 1379867, at *1-3 (M.D. Ga. Apr. 12, 2011) (denying motion for discovery in APA case, and limiting review to administrative record); *Miccosukee Tribe of Indians of Fla. v. United States,* No. 05-23045-CIV, 2007 WL 1308334, at *1-2 (S.D. Fla. May 3, 2007) ("It is well-established that the Court must review the Plaintiff's APA claims based on the administrative record.  The rationale for confining the Court's review to the contents of the administrative record is that the court's role is to determine whether an agency exercised its discretion properly on the basis of the information the agency had before it at the time of its decision-making. . . . Discovery is not available in an APA case unless Plaintiff can demonstrate that discovery is warranted under some exception to this general principle.") (internal citations omitted); *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 736 F. Supp. 267, 275 (N.D. Ga. 1990), *aff'd*, 993 F.2d 800 (11th Cir. 1993). ("The general rule in administrative review cases is that, absent certain exceptions, discovery is not permitted.") (citation omitted).

The conclusion that this case should be resolved on the administrative record filed by the agency is underscored by the fact that a recent suit in the District of Idaho raising similar Second Amendment claims, *Morris v. U.S. Army Corps of*

6

*Engineers*, was resolved on the administrative record, and no discovery was taken. *See* Docket Sheet, *Morris v. U.S. Army Corps of Eng'rs*, docket entries no. 49-50 (attached as Ex. 1).

In sum, the only potential waiver of sovereign immunity that could apply to Plaintiffs' claim for relief is the one contained in the APA, 5 U.S.C. § 702. Plaintiffs' claim is therefore subject to the limitations and conditions that apply to APA review of agency decisions. Consequently, because the APA limits judicial review of agency action to an examination of the administrative record prepared by the agency, Plaintiffs cannot obtain discovery from Defendants. The Court should thus enter a protective order directing that review on the merits should be limited to the administrative record that will be submitted by the Corps, and that no extra-record discovery will be permitted. *See P.E.A.C.H., Inc.*, 87 F.3d at 1247 ("The District Court did not err in limiting its review to the administrative record and so did not abuse its discretion by granting a protective order prohibiting any discovery.").[1]

---

[1] Additionally, Defendants respectfully request that the parties be deemed exempt from the obligation to provide initial disclosures, as the present case is "an action for review on an administrative record." Fed. R. Civ. P. 26(a)(1)(B)(i). However, Defendants are not requesting that the parties be deemed exempt from the obligation to submit a joint preliminary report and discovery plan requirement, in accordance with Local Civil Rule 16.2.

## CONCLUSION

Defendants respectfully request that the Court enter a protective order directing that review on the merits of this case will be limited to the administrative record, and that no extra-record discovery will be permitted.

Dated: August 14, 2015                                      Respectfully submitted,

Of Counsel                                                          BENJAMIN C. MIZER
                                                                          Principal Deputy Assistant Attorney
JOHN A. HORN                                                 General
United States Attorney
LORI BERANEK
Assistant United States Attorney
600 Richard B. Russell Federal Building      /s/ Daniel Riess
75 Spring Street, S.W.                                     JOHN R. TYLER
Atlanta, Georgia 30303                                  Assistant Branch Director
Lori.Beranek@usdoj.gov                             DANIEL RIESS
                                                                          Trial Attorney
                                                                          U.S. Department of Justice
                                                                          Civil Division, Rm. 6122
                                                                          20 Massachusetts Avenue, NW
                                                                          Washington, D.C. 20530
                                                                          Telephone: (202) 353-3098
                                                                          Fax: (202) 616-8460
                                                                          Email: Daniel.Riess@usdoj.gov
                                                                          *Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1B for documents prepared by computer.

/s/ Daniel Riess
Daniel Riess

## CERTIFICATE OF SERVICE

I certify that, on August 14, 2015, I electronically filed the within and foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the parties' attorneys of record.

This 14th day of August, 2015.

/s/ Daniel Riess
Daniel Riess
