IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| GEORGIACARRY.ORG, INC.    et.al., ) | | |
| ) | | |
| Plaintiffs ) | | CIVIL ACTION FILE NO. |
| ) | | |
| v. ) | | 4:14-CV-139-HLM |
| ) | | |
| ) | | |
| THE U.S. ARMY CORPS OF ) | | |
| ENGINEERS, et.al., ) | | |
| ) | | |
| Defendants. ) | | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

Plaintiffs commenced this action to challenge the constitutionality, as applied to them, of 36 C.F.R. § 327.13. Defendants have moved for a protective order to limit the merits of this case to a review of an "administrative record" that Defendants propose to provide. Plaintiffs oppose the Motion.

Plaintiffs first note that Defendants already have filed in this Court factual material beyond any kind of "administrative record." Doc. 11-1 contains an affidavit from a park ranger employee of the Corps, and such affidavit was prepared specifically for this litigation (i.e., not as part of any kind of

–1–

administrative record. To the extent Defendants wanted this case to be only about its administrative record, the proverbial horse has left the barn. It would be fundamentally unfair at this point to close the barn door in Plaintiffs' face.

Perhaps more importantly, however, the Court of Appeals gave this Court at least a partial road map of how this case should proceed on remand. Doc. 29. For example, on p. 18 of its opinion, the Court of Appeals said this Court would have an opportunity to consider this case *after discovery* (thereby indicating an expectation that discovery will take place). In particular, the Court of Appeals indicated a need to know 1) the size of Allatoona Dam; 2) the size of the recreational area at issue; 3) how far the recreational area extends beyond the dam; 4) whether the recreational area is separated from the dam itself by a fence or perimeter; and 5) to what extent the dam is policed. Doc. 29, p. 20. The Court of Appeals later indicated an additional need to know 1) how heavily trafficked the relevant area is at various times of the year; 2) what types of activities the visitors engage in; 3) how the visitors are distributed throughout the property; 4) the frequency and nature of crimes committed; 5) the incidence of altercations among visitors; and 6) whether the Corps coordinates with local law enforcement during peak periods. Doc. 29, pp. 21-22. Only after such information is presented,

−2−

according to the Court of Appeals, will "the District Court have the opportunity again to engage in a complete constitutional analysis." Doc. 29, p. 22.

In short, it is clear the Court of Appeals expected the Parties to engage in full discovery, and to present this Court with a thorough picture of the recreational operations at the subject Corps facilities. This Court cannot make a reasoned analysis expected by the Court of Appeals without such a picture. The Parties cannot therefore be expected to argue this case based solely on whatever "administrative record" the Corps claims to have for this case.

Moreover, the Corps does not appear to be totally wedded to the notion that cases such as the present one can be completely analyzed based on some kind of agency record. In a similar case in the District of Idaho, the Corps filed its "administrative record." *Morris v. U.S. Army Corps of Engineers,* No. 3:13-CV-336, Doc. 49 (D. Idaho, April 22, 2014). The District Court in Idaho eventually entered a permanent injunction against the Corps from enforcing the very regulation at issue in the present case. *Morris v. U.S. Army Corps of Engineers,* 60 F.Supp. 3d 1120 (D. Idaho, 2014), appeal filed sub.nom. *Nesbitt v. U.S. Army Corps of Engineers,* No. 14-36049 (9th Cir., December 10, 2014).

In its Reply Brief on appeal, the Corps urged the 9th Circuit to "vacate the district court's judgment and allow the government to develop the record further in the district court." *Nesbitt v. U.S. Army Corps of Engineers,* No. 14-36049, Doc. # 37, pp. 18-19, FN 5 (9th Cir., August 12, 2015). Dissatisfied with the result obtained on an administrative record review, only then did the Corps decide that "developing the record further" was desirable. As a matter of judicial economy, it would not make sense to litigate this case once on an administrative record and then a second time on a "further developed" record if the Corps is dissatisfied with the outcome the first time around.

For the foregoing reasons, this Court should deny the Corps' present Motion and permit discovery.

JOHN R. MONROE,

___/s/ John R. Monroe_____
John R. Monroe
Attorney at Law
9640 Coleman Road
Roswell, GA 30075
Telephone: (678) 362-7650

–4–

Facsimile: (770) 552-9318
jrm@johnmonroelaw.com
Georgia Bar No. 516193
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on August 13, 2015, I served a copy of the foregoing via ECF upon:

Daniel Riess
Daniel.riess@usdoj.gov

      /s/ John R. Monroe
John R. Monroe

## RULE 7.1D CERTIFICATION

I certify that this brief was prepared in accordance with the page, font, size, margin and other requirements of Rules 7.1D and 5.1C.

                                    /s/ John R. Monroe
                                    John R. Monroe