# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| GEORGIACARRY.ORG, INC., and DAVID JAMES, | ) ) ) |
| Plaintiffs, | ) CIVIL ACTION FILE NO. ) |
| v. | ) 4:14-CV-139-HLM (consolidated ) with 4:15-CV-0009-HLM) ) |
| U.S. ARMY CORPS OF ENGINEERS and JOHN J. CHYTKA, in his official capacity as Commander, Mobile District, U.S. Army Corps of Engineers, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Plaintiffs have provided no basis for their contention that they require discovery at this time. Plaintiffs are correct that the Eleventh Circuit contemplated additional factual development on remand. But the nature of the questions posed by the Eleventh Circuit do not lend themselves to open-ended discovery. Many of them would be the proper subject of judicial notice, and others can be answered by documents in the administrative record. For example, a number of the issues mentioned by the Eleventh Circuit – *e.g.*, "the size of the Allatoona Dam, . . . the

1

size of the recreational area at issue in this case[,] . . . how far the recreational area extends beyond the dam, [and] whether the recreational area is separated from the dam itself by a fence or perimeter" – represent simple factual questions that may be answered by documents to be supplied in the administrative record. *GeorgiaCarry.Org v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1328 (11th Cir. 2015).  And to the extent that the administrative record might not address all factual issues mentioned by the Eleventh Circuit, at the time they file for summary judgment, Defendants may provide additional documents or declarations addressing these issues.

It is premature for Plaintiffs to insist that they will need additional information from the Corps.  To the extent that Plaintiffs might contend at some future date that they lack sufficient facts to move for summary judgment, the Federal Rules of Civil Procedure provide for a remedy in the form of a Rule 56(d) motion.  *See* Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.").  Notably, the parties in *Morris v. U.S. Army Corps of Engineers*, civil action no. 13-336 (D. Idaho), expressly incorporated the

possibility of filing such motions into their joint proposed briefing schedule, which was adopted by the district court.  *See* Def. Mot., Ex. 1, docket entry no. 45 (providing that after the Corps had filed the administrative record and moved for summary judgment, "Plaintiffs' cross-motion for summary judgment and opposition to Defendants' motion for summary judgment (*including any opposition under Federal Rule of Civil Procedure 56(d)*) shall be due on or before 6/19/14") (emphasis added).

Plaintiffs' additional arguments in favor of discovery lack merit.  Plaintiffs contend that discovery is warranted here because, together with Defendants' response to Plaintiffs' motion for a preliminary injunction, Defendants filed a declaration from an agency official explaining why that motion should not have prevailed.  Pl. Opp. at 1-2.  To the extent that the Corps again relies on one or more declarations in support of its motion for summary judgment, as noted above, Plaintiffs can seek any discovery that might be warranted under Rule 56(d) at that time.

Additionally, Plaintiffs incorrectly represent that the Corps' position here is inconsistent in its arguments in *Nesbitt v. U.S. Army Corps of Engineers*, No. 14-

36049 (9th Cir.), the appeal from the *Morris* case discussed above.[1]  Pl. Opp. at 3-4.  As noted above, in the district court in *Morris*, the parties adopted the approach that Defendants recommend here.  In a footnote in the Corps' reply brief in the Ninth Circuit, the Corps responded to an incorrect contention that it had failed to satisfy its evidentiary burden:

> Because the Corps has demonstrated that its regulation satisfies intermediate scrutiny, the plaintiffs' argument at pages 51 to 54 of their brief is misplaced.  *In any event, if this Court determines that the record is inadequate to permit evaluation of the application of intermediate scrutiny*, this Court should vacate the district court's judgment and allow the government to develop the record further in the district court.

Reply Brief for Appellants at 18 n.5 (emphasis added), *available at* 2015 WL 4937683.  Thus, the Corps in *Nesbitt* simply noted conditionally that, in the event that the Ninth Circuit were to determine that the existing record was not sufficient to resolve this issue, then the Ninth Circuit should vacate and remand for further development.  Here, similarly, the Corps proposes to ensure that the record will contain the material that the Eleventh Circuit considered relevant to its determination.

---

[1] Following the district court's final decision in *Morris*, the lead plaintiff married and changed her last name to Nesbitt.  The appeal of *Morris* to the Ninth Circuit Court of Appeals is therefore styled *Nesbitt v. U.S. Army Corps of Engineers*.

Defendants respectfully request that the Court enter a protective order preventing Plaintiffs from engaging in discovery at this time. Instead, Defendants respectfully request that the parties be allowed to meet and confer, and submit a joint proposed summary judgment briefing schedule. If Plaintiffs perceive a need for targeted discovery after reviewing Defendants' motion for summary judgment, they may seek discovery at that time. *See* Fed. R. Civ. P. 56(d).

For the reasons stated above and in Defendants' opening brief, the Court should enter a protective order preventing discovery at this time.

Dated: August 31, 2015

Of Counsel

JOHN A. HORN
United States Attorney
LORI BERANEK
Assistant United States Attorney
600 Richard B. Russell Federal Building
75 Spring Street, S.W.
Atlanta, Georgia 30303
Lori.Beranek@usdoj.gov

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

  /s/ Daniel Riess
JOHN R. TYLER
Assistant Branch Director
DANIEL RIESS
Trial Attorney
U.S. Department of Justice
Civil Division, Rm. 6122
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Telephone: (202) 353-3098
Fax: (202) 616-8460
Email: Daniel.Riess@usdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1B for documents prepared by computer.

    /s/ Daniel Riess
Daniel Riess

## CERTIFICATE OF SERVICE

I certify that, on August 31, 2015, I electronically filed the within and foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the parties' attorneys of record.

This 31st day of August, 2015.

    /s/ Daniel Riess
Daniel Riess