IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

GEORGIACARRY.ORG, INC.,
and DAVID JAMES,

     Plaintiffs,

v.

CIVIL ACTION FILE NO.:
4:14-CV-0139-HLM

U.S. ARMY CORPS OF
ENGINEERS and JON
J. CHYTKA, in his official
capacity as Commander,
Mobile District, U.S. Army
Corps of Engineers,

     Defendants.

## ORDER

This case is before the Court on Defendants' Motion for Protective Order [32].

## I.   Background

Defendants have moved for a protective order limiting the Court's review of the record to the administrative record and

prohibiting discovery.  (See generally Defs.' Mot. Protective Order (Docket Entry No. 32).)  According to Defendants, Plaintiffs' claims may proceed only under the Administrative Procedures Act (the "APA").  (See generally id.)

Plaintiffs filed a response opposing that Motion, arguing that Defendants previously filed an affidavit that fell outside the scope of the administrative record, and contending that the opinion of the United States Court of Appeals for the Eleventh Circuit indicated a need for the Parties to conduct discovery in this action.  (See generally Pls.' Resp. Mot. Protective Order (Docket Entry No. 33).) Plaintiffs did not appear to take issue with Defendants' contention that this case must proceed under the APA.  (See generally id.)

Defendants filed a reply in support of their Motion.  (Docket Entry No. 34.)  The Court finds that the briefing process for the Motion for Protective Order is complete, and that the matter is ripe for resolution.

2

## II.    Discussion

"Judicial review of agency action under . . . the APA is generally limited to a review of the administrative record." <u>Sierra Club v. U.S. Dep't of Energy</u>, 26 F. Supp. 2d 1268, 1270 (D. Colo. Aug. 13, 1998).  "Supplementation of an administrative record is only allowed in the following circumstances: (1) the record is so inadequate to explain the agency action that it effectively frustrates judicial review; (2) the record is incomplete in that it does not contain documents considered by the decision-maker; (3) the agency has failed to consider relevant factors; or (4) there is a strong showing that the agency engaged in improper behavior or acted in bad faith." <u>United States v. Amtreco, Inc.</u>, 806 F. Supp. 1004, 1006 (M.D. Ga. Nov. 13, 1992) (internal quotation marks and citation omitted).  Those exceptions are narrowly construed, and a party who seeks to supplement the administrative record bears "a heavy burden to show that supplementation is necessary." <u>Id.</u>

3

Thus, "the focal point of judicial review under the APA is the administrative record already in existence and not a new record made by the reviewing court." Harvard Pilgrim Health Care of N.E. v. Thompson, 318 F. Supp. 2d 1, 8 (D.R.I. May 26, 2004). This is true even where the party asserts a constitutional claim. See id. at 10 ("Other federal courts have found that the presence of a constitutional claim does not alter the requirements that parties first present their claims during administrative proceedings and that federal courts confine their review to the record of those proceedings."). Because courts reviewing appeals of agency decisions ordinarily may not consider arguments that were not raised before the administrative agency, "broad-ranging discovery aimed at matters not included in the administrative record is inappropriate." Id. at 8-9; see also Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 736 F. Supp. 267, 275 (N.D. Ga. Apr. 23, 1990) ("The general rule in administrative review cases is

4

that, absent certain exceptions, discovery is not permitted."). "[T]he party requesting discovery bears a heavy burden of showing that it is necessary to supplement the administrative record." Harvard Pilgrim Health Care of N.E., 318 F. Supp. 2d at 9; see also Wise v. Heddel, Civil Action No. 5:09-CV-127(CAR), 2011 WL 1379867, at *1 (M.D. Ga. Apr. 12, 2011) (noting that exceptions to the no-discovery rule are construed narrowly, "and a party seeking discovery must satisfy a heavy burden before discovery will be allowed").

Plaintiffs have failed to meet their heavy burden here. They simply have not shown that the administrative record is insufficient to allow the Court to evaluate their claims. Under those circumstances, Plaintiffs are not entitled to discovery. See Miccosukee Tribe of Indians of Fla. v. United States, No. 05-23045-CIV-MOORE, 2007 WL 1308334, at *2 (S.D. Fla. May 3, 2007) (finding plaintiff in APA case was not entitled to discovery where it

5

failed to demonstrate that any of the exceptions to the no-discovery rule applied). Indeed, as Defendants correctly point out in their Reply, many of the questions posed by the United States Court of Appeals for the Eleventh Circuit in its opinion addressing Plaintiffs' Motion for Preliminary Injunction "would be the proposer subject of judicial notice, and others can be answered by documents in the administrative record." (Reply Supp. Mot. Protective Order (Docket Entry No. 34) at 1.) Those questions "do not lend themselves to open-ended discovery." (Id.) The Court therefore grants Defendants' Motion for Protective Order.

## III.   Conclusion

ACCORDINGLY, the Court **GRANTS** Defendants' Motion for Protective Order [32]. The Court **ORDERS** as follows: (1) the Court's review shall be limited to the administrative record; (2) discovery is prohibited; and (3) the Parties are exempt from filing initial disclosures, pursuant to Local Rule 26.1A and Federal Rule

6

of Civil Procedure 26(a)(1)(B)(i).  The Court **DIRECTS** counsel for

the Parties to, **WITHIN FORTY-FIVE DAYS AFTER THE DATE OF**

**THIS ORDER**, confer with one another and submit a joint proposed

summary judgment briefing schedule to the Court.

IT IS SO ORDERED, this the __ day of September, 2015.

_____
UNITED STATES DISTRICT JUDGE

7