IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| GEORGIACARRY.ORG, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. ARMY CORPS OF ENGINEERS, et al., <br><br> Defendants. | CIVIL ACTION FILE NO. <br><br> 4:14-CV-139-HLM (consolidated with 4:15-CV-009-HLM) |

**MOTION OF EVERYTOWN FOR GUN SAFETY
FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF AND APPENDIX IN
SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
AND FOR LEAVE TO EXCEED PAGE LIMITS**

Everytown for Gun Safety ("Everytown") respectfully seeks leave to file a brief as *amicus curiae* in support of Defendants' motion for summary judgment, to provide the Court with an in-depth analysis of the historical support for the Army Corps of Engineers' regulation at issue in this case. A copy of the proposed amicus brief is attached hereto as Exhibit A. For the convenience of the Court, Everytown also seeks leave to file an appendix including copies of the English, Colonial, and early American firearm statutes referenced in the proposed amicus

1

brief, since many of these statutes may not otherwise be readily available. A copy of the proposed appendix is attached hereto as Exhibit B. Finally, as the proposed amicus brief is 32 pages in length and exceeds the 25-page limit ordinarily applicable under the Court's rules, Everytown seeks leave to file a brief exceeding the page limit.

Counsel for Everytown conferred prior to filing this motion with counsel for the parties. Defendants' counsel consented to this motion, but Plaintiffs' counsel declined to consent.

## I. EVERYTOWN HAS SUBSTANTIAL INTEREST AND EXPERTISE IN THE ISSUES INVOLVED IN THIS CASE.

Everytown is the largest gun-violence-prevention organization in the country. It has more than three million supporters nationwide, including more than 120,000 Georgia residents and the mayors of 12 Georgia cities. Everytown was launched in 2014 by two predecessor organizations: Mayors Against Illegal Guns, which was founded in 2006 by mayors from fifteen cities concerned about gun violence; and Moms Demand Action for Gun Sense in America, which was founded in response to the shooting at Sandy Hook Elementary School in Newtown, Connecticut, in 2012.

Everytown is dedicated to reducing gun violence and to building safer communities. Everytown seeks to improve public understanding of the causes of

gun violence and the best means to reduce it by conducting original research, developing evidence-based policies, and communicating this knowledge to the American public. As part of this effort, Everytown has devoted substantial resources to researching the history of firearms regulation, and seeks to assist courts faced with Second Amendment issues by presenting the courts with relevant, sometimes overlooked historical materials. Everytown has thus filed amicus briefs outlining this history in four recent Second Amendment cases in the Courts of Appeals.[1]

In light of the Eleventh Circuit's suggestion in this case that the historical background of Plaintiffs' Second Amendment claim be developed on remand, *see GeorgiaCarry.Org v. U.S. Army Corps of Engineers*, 788 F.3d 1318, 1327 (11th Cir. 2015) [hereinafter "*GeorgiaCarry III*"], the history outlined in Everytown's proposed amicus brief will be particularly helpful to the Court. Everytown's expertise in the history of firearms regulation and its commitment to ensuring that Second Amendment issues are considered in their proper historical context give it a strong interest in this case.

---

[1] *See Wrenn v. District of Columbia*, No. 15-7057, 2015 WL 8746334 (D.C. Cir. Dec. 15, 2015), ECF No. 1572443; *Peruta v. San Diego*, 742 F.3d 1144 (9th Cir.), ECF No. 257, *rehearing en banc granted*, 781 F.3d 1106 (9th Cir. 2015); *Silvester v. Harris*, No. 14-16840 (9th Cir.) (pending), ECF No. 34; *Colorado Outfitters v. Hickenlooper*, No. 14-1290 (10th Cir.) (pending), ECF No. 10268357.

## II. THE PROPOSED BRIEF IS TIMELY, AND WILL PROVIDE THE COURT WITH VALUABLE HISTORICAL BACKGROUND.

Although there is no formal rule governing the filing of amicus briefs in the federal district courts, this Court possesses the authority to accept amicus briefs. *Georgia Aquarium, Inc. v. Pritzker*, --- F. Supp. 3d ----, No. 1:13-CV-3241-AT, 2015 WL 5730661, at *4 (N.D. Ga. Sep. 28, 2015) (citing *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006)).  Courts typically do so where amici will "'contribute to the court's understanding of the matter in question' by proffering timely and useful information." *Id.* (quoting *Conservancy of Southwest Fla. v. U.S. Fish & Wildlife Serv.*, No. 2:10-cv-106, 2010 WL 3603276, at *1 (M.D. Fla. Sep. 9, 2010)).  And courts have found amicus briefs timely when filed within seven days of the motion being supported, consistent with Rule 29(e) of the Federal Rules of Appellate Procedure.  *See, e.g.*, *id.*

Everytown respectfully submits that this motion and proposed brief are therefore timely filed.  Defendants' motion for summary judgment was filed one week ago, on December 23, 2015.  Plaintiffs have until March 9, 2015, to file their opposition and cross-motion.  Accordingly, granting this motion should not delay the proceedings in any way.

Everytown further asserts that this brief would be particularly useful to the Court at this stage of the litigation.  When assessing challenges under the Second

Amendment, the Eleventh Circuit has "followed [the Supreme Court's] command to consider the historical background of the Second Amendment." *GeorgiaCarry III*, 788 F.3d at 1324 (quotation marks omitted).  Indeed, in this case, the Eleventh Circuit expressly suggested that a historical analysis of the Plaintiffs' Second Amendment claim be developed on remand.  *See id.* at 1327 (noting, in affirming this Court's denial of a preliminary injunction, that "although our caselaw instructs that we must look to history in evaluating a Second Amendment claim, none of the parties before this Court have provided any historical evidence to inform our analysis").  Everytown respectfully submits that its proposed brief contains the historical analysis suggested by the Court of Appeals.  Since this historical background is not addressed in the Government's moving papers, Everytown believes that its brief will be of substantial assistance to the Court in considering Plaintiffs' Second Amendment claims.[2]

---

[2] The proposed brief presents the Court with legislative, judicial, and administrative materials, as well as scholarly sources, outlining historic firearms regulations, which the Court can properly consider even without judicial notice. To the extent the brief contains reference to any "adjudicative facts," however, the Court can properly take judicial notice of these matters.  *See* Fed. R. Evid. 201(a)-(b) & Advisory Committee's Note; *see also, e.g.*, *Shibley v. JPMorgan Chase Bank, N.A.*, No. 1:14-CV-1728-WSD, 2015 WL 576592, at *1 (N.D. Ga. Feb. 11, 2015) (taking judicial notice of official records); *Linan v. Carnival Corp.*, No. 09-22849-CV, 2010 WL 1956801, at *1-*2 (S.D. Fla. Apr. 22, 2010), *report and recommendation adopted*, No. 09-22849-CIV, 2010 WL 1956805 (S.D. Fla. May 14, 2010) (differentiating adjudicative facts from legislative facts).  Indeed, in this

### III. A BRIEF OF 32 PAGES IS NECESSARY TO ADEQUATELY DETAIL THE HISTORICAL RECORD.

Civil Local Rule 7.1(D) provides that "[a]bsent prior permission of the court, briefs filed in support of a motion or in response to a motion are limited in length to twenty-five (25) pages."  LR 7.1(D), NDGa.

Everytown respectfully seeks leave to file its proposed amicus brief of 32 pages in length, seven pages in excess of the ordinary limit.  Everytown submits that the additional length is necessary here, to provide the Court with the detailed historical account required by the Supreme Court and the Eleventh Circuit in addressing Second Amendment claims.  The proposed brief outlines the history of seven centuries of government regulations on carrying weapons in public areas, including areas of recreation, dating back to the Statute of Northampton of 1328, and tracing the relevant history through English history, colonial American history, and U.S. history since adoption of the Constitution.  The brief also traces the history of similar federal regulations on carrying of firearms in national parks and recreation areas.  These sources were not addressed in Defendants' motion for

---

Court's Order of September 1, 2015, the Court recognized that it could take judicial notice of materials the Eleventh Circuit asked this Court to consider on remand.  *See* Order 5, Sep. 1, 2015, ECF No. 35 ("[M]any of the questions posed by the United States Court of Appeals for the Eleventh Circuit in its opinion addressing Plaintiffs' Motion for Preliminary injunction would be the prop[er] subject of judicial notice . . . ." (quotation marks omitted)).

6

summary judgment. Everytown respectfully submits that the modest additional page length that it is requesting here is necessary to permit its brief to develop an adequate historical record for the Court's analysis.

IV. **THE PROPOSED APPENDIX WILL PROVIDE THE COURT WITH A HELPFUL COLLECTION OF THE HISTORICAL STATUTES CITED OR DISCUSSED IN THE PROPOSED BRIEF.**

Finally, Everytown respectfully requests leave to file an appendix to its amicus brief that will include copies of the historical English, Colonial, State, and Federal statutes cited in the brief. Much of this material is very old and hard to find, and may not be readily available to the Court. The purpose of filing the proposed appendix is to make it as easy as possible for the Court to locate and review the text of the historical materials cited in the brief.

## CONCLUSION

For the foregoing reasons, Everytown respectfully requests that this motion for leave to file its proposed brief and appendix be granted.

December 30, 2015               Respectfully submitted,

*/s/ Mary Helen Wimberly*
Mary Helen Wimberly (Bar No. 945127)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600
maryhelen.wimberly@hoganlovells.com
*Counsel for Everytown for Gun Safety*

**OF COUNSEL**

Ira M. Feinberg
David Dunn
Suzanne Novak
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
(212) 918-3000

Alexander Bowerman*
HOGAN LOVELLS US LLP
1835 Market St., 29th Floor
Philadelphia, PA 19103
(267) 675-4600
* *Admitted only in California.*

J. Adam Skaggs
Mark Anthony Frassetto
EVERYTOWN FOR GUN SAFETY
P.O. Box 4184
New York, NY 10163

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 5.1 of the U.S. District Court for the Northern District of Georgia, I hereby certify that the foregoing brief has been composed using Times New Roman 14-point font, double-spaced, with a top margin of 1.5 inches and remaining margins of 1 inch.

December 30, 2015                                            Respectfully submitted,

/s/ Mary Helen Wimberly

Mary Helen Wimberly
(GA Bar No. 945127)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600
maryhelen.wimberly@hoganlovells.com

*Counsel for Amicus Curiae*
*Everytown for Gun Safety*

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2015, I filed the foregoing via CM/ECF with the Clerk of the Court, thereby causing notification to be sent to the attorneys of record.

December 30, 2015                             Respectfully submitted,

/s/ Mary Helen Wimberly

Mary Helen Wimberly
(GA Bar No. 945127)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600
maryhelen.wimberly@hoganlovells.com

*Counsel for Amicus Curiae
Everytown for Gun Safety*