**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

GEORGIACARRY.ORG, INC.,

et al.,

Plaintiffs,

v.

U.S. ARMY CORPS OF
ENGINEERS,

et al.,

Defendants.

CIVIL ACTION FILE NO.

4:14-CV-139-HLM (consolidated with
4:15-CV-009-HLM)

---

## APPENDIX OF HISTORICAL LAWS OF
### *AMICUS CURIAE* EVERYTOWN FOR GUN SAFETY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

## APPENDIX OF HISTORICAL LAWS

**English statutes and royal proclamations**

13 Edw. 1, 102 (1285)..................................................................App. 1

7 Edw. 2, 170 (1313)..................................................................App. 2

Statute of Northampton, 2 Edw. 3, 258, ch. 3 (1328) .........................App. 3

7 Ric. 2, 35, ch. 13 (1383)..........................................................App. 4

20 Ric. 2, 93, ch. 1 (1396)..........................................................App. 5

**Early American enactments of the Statute of Northampton**

1694 Mass. Laws 12, no. 6............................................................App. 6

1786 Va. Laws 33, ch. 21............................................................App. 9

1792 N.C. Laws 60, ch. 3............................................................App. 10

1795 Mass. Laws 436, ch. 2..........................................................App. 14

1801 Tenn. Laws 710, § 6............................................................App. 15

1821 Me. Laws 285, ch. 76, § 1 .....................................................App. 16

1852 Del. Laws 330, ch. 97, § 13 ...................................................App. 22

**Other colonial-era American laws**

1686 N.J. Laws 289, ch. 9............................................................App. 30

**American good-cause variants of the Statute of Northampton**

1836 Mass. Laws 750, § 16...........................................................App. 32

1838 Wisc. Laws 381, § 16...........................................................App. 36

1841 Me. Laws 709, ch. 169, § 16 ..................................................App. 37

1846 Mich. Laws 690, ch. 162, § 16 ................................................App. 38

1847 Va. Laws 127, ch. 14, § 16 ..................................... App. 41

1851 Minn. Laws 526, ch. 112, § 18 ............................... App. 44

1853 Or. Laws 218, ch. 16, § 17 ..................................... App. 48

1861 Pa. Laws 248, 250, § 6 ........................................... App. 51

1870 W. Va. Laws 702, ch. 153, § 8 ............................... App. 70

1871 Tex. Laws 1322, art. 6512 ...................................... App. 73

### Southern "lash and pistol" laws

1854 Ala. Laws 588, § 3272 ........................................... App. 76

1861 Ga. Laws 859, § 4413 ............................................. App. 80

### Post-Civil-War enactments of Northampton-style laws

1869 N.M. Laws 312, § 1 ................................................ App. 81

1875 Wyo. Laws 352, ch. 52, § 1 ................................... App. 84

1889 Ariz. Laws 16, ch. 13, § 1 ..................................... App. 85

1889 Idaho Laws 23, § 1 ................................................ App. 86

1905 Minn. Laws 620, ch. 344 § 53 ............................... App. 87

1917 Wis. Sess. Laws 1243, ch. 668 § 29.57 .................. App. 89

1921 N.C. Sess. Laws 53, ch. 6 § 3 ................................ App. 92

### American municipal ordinances

Boulder City, Colo., Ordinance no. 511 (1899) ............. App. 95

Case 4:14-cv-00139-HLM   Document 47-2   Filed 12/30/15   Page 5 of 99

*Right of Tithes; and Patronage.*

And if Debate hang in a Spiritual Court for the Right of Tithes, having his Original from the Right of the Patronage, and the Quantity of same Tithes do pass the fourth part of the value of the Benefice, a Prohibition shall lie.

*Pecuniary Penance.*

Also if a Prelate enjoin Penance pecuniary to any Man for his Sin, if the Money be demanded before Prelates, a Prohibition shall lie.

*Amends for Violence to a Clerk.*

And if any lay violent Hands on a Clerk or Lay-Brother for the (¹) Peace broken, Amends shall be made before the King, and for the Excommunication before a Bishop or Prelate; and if a Corporal Penance be enjoined, which (²) the Offender will (³) redeem by giving Money to the Prelate, or to the Party grieved, a Prohibition shall not lie.

*Defamation.*

In Causes of Defamation, Prelates may freely correct the King's Prohibition notwithstanding; first enjoining a Corporal Penance, which, if the Party will redeem, the Prelate may lawfully receive the Money, though the Prohibition be shewed.

¹ *King's*          ² *if*          ³ *he may*

---

Itesſi si contencio sit (¹) de jure decimaꝑ, originê ſtena de jure patronatus, & eas decimaꝑ q̃ntitas excedat quartam partem eccſie, locû ꜧet Regia prohibicio.

Item si Prelatus imponat penâ pecuniariam alicui ꝑ p̃cô & penat illam pecuniaꝛ, locô ꜧet Regia pꜧibicio, si coram Prelatis pecunia exigat'.

Item si quis manus violentes injecit in clicum, (¹) ꝑ (²) pace Dłi Regis debent emende fieri coram Rege; ꝑ excôicacione vero coram (¹) Eꝑo, & si imponat' penâ corporalis, quam si reus velit redisſte dando p̃lato vel leso pecuniam potest, nec in ꝛtib' locus est pꜧibiciô.

In diffamacionib' [libos¹] corrigant Prelati regia prohibicione non obstante, [licet porrigat'.²]

¹ in Curia Christianitatis          ³ vel conuersum,
² violata          ⁴ prelato vel          ⁵ libere
⁶ prius injungendo peram corporalem, quam si reus redimere velit libere recipiat prelatus pecuniam, licet prohibitio porrigatur.

---

## Statuta Civitatis London.

## STATUTES FOR THE CITY OF LONDON.

*None shall walk the Streets armed, after Curfew, &c.*

THESE be the Articles which Our Lord the King doth command to be well kept in his City of London, for the keeping and maintenance of his Peace.

First, Whereas many Evils, as Murders, Robberies, and Manslaughters have been committed heretofore in the City by Night and by Day, and People have been beaten and evil intreated, and divers other Mischances have befallen against his Peace; It is enjoined that none be so hardy to be found going or wandering about the Streets of the City, after Curfew tolled at St. Martins le Grand, with Sword or Buckler, or other Arms for doing Mischief, or whereof evil suspicion might arise; nor any in any other Manner, unless he be a great Man or other lawful Person of good repute, or their certain Messenger, having their Warrants to go from one to another, with Lanthern in hand. And if any be found going about contrary to the Form aforesaid, unless he have cause to come late into the City, he shall be taken by the Keepers of the Peace and be put into the place of confinement appointed for such Offenders; and on the morrow he shall be brought and presented before the Warden, or the Mayor of the City for the Time being, and before the Aldermen; and according as they shall find that he hath offended, and as the Custom is, he shall be punished.

*Taverns shall not be open after Curfew, &c.*

And Whereas such Offenders as aforesaid going about by Night, do commonly resort and haunt their Meetings and hold their evil talk in Taverns more than elsewhere, and there do seek for shelter, lying in wait, and watching their time to do Mischief; It is enjoined that none do keep a Tavern open for Wine or Ale, after the tolling of the aforesaid Curfew; but they shall keep their Tavern shut after that hour, and none therein drinking or resorting; Neither shall any Man admit others in his House except in common Taverns, for whom he will not be answerable unto the King's Peace. And if any Taverner be found doing the contrary, the first time he shall be put in pledge by his Tavern drinking cup, or by other good pledge there found, and be amerced forty-pence; and if he be found a second time offending, he shall be amerced half a mark; and the third time Ten Shillings; and the fourth time he shall pay the whole Penalty double, that is to say, Twenty Shillings: And the fifth time he shall be forejudged of his Trade for ever.

---

*Ex magno Rot. Stat. in Turr. Lond. m. 43, in Cedula.*

CES sont les Articles le queus nre Seign' le Rey Comaunde q̃ bien seient gardez en sa Citee de Loundres, p' sa pes garder e meyntenir. Primeremēt p' ceo q̃ multz des mals com des murdres, Robberyes, e homycides sont este fetz ça en arrere deinz la Citee de nuyt e de Jour, e gentz Batues e mal tretes, e aut's div̄ses aventures de mal avenuz encontre sa pes; Defendu est q̃ nul seit si hardi estre trove alaunt ne wacraunt ꝑ my les Ruwes de la Citee, aꝑs Coeverfu psone a Seint Martyn le g̃nt, a Espeye ne a Bokuyler ne a autre arme p' mal fere, ne dcount mal supecion poet avenir; ne en autre maꝭe nule, sil ne seit g̃nt Seign' ou altre prodome de bone conysaunce, ou lour ꝛteyn message q̃ de els serra garaunty q̃ vount li un a lautre ꝑ conduyte de Lumere. E si nul seit trove alant encontre la fourme avaundite, ou q̃ il seit encheson de tart venir en vyle, seit p's ꝑ les Gardeyns de la pes e seit mys en Le Tonel, la quel p' tiels messeours est assigne, e Lendemeyn seit amene e p̃sente devant le Gardeyn ou le Meyre de la Citee q̃ p' tens serra, e devant les Aldermans, e solong ceo q̃ il troveront qil eit trespasse e a ceo seit coustumers seit puny. E ꝑ ceo q̃ tiels messeours avaundiz, alant nutauntre, communalment ont lour Recet e lour Coeynes, e font lour mauveyses purparlances en taverne plus q̃ aillours, e illokes querent umbrage attendanz e geitant lor tens de mal fere; Defendu est q̃ nul ne tiegne taverne overte de Vyn ne de Cerveyse aꝑs le Coeverfu avandit psone; mes q̃ il tiegne sa taverne close aꝑs cel houre, e nul leinz Bevaunt ne recettant ne en sa mesoun hors de Communes tavernes nul ne recette p' quy il ne voillit estre respoignant a la pes le Rey. E si nul tav̄ner seit trove q̃ autrement faceo, primerement seit deg̃ge ꝑ soen Hanap de la Tav̄ne, ou p'autre bon gage leinz trove, e seit anꝭeye a quaraunte deniers; E si altre fiez seit trove q̃ ceo faceo, seit anꝭeye a demy mark e a la tierce fiez a dys souz; e a la quarte fiez pait tute la peyne double, cest ass̄' vynt souz. E la quynte fiez seit forsjugge del mestier p' tutz jourz.

**Ex Rot. Pat. 7 Ed. II. P. 1. m. 14. in Cedula.**[*]

*That none be molested for the Return of Piers de Gaveston.*

THE King to All who these Letters shall see or hear, Greeting. Know Ye that in our Parliament at Westminster, the Sunday next after the Feast of St. Matthew the Apostle, in the Seventh year of our Reign, for certain and expedient Causes, It was provided and granted by Us, and by the Archbishops, Bishops, Abbots, Priors, Earls, and Barons, and all the Commonalty of our Realm, there being at our command, with one accord assented and agreed; That no one, of what estate or condition soever he be, in any time to come be challenged, taken, nor imprisoned, hindered, molested, nor aggrieved, nor into judgement brought by Us, nor by any other at our Suit, nor at the Suit of any other whomsoever, in our Court nor elsewhere, by reason of the return of Monsieur Piers de Gaveston into England, nor of any Aid, Maintenance, Adherance, nor of any Counsel nor Receipt of him, nor Alliance made with him, or for him, by writing or otherwise, nor by reason of tarrying in his Company or Service in any time passed heretofore. And We will that this Grant and Accord be affirmed and established in all its Points, and that each of them be holden and kept for ever. In Witness whereof, &c. Given as above.

*De eodem negotio.*

LE Roy, a tuz ceux, qi cestes lres vront, ou orront Salutz. Sachetz, qen nre plement, cõmence a Westmoistier le dimeynch pchein aps la feste de Seint' Matheu le Apostle, en lan de nre regne septiame, p ceines & covenables enchesons, p'veu est & gnte p no°, & p - - Ercevesqs, Evesqs, Abbes, Priours, Contes & Barons, & tote la cõmunalte de nre roiaume, illoeqs a nre maundement, uniement assentuz & acorde; q nul de quel estat, ou condicion qil soit, en nul temps avenir, soit chalange, pis, ne enpsonetz, empeschez, molestez, ne grevez, nen jugement menez, p no°, ne p autre a nre suite, ne a suite Jautri, qi qil soit, en nre Court ne nulle pt aillors, p encheson du revenir de monf Piers de Gavestoñ en Englerre, ne de eide, meintenaunce, aerdaunce, ne de conseil, ne de recette de li, ne dalliaunce fait a li, ou por li, p escrit ou autrement, ne p' encheson de demorer en sa compaignie, ne en rvice, en nul temps passe cea en arrieres. E volons q ce gnt & acord soit ferm & estable en touz sez pointz, & chescun de eux soit tenu & garde a ppetuite. En tesmoigñ, &c. Doñ ut sup².

---

* This follows on the Patent Roll immediately after the Article given in the Note in page 169. In the Old Printed Copies this Article is intituled " Ne quis occasionetur pro reditu Petri de Gavestoñ." It begins " Edwarde par la grace de dieu &c. as toutz ceux" and ends " Donc a Westñ le vii. jour de Novembre lan de nostre reigne septime."

---

## Statutu sup' Aportam'to Armor'.[*]
### A STATUTE FORBIDDING BEARING OF ARMOUR.

*The King forbids the coming armed to Parliament, &c.*

THE King [to the Justices of his Bench,[']] sendeth Greeting. Whereas of late before certain Persons deputed to treat upon sundry Debates had between Us and certain great Men of our Realm, amongst other things it was accorded, That in our next Parliament after, Provision [shall['] be made by Us, and the common assent of the Prelates, Earls, and Barons, that in all Parliaments, [Treatises,['] and other Assemblies, which should be made in the Realm of England [for ever,['] that every Man shall come without all Force and ['] Armour, well and peaceably, to the Honour of Us, and the Peace of Us and our Realm; and now in our [next['] Parliament at Westminster, after the said Treatise, the Prelates, Earls, Barons, and the Commonalty of our Realm, there assembled [to take['] Advice of this Business, have said, that to Us it belongeth, and our part ['] is, through our Royal Seigniory, strictly to defend [Force*] of Armour, and all other Force against our Peace, at all times when it shall please Us, and to punish them which shall do contrary, according to [our "] Laws and Usages of our Realm; and ('') hereunto they are bound to aid Us as their Sovereign Lord at all Seasons, when need shall be: We command you, that ye cause these Things to be read afore you in the said [Bench,"] and there to be enrolled. Given at Westminster, the thirtieth day of October.

And It was commanded to Sir Roger Brabason and his Fellows, Justices assigned to hold the King's Pleas before him, that these things they do cause to be read before them, and there to be enrolled.

And It was commanded to the Justices of the Bench, that these things they do cause to be read before them in the said Bench, and there to be enrolled.

**Ex Rot. Pat. 7 Ed. II. P. 1. m. 14. in Cedula.**

LE Roy, au Lieutenant, le Tresorier, & as Barons del Eschekier, Salutz. Come nadguaires devant eteines psones deputees a treter s' ascun debatz, eux, entre no° & ascun de g'ntz de nre Roiaume, entre autres choses fuist acordez, q en nre pchein plement aps, p'veaunce se feist p no° & le cõmun assentement des Prelatz, Contes, & Barons, q en touz plementz, tretementz, & autres assemblerz, q se ferront en roiaume Denglerre a tuz jours, q home veigne santz tote force & saunz armes, bien & peisiblement al honur de no°, & a la pays de no° & de nre roiaume; et ja en nre [pchein'] plement a Westñ aps le ditz tretiz, les Prelatz, Contes, Barons, & la Cõmunalte de nre Roiaume illoeqs assemblez, eu avisement de ceste besoigne, no° aient dit q a no° apent, & devons p nre roiale Seignurie, defendre [portement'] darmes, & tote autre force contre nre pais, a totes les foiz q nous plerra, & punir ceux q contre vendront, selonc les leys & les usages de nre roiaume; E q a ce sont il tenuz de no° aider cõme leur bon Seign', totes les foiz q mester ra; Vo° mandons q cestes choses facetz lire devant vo° en le dit Eschekier, & illoeqs enrouler. Doñ a Westñ le xxx. jour Doctobr.

* Et maunde est a Sire Rogier le Brabançon & ses compaignons, Justices a les plets le Roy devant lui tenir assignetz, q cestes choses facent lire devant eux, & illoiq enrouler.

* Et maunde est as Justices du Bank, q cestes choses facent lire devant eux, en dit Bank, & illoeqs enrouler.

* as the Lieutenant, the Treasurer and the Barons of the Exchequer.
' should          ' Treatises          ' at all times,
' without          * Old Translations omit.    ' teshing
* it          '' wearing          "the
" that          " Exchequer
* Old Printed Copies omit.          ' fortement Old Printed Copies.

---

* This Title is in the Margin of the Roll.   In the Old Printed Copies this is intituled " Statutum de Defensione portandi Arma;" and is ascribed to the Seventh Year of King Edward I.   The English Title is from the Old Translations.

27 Ed. I. c.3.

Grandfather to our Lord the King that now is, wherein is contained, that Justices assigned to take Assises, if they be Laymen, shall make Deliverance; and if the one be a Clerk, and the other a Layman, that the Lay Judge, with another of the Country associate to him, shall deliver the Gaols: Wherefore it is enacted, That such [Justices] shall not be made against the Form of the said Statute; and that the Assises, Attaints, and Certifications be taken before the Justices commonly assigned, which should be good Men and lawful, having Knowledge of the Law, and none other, after the Form of another Statute made in the Time of the said [King Edward the First;] and that the Oyers and Terminers shall not be granted but before Justices of the one Bench or the other, or the Justices Errants, and that for great [hurt,] or horrible Trespasses, and of the King's special Grace, after the Form of the Statute thereof ordained in Time of the said Grandfather, and none otherwise.

**Justices of Assise and Gaol-delivery.**

**Oyers and Terminers.**

ITEM, It is enacted, That no Man great nor small, of what Condition soever he be, except the King's Servants in his presence, and his Ministers in executing of the King's Precepts, or of their Office, and such as be in their Company assisting them, and also [upon a Cry made for Arms to keep the Peace, and the same in such places where such Acts happen,] be so hardy to come before the King's Justices, or other of the King's Ministers doing their office, with force and arms, nor bring no force in affray of the peace, nor to go nor ride armed by night nor by day, in Fairs, Markets, nor in the presence of the Justices or other Ministers, nor in no part elsewhere, upon pain to forfeit their Armour to the King, and their Bodies to Prison at the King's pleasure. And that the King's Justices in their presence, Sheriffs, and other Ministers (*) in their Bailiwicks, Lords of Franchises, and their Bailiffs in the same, and Mayors and Bailiffs of Cities and Boroughs, within the same Cities and Boroughs, and Borough-Holders, Constables, and Wardens of the Peace within their Wards, shall have Power to execute this Act. And that the Justices assigned, at their coming down into the Country, shall have Power to enquire how such Officers and Lords have exercised their Offices in this Case, and to punish them whom they find that have not done that which pertained to their Office.

**III. Riding or going armed in Affray of the Peace.**

ITEM, Because the Peace cannot be well kept without good Ministers, as Sheriffs, Bailiffs, and Hundreders, which ought to do Execution as well of the King's Priviries as of other Things touching our Lord the King and his People; It is ordained and established, That the Statute made in the time of King Edward, Father to the King that now is, at Lincoln, containing that Sheriffs, Hundreders, and Bailiffs shall be of such People as have Lands in the same Shires or Bailiwicks, shall be observed in all Points after the Form thereof; and that Sheriffs and Bailiffs of Fee shall cause their Counties and Bailiwicks to be kept by such as have Lands therein.

**IV. The Statute of Lincoln, 9 Edw. II. concerning Sheriffs, &c. confirmed.**

ITEM, Where it was ordained by the Statute of Westminster the Second, that they which will deliver their Writs to the Sheriff, shall deliver them in the full County, or in the Rere County, and that the Sheriff or under Sheriff shall thereupon make a Bill; It is accorded and established, that at what Time or Place in the County a Man doth deliver any Writ to the Sheriff or to the Under-Sheriff, that they shall receive the same Writs, and make a Bill, after the form contained in the same Statute, without taking any Thing therefore; and if they refuse to make a Bill, other that for present shall set to their Seals; and if the Sheriff or Under-Sheriff do not return the said Writs, they shall be punished after the form contained in the same Statute; and also the Justices of Assises shall have power to enquire thereof at every Man's Complaint, and to award Damages, as having respect to the Delay, and to the loss and peril that might happen

**V. The Statute of Westminster the Second, 13 Edw. I. chapter 39. concerning the Delivery of Writs to the Sheriff, confirmed.**

¹ Commissions        ² Grandfather
² *super a Proclamation of Deeds of Arms in time of Peace, and that in Places where such Deeds are to be done;*—See Lib. Rub. Scc. Wealm. fo. 122 b. a Writ reciting a Grant of K. Richard I.   ⁴ qd Torceshira sint in Angl in v. placitis: Inf Stiff & Wilton: Inf Warrewich & Kenelingworth: Inf Stanford & Warreford: Inf Brisstol & Mireford: Inf Ble & Tykehilt.   Its qd pax fre sue ità infringat, n² protestas Justiciarii minorabit' Nec de li cessis nlis däpnä inferet'.   * *of the King*

nře Seign' le Roi qore est, en quele est contenuz q̃ les Justices as assises p̃ndre assignes sils soient lais, facent les delivrances; et si lun soit clerc, & lautre lais, q̃ le dit lais, associe a lui un autre du pais, facent la delivrance des gaols; p qoi acorde est & establi, q̃ tielx Justiceries ne soient mes g^ntees countre la forme du dit estatut, & q̃ les assises, atteintes, & c̃tifications soient p̃es devant les Justices c̃munement assignez, q̃ soient bones gentz & loialx & conissantz de la lei, & nemie autres; solonc la forme dun autre statut fait en temps meisme le ael; et q̃ les oiers & t̃miners ne soient granntees forsq̃, - - - - devant les Justices de lun Baunk & de lautre, ou les Justices errantz; & ce p' led & orrible trespas, & de lespeciale g^ce le Roi, solonc forme de statut de ce ordene en temps meisme le ael; & nemie autrement.

Ensement acorde est & establi, q̃ nul, g^nt ne petit de quele condicion q̃l soit, sauve les ũantz le Roi en la p̃sence le Roi, & les Ministres le Roi, enfesantz execucion des mandementz le Roi, ou de lour office, & ceux q̃ sont en lour compaignies, eidantz as ditz ministres, & auxint au cri de fait darmes de pees, & ce en lieux ou tielx faitz se ferront, soit si hardi de venir devant les Justices le Roi, ou autres Ministres le Roi enfesant lour office, a force & armes; ne force mesner en affrai de la pees, ne de chivaucher ne daler arme, ne de nuit ne de jour, en faires, marchees, nen p̃sence des Justices, ne dautres Ministres, ne nule part aillours, sur peine de p̃dre lour armures au Roi & de lour corps a la prisone a la volunte le Roi. Et q̃ Justices le Roi en lour p̃sences, viscountes & autres Ministres le Roi en lour baillies, seign's des fraunchises & lour baillifs en yceles, & Meire & Baillifs des Citees & Burghs deinz meismes les Citees & Burghs, Burghaldres, conestables, & gardeins de la pees deinz lour gardes, eient poair affaire execucion de cest acord. Et q̃ les Justices assignez, a lour venu en pais, eient poair denquere coment tielx Ministres & seign's ont use lour office en ce, & de punir ceux q̃ils trovont, q̃ nount mie fait ce q̃ a lour office appent.

Et p'ce q̃ la pees ne poet mie estre bien garde sauntz bons ministres, come Viscountes, Baillifs, & Hundreders q̃ deivent faire execucion, auxibien des p'vetez le Roi come dautres choses tochantes le Roi & son poeple, acorde est & establi q̃ lestatut fait en temps le Roi Edward, piere le Roi qore est, a Nicole, contenant q̃ Viscontes, Hundreders & Baillifs soient des gentz eantz t̃res en meismes les Countez, ou baillies, soit garde en touz pointz solonc la forme dycel, & auxint q̃ les Viscountes & Baillifs de fee, facent garder meismes lour Countez & Baillies p gentz eantz t̃res en yceles.

Ensement la ou ordine est, p statut de Westmonst' le secund, q̃ ceux q̃ liṽer volent lour briefs as viscountes, les liṽent en plein Counte, ou en rerecounte, & q̃ viscounte ou southviscounte facent sur ce bille; acorde est & establi q̃ a quele heure ou a quel lieu deinz le Counte home livre a viscountes, ou a southviscontes, briefs, q̃ils les rescivent & facent bille en la forme contenue en le dit estatut, & ce sanz rien p̃ndre; et sils refusent de faire bille, mettent autres lour seulx q̃ p̃ont p̃entz; et si le Viscounte ou le Southviscounte ne retorne mie les briefs, soient puniz solonc la forme contenue en le dit estatut; & jadumeins eient les Justices as assises p̃ndre assignez poair denquer de ce a chescuny pleinte & de agarder damages, eant regard au delai, & a les p̃tes & pils q̃ p̃ront avenir.

**App. 3**

Ward of Farringdon-Within may elect an Alderman, wise, sufficient, and able to govern the said Ward Within, and to be named the Aldermen of the Ward of Farringdon-Within; and that between this and the said Feast of Saint Gregory the People of the Ward of Farringdon-Without may elect another Alderman, wise, sufficient, and able to govern the said Ward Without; and to be named the Alderman of the Ward of Farringdon-Without: And that the said Two Aldermen so elected may be established and not removed, except for Cause reasonable, as is ordained and granted by our said Lord the King in this Parliament, of the other Aldermen of the said City.

garde de Farndoñ dedeins puissent eslire un Alderman sage sufficeant & able p' goverñ mesme la garde dedeins, & estre nome laldermañ de la garde de Farndoñ dedeins; et q̃ pentre cy & le dit fest de Seint Gregoire les gentz de la garde de Farndoñ dehors puissent eslire un autre Alderman sage suffic̃eant & able p' goverñ mesme la garde dehors, & estre nomez laldermañ de la garde de Farndoñ dehors.  Et q̃ les ditz deux Aldermans issint eslux puissent estre establiz & nemye removez si noun p cause resonable, come ordeinez est & g̃ntes p n̄re dit s' le Roi en cest plement des aut̃s Aldermans du dite Citee.

For the proclaiming the Statute.

THE King to the Sheriff of Kent, Greeting.  A certain Statute, in our last Parliament holden at Westminster, by Us with the Assent of the Great Men and Commons of our Realm of England there assisting Us, made, We do send to you in Form Patent; Commanding that the same Statute and all and singular the Articles in the same contained, in the Cities, Boroughs, Market Towns, and other Places within your Bailiwick, where you shall see it to be most expedient, you do cause to be publicly proclaimed, and as far as in you lieth, to be firmly and inviolably observed.  Witness the King at Westminster, the first Day of June.

By the King Himself and Council.

Like Writs are directed to the several Sheriffs throughout England; and to John Duke of Aquitain and Lancaster, or to his Chancellor in the same Duchy of Lancaster, under the same Date.

R̃ Vic̃ Kanc̃, saltm.  Quoddam statutum in ultimo pliamento ñro apud Westm̃ tento p nos de assensu Magnatum & Cõitatis regni ñi Angl̃ nobiscum ibidem tunc assistenciū editū t̃bi mittim9 in forma patentï; Mandantes qd Statutum illud ac oẽs & singulos articulos in eodem contentos, in Civitatibus Burgis Villis M̃rcatoriis & aliis locis infra balliṽ tuam ubi melius expedir̃i videris, publice p̃clamari & quantum ad te ptiñet firmit̃ & inviolabilit̃ observari fac̃.  T. R̃. apud Westm̃ primo die Junii.

p ipm̃ Regem & consilium.

Consimilia br̃ia dirigunt' singulis Vicecomitib; p Angl̃; ac Johi Duci Aquit̃ & Lancast̃ vel ejus Cancellario in eodem Ducatu Lancast̃ sub eadem data.

D p̃clamc̃õe statuto p̃clamand.

---

## Anno 20° RICARDI, II.   A.D. 1396-7.

### Statutū de Anno vicesimo.

### STATUTE of the TWENTIETH YEAR.

In Margine Rotuli.

*Ex Rot. Stat. in Turr. Lond. II. m. 4.*

THE KING at his Parliament holden at Westminster in the Feast of Saint Vincent, the Twentieth Year of his Reign, by the Assent of the Prelates, Lords, and Commons of his Realm [of England,] assembled in the same present Parliament, for the Quietness and Tranquillity of his People, hath made certain Statutes and Ordinances in the Form which followeth:

Recital of St. 7 R. II. c. 13.

FIRST, Whereas in a Statute made the Seventh Year of the Reign of the King that now is, it is ordained and assented, That no Man shall ride armed within the Realm, against the Form of the Statute of Northampton thereupon made, nor with Launcegays within the same Realm; and that the said Launcegays shall be utterly put out within the said Realm, as a Thing prohibited by the King, upon Pain of Forfeiture of the same Launcegays, Armours, or any other Harness, in the Hands and Possession of them that bear them, from henceforth within the same Realm against the same Statutes and Ordinances, without the King's special Licence:

LE ROY en son parlement tenuz a Westm̃ en la feste de Seint Vincent lan de son roialme vintisme, del assent des Prelatz s'rs & Cõmunes de son roialme en mesme le parlement, pur quiete & t̃nquillite de son poeple ad fait c̃teins estatutz & ordenances ensuient.

Primement, come en un estatut fait lan septisme du regne ñre Seignur le Roy soit ordeignez & assentuz q̃ nuℓℓ hõme chivache deinz le Roialme armez contre la fourme de lestatut de Norhamptoñ sur ce fait, ne ovecq̃ lancegaye deinz mesme le roialme, et q̃ les ditz lancegayes soient de tout ouastez deinz le dit Roialme, come chose defendue par le Roy sur peyne de forfaiture dicelles lancegayes armures & aut̃s hernoys quelconques, es mayns & possessioñ dycelx qui les port̃a delors deinz mesme le Roialme encontre ycelles estatutz & ordenances sanz especialle congie du Roy:

Case 4:14-cv-00139-HLM   Document 47-2   Filed 12/30/15   Page 9 of 99

Nře Seignur le Roy considerant le g'nt clamour a luy fait en cest p'sent plement de ce q̃ le dit estatut nest mye tenuz, Si ad ordeignez & establiz en mesme le plement q̃ les ditz estatutz soient pleinement tenuz & gardez & duement executz; et q̃ les ditz lancegayes soient tout ou't'ment oustez sur la peine contenue en le dit estatut de Northampton̈ & outre de fair fyn & ranceon au Roy. Et outre ce q̃ null ł', Chivaler nautre petit ne g'nt aile ne chivache p noet ne jour armez ne porte Palet ne chapelt de ferre nautre armure sur la peine susdite; Sauvez & exceptz les office & Miñistres du Roy enfaisantz leur offices. Et outre ce le Roy voet & ad ordeignez q̃ lestatut fait ł'an de son regne pristie de li't'ee des Chaperons soit tenuz & gardez sur la peine contenue en mesme lestatut & sur peine destre emprisonez & de fair fyn & ranceon au Roy.

Item q̃ Vadletz appellez Yomen ne null au'l de meindre estat qesquier ne use ne porte null signe ne li't'ee appelle li't'ee de compaignie dascun ł' deins le roialme, sil ne soit menial & familier ou officer contiñuel de son dit ł' et q̃ les Justices de la pais' aient poair denquer de ceux qi font a lencontre & de les punir selonc leur discrecion.

Item le Roy voet & defende q̃ null ł' nautre du pais petit ne g'nt ne soit seant en Bank oveqᶜ les Justices as assises p̃ndre en leur sessions es Countees Denglet're sur grief forfaiture'v'e le Roy; Et ad chargez ses ditz Justices qils ne soeffrent le contraire estre fait.

Item q̃ come il soit contenuz en un estatut de ł' Edward nadgairs Roy Denglet're Aiel a nře ł' le Roy qorest łan de son regne vynt & oetieme, q̃ nulle maňe de nief q̃ soit frette de't's Englet're ou aillours soit artez de venir a nul port Denglet're ne y dem'er contre le gree des Mestres & Mařiňa dicelle, ou des Marchantz as queux les biens sont, et si tielx niefs veignent de gree ou soient chacez p tempeste ou au'l ïnfortune ou meschief a aecun port Denglet're & les Meistres & mařiňa ou Marchantz de mesmes les niefs voillent vendre & deli't'er pʼie de leur ł'chandises p loure bone voluntee, bien lise a chescuny tieles ł'chandises achatre franchement sanz empeschement en le port ou tieles niefs viendront, tout ne soient les ł'chandises mises a la t're pur vendre; Et q̃ les Meistres Mařiňa & Mařchantz, apᵉᵈ ce qils a'v'ont issint venduz ce q̃ lour plerra de leur ditz biens & paie ent la custume, puissent f'unchement deptier & aler ove lour niefs & tout le remenant de lour bñs pla ou lour plerra sanz custume ent paier: Nře Seignur le Roy p̃ la quiete & ease de son poeple voet q̃ le dit estatut soit tenuz & gardez en toute pointz & duement executez nient contresteant aecune ordeignance ou usage a contr'ie.

Item pur ce q̃ les Cõmunes cunt fait compleint q̃ plusours g'ntz meschiefs extorsions & disease sont faitz p di't'ses gentz de mauveis condicion q̃ de leure au'l'oritee demesne p̃ignont & font p̃ndre roialment chivalx & au'ᵈ choses & bestes hors de leur charues charettes & mesons, disantz & imaginantz qils sont a chivaucher en hastifs messages ou bosoignes, la ou en ᵛ'ite ils ne sont aucunement privez de nulle bosoigne ou message, mes soulement en deceite & subtilite p' p̃ndre chivalx

Our Lord the King, considering the great Clamour made to him in this present Parliament, because that the said Statute is not holden, hath ordained and established in the said Parliament, That the said Statutes shall be fully holden and kept, and duly executed; and that the said Launcegayes shall be clear put out upon the Pain contained in the said Statute of Northampton, and also to make Fine and Ransom to the King. And moreover, that no Lord, Knight, nor other, little nor great, shall go nor ride by Night nor by Day armed, nor bear ['Sallet'] nor Skull of Iron, nor [of ⁴] other Armour, upon the Pain aforesaid ; save and except the King's Officers and Ministers in doing their Office. And Moreover, the King will and hath ordained, that the Statute made the First Year of his Reign, of Liveries of Hats, shall be holden and kept upon the Pain contained in the same Statute, and upon Pain to be imprisoned, and make Fine and Ransom to the King.

ITEM, That no Varlets called Yeomen, nor none other of less Estate than Esquire, shall use nor bear no [Sign of Livery ⁵] called Livery of Company of any Lord within the Realm, unless he be menial and familiar or continual Officer of his said Lord. And that the Justices of the Peace shall have Power to enquire of them, which do to the contrary, and them to punish according to their Discretion.

ITEM, The King doth will and forbid, That no Lord, nor other of the Country, little nor great, shall sit upon the Bench with the Justices to take Assises, in their Sessions in the Counties of England, upon great Forfeiture to the King ; and hath charged his said Justices, that they shall not suffer the contrary to be done.

ITEM, Whereas it is contained in a Statute of the late King Edward, Grandfather to the King that now is, the xxviij Year of his Reign, That no Manner of Ship, which is freighted toward England, or elsewhere, shall be compelled to come to any Port of England, nor there to tarry against the ['Agreement'] of the Masters and Mariners of the same, or of the Merchants to whom the Goods be ; and if such Ships come of their own Good-will, or be driven by Tempest, [Casualty, or other Misfortune, ⁵] to any Port of England, and the Masters or Mariners, or Merchants of the same Ships, will sell or deliver Part of their Merchandizes with their Good-will, it shall be lawful to every Person to buy such Merchandizes freely without Impeachment in the Port where such Ships shall come, albeit the Merchandizes be not [put to Sale to the Land ; ⁴] And the Masters, Mariners, and Merchants, after that they have so sold so much as pleaseth them of their said Goods, and the Custom thereof paid, may freely depart and go with their Ships, and all the Remnant of their Goods, where it shall please them, without paying thereof Custom : Our said Lord the King, for the Quietness and Ease of his People, willeth, That the said Statute shall be holden and kept in all Points, and duly executed, notwithstanding any Ordinance or Usage to the contrary.

ITEM, Forasmuch as the Commons have made Complaint, that many great Mischiefs, Extortions, and Oppressions be done by divers People of evil Condition, which of their own Authority take and cause to be taken royally Horses and other Things, and Beasts out of their Wains, Carts, and Houses, saying and devising that they be to ride on hasty Messages and Business, where of truth they be in no wise privy of any Business or Message, but only in Deceit and Subtilty by such Colour

*Marginal notes (right):*

Confirmation thereof.

No Man shall ride or go armed.

The Statute 1 Ric. II. c. 7, touching giving of Liveries, confirmed.

II.
Liveries of Companies restrained.

III.
None shall sit upon the Bench with Justices of Assise.

IV.
Recital of St. 28 Edw. III. chapter 13, concerning Merchants Strangers.

Confirmation thereof.

V.
Penalty for taking Horses, &c. for the King's Service, without Warrant.

*Footnotes:*

¹ *Prestie*    ² Omit this word.    ³ *Badge or Livery*    ⁴ *Will* or other Misfortune or Mischief,    ⁵ put to lind, to sell.

**One Half of the Fines and Forfeitures to be unto Their Majesties, and the other Half to the Informers.**

AND further it is Enacted by the Authority aforesaid, That all Fines, Penalties, and Forfeitures arising by force and virtue of this Act, shall be, the one Half to Their Majesties, towards the Support of the Government of this Province, and the other Half to him or them that shall inform and sue for the same in any of Their Majesties Courts of Record within this Province.

**Measures of Salt, and Culler of Fish.**

BE it further Enacted by the Authority aforesaid, That there be a Measurer of Salt, and Culler of Fish in every Sea-port Town within this Province, to be appointed, as aforesaid, who being likewise sworn for the faithful Discharge of that Office, shall cull all merchantable Fish, and measure all Salt that shall be imported and sold out of any Ship or other Vessel, and shall have Three-half Pence for every Hogshead of Salt by him so measured, to be paid, the one Half by the Buyer, the other Half by the Seller; and One Peny *per* Quintal for every Quintal of merchantable Fish by him culled, to be paid, one Half by the Buyer, and the other Half by the Seller.



**Nᵒ 6.**

**Confirm'd 22 Aug. 1695.**

## An Act for the Punishing of Criminal Offenders.

**Cursing and Swearing.**

BE it Enacted and Ordained by the Governor, Council, and Representatives, in General Court Assembled, and by the Authority of the same, That if any Person or Persons shall prophanely Swear or Curse in the hearing of any Justice of the Peace, or shall be thereof convicted by the Oaths of Two Witnesses, or Confession of the Party, before any Justice or Justices of the Peace, every such Offender shall forfeit and pay unto the Use of the Poor of the Town where the Offence shall be committed, the Sum of Five Shillings; and if the Offender be not able to pay the said Sum, then to be set in the Stocks, not exceeding Two Hours: And if any Person shall utter more prophane Oaths or Curses at the same time, and in hearing of the same Person or Persons, he shall forfeit and pay to the Use aforesaid, the Sum of Twelve Pence for every Oath or Curse after the first, or be set in the Stocks Three Hours.

**Exemption.**

PROVIDED, That every Offence against this Law shall be complained of, and proved, as aforesaid, within Thirty Days next after the Offence committed.

**Drunkenness.**

FURTHER it is Enacted by the Authority aforesaid, That every Person convicted of Drunkenness by View of any Justice of Peace, Confession of the Party, or Oaths of Two Witnesses, such Person so convicted, shall forfeit and pay unto the Use of the Poor of the Town where such Offence is committed, the Sum of Five Shillings for every such Offence; and if the Offender be unable to pay the said Sum, to be set in the Stocks, not exceeding Three Hours, at the Discretion of the Justice or Justices before whom the Conviction shall be: And upon a second Conviction of Drunkenness, every such Offender, over and above the Penalty aforesaid, shall be bound with Two Sureties in the Sum of Ten Pounds, with Condition for the good Behaviour; and for want of such Sureties, shall be sent to the Common Goal until he find the same.

PROVIDED, That no Person shall be impeached or molested for any Offence against this Act, unless he shall be thereof Presented, Indicted, or Convicted, within Six Months after the Offence committed; and the Justice or Justices before whom Conviction of any of the aforesaid Offences shall be, are hereby impowered and authorized to restrain or commit the Offender, until the Fine imposed for such Offence be satisfied; or to cause the same to be levied by Distress and Sale of the Offender's Goods, by Warrant directed to the Constable, returning

Digitized from Best Copy Available

returning the Overplus ( if any be. )  All such Fines to be levied within One Week next after such Conviction, and delivered to the Select-men, or Overseers of the Poor, for the Use of the Poor, as aforesaid.

IT is further Enacted and Ordained by the Authority aforesaid, That whosoever shall steal or purloin any Money, Goods, or Chattels, being thereof convicted by Confession, or sufficient Witness upon Oath, every such Offender shall forfeit treble the Value of the Money, Goods, or Chattels so stoln or purloined, unto the Owner or Owners thereof; and be further punished, by Fine or Whipping, at the Discretion of the Court or Justices that have Cognizance of such Offence, not exceeding the Sum of Five Pounds, or Twenty Stripes: And if any such Offender be unable to make Restitution, or pay such Threefold Damages, such Offender shall be enjoyned to make Satisfaction by Service; and the Prosecutor shall be, and hereby is impowered to dispose of the said Offender in Service to any of Their Majesties Subjects, for such Term as shall be assigned by the Court or Justices before whom the Prosecution was. And every Justice of the Peace in the County where such Offence is committed, or where the Thief shall be apprehended, is hereby authorized to hear and determine all Offences against this Law: Provided, that the Damage exceed not the Sum of Forty Shillings. And if any Person shall commit Burglary by breaking up any Dwelling-house, Ware-house, Shop, Mill, Malt-house, Barn, Out-house, or any Ship or other Vessel lying within the Body of the County, or shall rob any Person in the Field or High-ways, every Person so offending shall, upon Conviction, be branded on the Forehead with the Letter *B*; and upon a second Conviction, shall be set upon the Gallows for the space of One Hour, with a Rope about his Neck, and one End thereof cast over the Gallows, and be severely Whipt, not exceeding Thirty nine Stripes; and upon a third Conviction of the like Offence, shall suffer the Pains of Death, as being Incorrigible; and shall likewise, upon the first and second Convictions, pay treble Damages to the Party injured, as is provided in case of Theft.

AND it is further Enacted by the Authority aforesaid, That if any Man commit Fornication with any single Woman, upon due Conviction thereof, they shall be fined unto Their Majesties, not exceeding the Sum of Five Pounds; or be corporally punished by Whipping, not exceeding Ten Stripes apiece, at the Discretion of the Sessions of the Peace, who shall have Cognizance of the Offence.  And he that is accused by any Woman to be the Father of a Bastard Child, begotten of her Body, she continuing constant in such Accusation, being examined upon Oath, and put upon the Discovery of the Truth in the time of her Travail, shall be adjudged the Reputed Father of such Child, notwithstanding his Denial, and stand charged with the Maintenance thereof, with the Assistance of the Mother, as the Justices in the Quarter-Sessions shall order; and give Security to perform the said Order, and to save the Town or Place where such Child is born, free from Charge for its Maintenance; and may be committed to Prison until he find Sureties for the same, unless the Pleas and Proofs made and produced on the behalf of the Man accused, and other Circumstances, be such as the Justices shall see reason to judge him innocent, and acquit him thereof, and otherwise dispose of the Child: And every Justice of the Peace, upon his Discretion, may bind to the next Quarter-Sessions him that is charged or suspected to have begotten a Bastard Child; and if the Woman be not then delivered, the Sessions may order the Continuance or Renewal of his Bond, that he may be forth-coming when the Child is born.

FURTHER it is Enacted by the Authority aforesaid, That every Justice of the Peace in the County where the Offence is committed, may cause to be staid and arrested all Affrayers, Rioters, Disturbers, or Breakers of the Peace, and such as shall ride or go armed Offensively before any of Their Majesties Justices, or other Their Officers or Ministers doing their Office, or elsewhere,

by

by Night or by Day, in Fear or Affray of Their Majesties Liege People ; and such others as shall utter any Menaces or Threatning Speeches ; and upon View of such Justice or Justices, Confession of the Party, or other legal Conviction of any such Offence, shall commit the Offender to Prison, until he find Sureties for the Peace and good Behaviour, and seize and take away his Armour or Weapons, and shall cause them to be apprized and answered to the King as forfeited : And may further punish the Breach of the Peace, in any Person that shall smite or strike another, by Fine to the King, not exceeding Twenty Shillings, and require Bond with Sureties for the Peace, or bind the Offender over to answer it at the next Sessions of the Peace, as the Nature or Circumstance of the Offence may be ; and may make Enquiry of forcible Entry and Detainer, and cause the same to be removed, and make out Hue and Cries after Runaway Servants, Thieves, and other Criminals.

Breach of the Peace.

Forcible Entry and Detainer.

AND it is further Enacted by the Authority aforesaid, That if any Person or Persons of the Age of Discretion ( which is accounted Fourteen Years, or upwards ) shall wittingly and willingly make or publish any Lye or Libel, tending to the Defamation or Damage of any particular Person, make or spread any false News or Reports, with Intent to abuse and deceive others, every such Person or Persons offending in any of the Particulars before mentioned, and being duly convicted thereof before One or more Justices of the Peace, shall be fined according to the Degree of such Offence, not exceeding the Sum of Twenty Shillings for the first Conviction, and find Sureties for the good Behaviour : And if the Party be unable to pay the said Fine, then to be set in the Stocks, not exceeding Three Hours, or be corporally punished by Whipping, at the Discretion of the Justice or Justices before whom the Conviction shall be, according as the Circumstances or Nature of the Offence shall be ; and the said Justice or Justices may restrain and commit the Offender until he pay the said Fine, and find Sureties for the good Behaviour, or may cause the Fine to be levied by Distress and Sale of the Offender's Goods ; and the Party or Parties grieved or injured by reason of any of the Offences aforesaid, shall or may take his or their Suit against any such Offender or Offenders in any Court of Record.

Lying and Libelling.

IT is further Enacted by the Authority aforesaid, That if any Person or Persons, upon his or their own Head or Imagination, or by false Conspiracy and Fraud with others, shall wittingly, subtilly, and falsely forge or make, or subtilly cause, or wittingly assent to be forged or made, any false Deed, Conveyance, or Writing sealed, or the Will of any Person or Persons in Writing, to the Intent that the Estate of Free-hold or Inheritance, Right, Title, or Interest of any Person or Persons, of, in, or to any Lands, Tenements, or Hereditaments, shall or may be molested, troubled, defeated, recovered, or charged, or shall, as is aforesaid, forge, make, or cause or assent to be made or forged, any Obligation, or Bill Obligatory, Letter of Attorney, or any Acquittance, Release, or other Discharge of any Debt, Account, Action, Suit, Demand, or other Thing Personal ; or if any Person or Persons shall pronounce, publish, or shew forth in Evidence, any such false and forged Deed, Conveyance, Writing, Obligation, Bill Obligatory, Letter of Attorney, Acquittance, Release, or Discharge, as true, knowing the same to be false and forged, as is aforesaid, to the Intent above remembred, and shall be thereof convicted, either upon Action or Actions of Forger of false Deeds to be founded upon this Act at the Suit of the Party grieved, or otherwise according to the Order and due Course of Law, or upon Bill or Information, that then every such Offender shall pay unto the Party grieved his double Costs and Damages, to be found and assessed in such Court where the said Conviction shall be ; and also shall be set upon the Pillory in some Market-Town, or other open Place, and there to have One of his Ears cut off, and also shall have and suffer Imprisonment by the Space of One whole Year without Bail or Mainprize ; and the Party or Parties grieved by reason

Forgery.

Digitized from Best Copy Available

1786.

terpofition difarmed of her natural weapons, free argument and debate, errors ceafing to be dangerous when it is permitted freely to contradict them :

II. *BE it enacted by the General Affembly,* That no man fhall be compelled to frequent or fupport any religious worfhip, place, or Miniftry whatfoever, nor fhall be enforced, reftrained, molefted, or burthened in his body or goods, nor fhall otherwife fuffer on account of his religious opinions or belief; but that all men fhall be free to profefs, and by argument to maintain, their opinions in matters of religion, and that the fame fhall in no wife diminifh, enlarge, or affect their civil capacities.

*No man compelled to frequent or fupport any religious worfhip. All men free to profefs, and by argument to maintain their religious opinions.*

III. AND though we well know that this Affembly elected by the people for the ordinary purpofes of legiflation only, have no power to reftrain the Acts of fucceeding Affemblies, conftituted with powers equal to our own, and that therefore to declare this Act to be irrevocable, would be of no effect in law; yet we are free to declare, and do declare, that the rights hereby afferted, are of the natural rights of mankind, and that if any Act fhall be hereafter paffed to repeal the prefent, or to narrow its operation, fuch Act will be an infringement of natural right.

*Declaration that the rights by this Act afferted, are of the natural rights of mankind.*

## General Affembly, begun and held at the Public Buildings, in the City of Richmond, on Monday, the 16th Day of October, in the Year of our Lord, 1786.

### C H A P.   XXI.

#### An Act forbidding and punifhing Affrays.

[Paffed the 27th of November, 1786.]

BE it enacted by the General Affembly, That no man, great nor fmall, of what condition foever he be, except the Minifters of Juftice in executing the precepts of the Courts of Juftice, or in executing of their office, and fuch as be in their company affifting them, be fo hardy to come before the Juftices of any Court, or other of their Minifters of Juftice, doing their office, with force and arms, on pain, to forfeit their armour to the Commonwealth, and their bodies to prifon, at the pleafure of a Court; nor go nor ride armed by night nor by day, in fairs or markets, or in other places, in terror of the Country, upon pain of being arrefted and committed to prifon by any Juftice on his own view, or proof by others, there to abide for fo long a time as a Jury, to be fworn for that purpofe by the faid Juftice, fhall direct, and in like manner to forfeit his armour to the Commonwealth; but no perfon fhall be imprifoned for fuch offence by a longer fpace of time than one month.

*Punifhment of perfons going armed before Courts of Juftice, or the Minifters of Juftice, or in fairs or markets in terror of the Country.*

### C H A P.   XXII.

#### An Act againft Confpirators.

[Paffed the 27th of November, 1786.]

BE it declared and enacted by the General Affembly, That Confpirators be they that do confederate and bind themfelves by oath, covenant, or other alliance, that every of them fhall aid and bear the other falfely and malicioufly, to move or caufe to be moved any indictment or information againft another on the part of the Commonwealth, and thofe who are convicted thereof at the fuit of the Commonwealth, fhall be punifhed by imprifonment and amercement, at the difcretion of a Jury.

*Who fhall be deemed confpirators.*

24627
North Carolina. Laws, Statutes, etc., 1792.
A Collection of the Statutes of the Parliament of England
in Force in ... North Carolina.
Newbern, 1792. xxvi, 424, [3] pp.
AAS copy.

# A

# COLLECTION

## OF THE

# STATUTES



### OF THE PARLIAMENT O.

# ENGLAND

#### IN FORCE IN THE STATE OF

# NORTH-CAROLINA.

PUBLISHED ACCORDING TO A RESOLVE OF THE GENERAL ASSEMBLY.

By FRANCOIS-XAVIER MARTIN, Esq.

COUNSELLO♦ ♦ LAW.

*NEWBERN:*

FROM THE EDITOR's PRESS.

1792.

( 60 )

## C H A P.   VIII.

*Nothing fhall be taken for Beaupleader.*

ITEM, Whereas fome of the realm have grievoufly complained, that they be grieved by Sheriffs, naming themfelves the King's approvers, which take money by extortion for Beaupleader, the King will, that the ftatute of Marlebridge fhall be obferved and kept in this point.

## C H A P.   XIV.

*None fhall commit Maintenance.*

ITEM, Becaufe the King defireth that common right be adminiftered to all perfons, as well poor as rich, he commandeth and defendeth, that none of his Counfellors, nor of his houfe, nor none other of his Minifters, nor no great man of the realm by himfelf, nor by other, by fending of letters, nor otherwife, nor none other in this land, great nor fmall, fhall take upon them to maintain quarrels nor parties in the country, to the let and difturbance of the common law.

**Statutes made at Northampton, tribus Septimanis Pafchae, in the Second Year of the Reign of Edward the Third, and in the Year of our Lord 1328.**

## C H A P.   I.

*A Confirmation of the Great Charter and the Charter of the Foreft.*

[*Unneceffary to be inferted.*]

## C H A P.   III.

*No Man fhall come before the Juftices, or go or ride armed.*

ITEM, It is enacted, that no man great nor fmall, of what condition foever he be, except the King's fervants in his prefence, and his Minifters in executing of the King's precepts, or of their office, and fuch as be in their company affifting them, and alfo upon a cry made for arms to keep the peace, and the fame in fuch places where fuch acts happen, be fo hardy to come before the King's Juftices, or other of the King's

( 61 )

Minifters doing their office with force and arms, nor bring no force in an affray of peace, nor to go nor ride armed by night nor by day, in fairs, markets, nor in the prefence of the King's Juftices, or other minifters, nor in no part elfewhere, upon pain to forfeit their armour to the King, and their bodies to prifon at the King's pleafure. And that the King's Juftices in their prefence, Sheriffs and other minifters, in their bailiwicks, Lords of Franchifes, and their bailiffs in the fame, and Mayors and Bailiffs of cities and boroughs, within the fame cities and boroughs, and borough-holders, conftables and wardens of the peace within their wards fhall have power to execute this act. And that the Juftices affigned, at their coming down into the country, fhall have power to enquire how fuch officers and lords have exercifed their offices in this cafe, and to punifh them whom they find that have not done that which pertain to their office.

## C H A P.   V.

### The Manner how Writs fhall be delivered to the Sheriff to be executed.

ITEM where it was ordained by the ftatute of Weftminfter the fecond, that they which will deliver their writs to the Sheriff fhall deliver them in the full county, or in the rere county, and that the Sheriff or Under-Sheriff fhall thereupon make a bill : it is accorded and eftablifhed, that at what time or place in the county a man doth deliver any writ to the Sheriff or to the Under-Sheriff, that they fhall receive the fame writs, and make a bill after the form contained in the fame ftatute, without taking any thing therefore. And if they refufe to make a bill, others that be prefent fhall fet to their feals, and if the Sheriff or Under-Sheriff do not return the faid writs, they fhall be punifhed after the form contained in the faid ftatute. And alfo the Juftices of Affize fhall have power to enquire thereof at every man's complaint, and to award damages, as having refpect to the delay, and to the lofs and peril that might happen.

## C H A P.   VI.

### Juftices fhall have Power to punifh Breakers of the Peace.

ITEM, as to the keeping of the peace in time to come, it is ordained and enacted that the ftatutes made in time paft, with the ftatute of Winchefter, fhall be obferved and kept in every point : and where it is contained in the end of faid ftatute of Winchefter, that the Juftices affigned fhall have power to enquire of defaults, and to report to the King in his next parliament, and the King to remedy it, which no man hath yet feen, the fame Juftices fhall have power to punifh the offenders and difobeyers.

O

on faid fence, till it comes to the land improved by *George Sumner* ; then through faid land nearly the fame courfe, till it comes to the fouth-weft corner of faid *George Sumner*'s home meadow, fo called ; then turning and running eafterly in faid meadow, as the ditch which forms the fence is made, till it comes to the fouth end of *Benjamin Hawes*'s meadow ; then in the line between faid *Hawes*'s meadow, and the land of *William Richards* ; then in the line between faid *Richards*'s home lot, and the meadow lots, till it comes to *Cumming*'s brook, fo called ; thence on faid brook, till it comes to the line between *Stoughton* and *Sharon* ; thence on faid line till it comes to *Neponfet river* ; thence wefterly on faid river, till it comes to *Traphole brook* ; thence on faid brook, till it comes to the bounds firft mentioned—fhall be confidered as *one Common and General Field* ; and that the proprietors of faid lands, their heirs and fucceffors be, and they hereby are incorporated and invefted with all the powers and privileges which the proprietors of Common and General Fields by Law are invefted with.

[This Act paffed *January* 22, 1795.]

---

## C H A P.  II.

An Act for repealing an Act, made and paffed in the year of our Lord, one Thoufand fix Hundred and Ninety-two, entitled, " An Act for punifhing Criminal Offenders," and for re-enacting certain Provifions therein.

*Act repealed.*  **B**E it enacted by the Senate and Houfe of Reprefentatives, in General Court affembled, and by the authority of the fame, That the faid Act be, and hereby is repealed, and made wholly null and void.

*Juftices of the Peace empowered.*  *And be it further enacted by the authority aforefaid,* That every Juftice of the Peace, within the county for which he may be commiffioned, may caufe to be ftaid and arrefted, all affrayers, rioters, difturbers, or breakers of the peace, and fuch as fhall ride or go armed offenfively, to the fear or terror of the good citizens of this Commonwealth, or fuch others as may utter any menaces or threatening fpeeches, and upon view of fuch Juftice, confeffion of the delinquent, or other legal conviction of any fuch offence, fhall require of the offender to find fureties for his keeping the Peace, and being of the good behaviour ; and in want thereof, to commit him to prifon until he fhall comply with fuch requifition : And may further punifh the breach of the Peace in any perfon that fhall affault or ftrike another, by fine to the Commonwealth, not exceeding *twenty fhillings*, and require fureties, as aforefaid, or bind the offender, to appear and anfwer for his offence, at the next Court of General Seffions of the Peace, as the nature or circumftances of the cafe may require.

[This Act paffed *January* 29, 1795.]

C H A P.

**1801.**

co unty, shall proceed against such offender, in the same manner as is heretofore prescribed for vagrants.

*Keepers of certain gaming tables deemed vagrants. 1811, c. 112, s. 1, 2.*

3. *Be it enacted,* That all and every keeper or keepers, exhibitor or exhibitors, of either of the gaming tables commonly called A. B. C. or E. O. tables, or faro bank, or of any other gaming cloth table, or bank of the same, or like kind, under any denomination whatever, shall be deemed and treated as a vagrant, and moreover it shall be the duty of any judge or justice of the peace, by warrant under his hand, to order such gaming table or cloth to be seized and publicly burned or destroyed; said warrant shall be directed to some one constable within the county, whose duty it shall be, forthwith to execute the same: *Provided,* That nothing herein contained, shall be so construed as to extend to billiard tables.

*Penalty for harboring vagrants. April 1784, c. 34, s. 4.*

4. *Be it enacted,* That it shall not be lawful for any house keeper to harbor any idle person of the character aforesaid, for any longer time than is heretofore specified, under the penalty of twenty dollars for every such offence, to be recovered by warrant before any justice of the peace of the county where the offence is committed.

*Duty of the justices herein. Apl. 1784, c. 34. 1811, c. 112, s. 1, 2.*

*Penalty for failing.*

5. *Be it enacted,* That it shall be the duty of each justice of the peace, on information being made on oath to him or them, that there is a person or persons of the aforesaid description, loitering in his or their county, then and in that case he or they shall issue his or their warrant against such person or persons agreeable to this act: *And provided,* he or they shall neglect or refuse so to do, it shall be deemed a misdemeanor in office, for which he or they shall be impeachable, and on conviction be removed from office.

*Proceedings against persons going armed contrary to this act.*

6. *Be it enacted,* That if any person or persons shall publicly ride or go armed to the terror of the people, or privately carry any dirk, large knife, pistol or any other dangerous weapon, to the fear or terror of any person, it shall be the duty of any judge or justice, on his own view, or upon the information of any other person on oath, to bind such person or persons to their good behaviour, and if he or they fail to find securities, commit him or them to jail, and if such person or persons shall continue so to offend, he or they shall not only forfeit their recognizance, but be liable to an indictment, and be punished as for a breach of the peace, or riot at common law.

*Felony to maim or disfigure any person, &c. Dec. 1754, ch. 15. 1807, ch. 73, s. 13.*

7. *Be it enacted,* That if any person or persons shall unlawfully cut out or disable the tongue, put out an eye, slit a nose, bite or cut off a nose, ear or lip, or cut off or disable any limb or member, or stab any person whatsoever, in doing so, to maim, wound or disfigure in any of the manners before mentioned, such person or persons so offending, their counsellors, aiders and abettors, knowing of, and privy to the offence, shall be and are hereby declared to be felons, and shall suffer as in case of felony: *Provided nevertheless,* he or they shall be entitled to benefit of clergy, and be further liable to an action of damages to the party injured.

App. 28

## CHAPTER LXXVI.

An Act describing the power of Justices of the Peace in Civil and Criminal Cases.

SEC. 1. **B**E *it enacted by the Senate, and House of Representatives, in Legislature assembled,* That it shall be within the power, and be the duty of every Justice of the Peace within his county, to punish by fine not exceeding five dollars, all assaults and batteries that are not of a high and aggravated nature, and to examine into all homicides, murders, treasons, and felonies done and committed in his county, and commit to prison all persons guilty, or suspected to be guilty of manslaughter, murder, treason or other capital offence ; and to cause to be staid and arrested, all affrayers, rioters, disturbers or breakers of the peace, and such as shall ride or go armed offensively, to the fear or terror of the good citizens of this State, or such others as may utter any menaces or threatening speeches ; and upon view of such Justice, confession of the delinquent, or other legal conviction of any such offence, shall require of the offender to find sureties to appear and answer for his offence, at the Supreme Judicial Court, or Circuit Court of Common Pleas, next to be held within or for the same county, at the discretion of the Justice, and as the nature or circumstances of the case may require : and for his keeping the peace, and being of the good behaviour, until the sitting of the Court he is to appear before ; and to hold to bail all persons guilty or suspected to be guilty of lesser offences which are not cognizable by a Justice of the Peace ; and require sureties for the good behaviour of dangerous and disorderly persons ; and commit all such persons as shall refuse so to recognize, and find such surety or sureties as aforesaid ; and take cognizance of, or examine into all other crimes, matters and offences, which by particular laws are put within his jurisdiction.

*General jurisdiction of Justices of the Peace, and their duty in criminal cases, in arresting, trying, recognizing and committing offenders.*

SEC. 2. *Be it further enacted,* That all fines and forfeitures accruing for the breach of any bye-law, in any town within this State, may be prosecuted for, and recovered before any Justice of the Peace in the town or county where the offence shall be committed, by complaint or information, in the same way and manner other criminal offences are prosecuted before the Justices of the Peace within this State.

*Breaches of the bye-laws of towns may be prosecuted before Justices of the Peace.*

SEC. 3. *Be it further enacted,* That any person aggrieved at the sentence given against him, by any justice of the Peace, may appeal therefrom to the next Circuit Court of Common Pleas to be held within the same county, and shall, before his appeal is granted, recognize to the State in such reasonable sum, not less than twenty dollars, as the Justice shall order, with sufficient surety or sureties for his prosecuting his appeal ; and shall be held to produce the copy of the whole process, and all writings filed before the Justice, at the Court appeal-

*Persons aggrieved may appeal to the C. Court of Com. Pleas.*

*Must recognize with sureties,*

*and produce copies of case at C. C. Common Pleas.*

POWER OF JUSTICES.

**Failing to prosecute his appeal, his default to be entered.**

ed to.   And if he shall not  there prosecute his appeal, and produce the copies as aforesaid, the Court shall order his default to be noted upon their record.   And the said Court may

**Court may order such case to be laid before Grand Jury, or arrest appellant, and affirm sentence, &c.**

order the same case to be laid before the Grand Jury, or may issue an attachment against the body of such appellant, and cause him thereby to be brought before them, and when he is so in Court, shall affirm the sentence of the Justice against him, with all additional costs.

SEC. 4.   *Be it further enacted,* That each Justice shall have

**Justices may command assistance of sheriff, deputies and constables at riots, affrays, &c.**

authority to command the assistance of every Sheriff, Deputy Sheriff, Constable, and all other persons present at any affray, riot, assault or battery, and may fine any person refusing such assistance, in a sum not exceeding six dollars ; to be disposed of for the use of the town where the offence shall be committed ; and levied by warrant of distress on the offender's goods and chattels, and for want thereof on his body.

SEC. 5. *Be it further enacted,* That any Justice of the Peace

**Justices may, on their own view, (in absence of sheriff, deputies or constables,) require any person to apprehend offenders.**

for the preservation thereof, or upon view of the breach thereof, or upon view of any other transgression of law, proper to his cognizance, done or committed by any person or persons whatever, shall have authority, (in the absence of the Sheriff, Deputy Sheriff or Constable,) to require any person or persons to apprehend and bring before him such offender or of-

**Penalty for refusing to obey such Justice.**

fenders.   And every person so required, who shall refuse or neglect to obey the said Justice, shall be punished in the same manner as for refusing or neglecting to assist any Sheriff, Deputy Sheriff or Constable in the execution of his office as afore-

**If the Justice be *known* or *declared*—plea of ignorance of his office not admissible.**

said.   And no person who shall refuse or neglect to obey such Justice, to whom he shall be known, or declare himself to be a Justice of the Peace, shall be admitted to plead excuse on any pretence of ignorance of his office.

SEC. 6. *Be it further enacted,* That Justices of the Peace

**Justices may grant subpoenas for witnesses in criminal cases :**

within their respective counties, be, and they are hereby authorized and empowered to grant subpœnas for witnesses in all criminal causes pending before the Supreme Judicial Court and Circuit Court of Common Pleas, and before themselves

**But not on behalf of the State without consent of Attorney General, or County Attorney, except before himself.**

or any other Justice : *Provided,* That no Justice of the Peace shall grant subpœnas for witnesses to appear in any Court, except before himself, to testify on behalf of the State, unless by the request of the Attorney General or County Attorney. And all Sheriffs, Constables and other officers are directed and empowered to serve any warrant issuing from a Justice of the Peace.

SEC. 7.   *Be it further enacted,* That the Justices of the

**Justices to account annually to State, County and Town Treasurers for all fines, &c.**

Peace shall account annually with the Treasurer of the State, the Treasurer of their respective counties, and the town Treasurer, as the case may be, for all fines by them received or

**Penalty for neglect.**

imposed, upon pain of forfeiting the sum of thirty dollars, to be sued for and recovered by the Treasurer of the State, the county or town Treasurer for the time being, to which the said fines may respectively belong.

**App. 17**

POWER OF JUSTICES.                                      287

Sec. 8. *Be it further enacted,* That all civil actions, where-
in the debt or damage does not exceed twenty dollars, (and
wherein the title of real estate is not in question, and special-
ly pleaded by the defendant,) shall, and may be heard, tried,
adjudged and determined by any Justice of the Peace within
his county ; and the Justices are severally empowered to grant
summons, capias and attachment, at the request of any per-
son applying for the same, directed to some proper officer
within the same county, empowered by law to execute the
same. And such summons or capias and attachment shall be
duly served by such officer, seven days at the least before the
day therein set for trial, otherwise the party sued shall not be
held to answer thereon ; and if after such process shall be
duly served, the party sued, after being duly called, shall not
appear to answer to the same suit, the charge against him in
the declaration shall be taken to be true, and the Justice shall
give judgment against him for such damages as he shall find
the plaintiff to have sustained, with costs ; and if the person
sued shall appear to defend the suit or oppose the same, the
Justice shall award such damages as he shall find the plaintiff
to have sustained : *Provided,* That no more damages than the
sum of twenty dollars shall be awarded in any action origin-
ally brought or tried before a Justice of the Peace ; but if the
plaintiff shall not support his action, shall fail to prosecute, or
become nonsuit, the Justice shall award to the party sued, his
reasonable costs, taxed as the law directs. And upon all
judgments given by a Justice of the Peace in civil actions, he
shall award execution thereon in form by law prescribed.

Sec. 9. *Be it further enacted,* That the amount of the sum
or several sums, specified, expressed or supposed to be de-
manded by the plaintiff in his declaration, shall not be con-
sidered as any objection against the Justice's jurisdiction, pro-
vided the ad damnum, or damage is not laid or stated to ex-
ceed twenty dollars.

Sec. 10. *Be it further enacted,* That any party aggrieved
at the judgment of any Justice of the Peace, in a civil action,
where both parties have appeared and plead, may appeal
therefrom to the next Circuit Court of Common Pleas to be
held within the same county ; and shall before his appeal is
allowed, recognize with a surety or sureties, in such reasona-
ble sum as the Justice shall order, not exceeding thirty dol-
lars, to pay all intervening damages and costs, and to prose-
cute his appeal with effect ; and shall be held to produce a
copy of the whole case, at the Court appealed to, and both
parties shall be allowed to offer any evidence upon the trial
at the Circuit Court of Common Pleas, in the same manner as
if the cause had been originally commenced there. And no
other appeal shall be had on such action after one trial at the
Circuit Court of Common Pleas. And the Circuit Court of
Common Pleas, when any person recognized as before men-

*Marginal notes:*
Justice's juris-
diction in civil
actions, (where
title to real es-
tate is not in
question,) to
extend to 20
dollars.

Justices may is-
sue summons,
capias, attach-
ment, &c.

—to be served
seven days be-
fore trial.

Proceedings be-
fore Justice.

Judgment, &c.
if plaintiff pre-
vail.

Damages not to
exceed 20 dol-
lars.

Judgment in
case defendant
prevail.

Execution.

Justice to have
jurisdiction
where the *ad
damnum* does
not exceed 20
dollars.

Party aggriev-
ed may appeal
to C. C. Com-
Pleas.

—Must recog-
nize to prose-
cute.

and produce co-
pies at C. C. C.
Pleas.
Proceedings in
that Court.

No further ap-
peal.

Defendant in
trespass failing
to bring for-

App. 18

ward the ac-
tion according
to his recog-
nizance.—Plain-
tiff to have his
damages.

tioned to bring forward an action of trespass, doth neglect to
do it, upon complaint thereof made in writing by the plaintiff,
shall give judgment for such sum in damages, as the plaintiff
hath declared for, together with all reasonable costs which ac-
crued both in the same Court and before the Justice.   And

Appellant fail-
ing to prose-
cute, on com-
plaint judg-
ment may be
affirmed.

the Circuit Court of Common Pleas shall, when any appellant
thereto shall fail to prosecute his appeal, or if he shall neglect
to produce a copy of the case, affirm the former judgment up-
on the appellee's complaint, and award such additional dama-
ges as shall have arisen in consequence of the said appeal, and
cost.

In action of
trespass when
defendant
*pleads title to
real estate*—
mode of pro-
ceeding before
Justice.

    SEC. 11.   *Be it further enacted,*   That when an action of tres-
pass shall be brought before any Justice of the Peace, and
the defendant shall plead the general issue, he shall not be
allowed to offer any evidence that may bring the title of real
estate in question.   And when the defendant in any such ac-
tion shall plead the title of himself or any other person in jus-
tification, the Justice upon having such plea plead, shall order
the defendant to recognize to the adverse party in a reasona-
ble sum, with sufficient surety or sureties to enter the said ac-
tion at the next Circuit Court of Common Pleas to be holden
within the same county, and to prosecute the same in the
same manner as upon an appeal from a Justice's judgment;
and if such pleader shall refuse so to recognize, the Justice
shall render judgment against him, in the same manner as if
he had refused to make answer to the same suit.   And either

Appeal allowed
in such cases
from C. C. C.
Pleas to S. J.
Court.

party in such cause, shall be allowed to appeal from the judg-
ment of the Circuit Court of Common Pleas, in the same man-
ner as if the suit had been originally commenced there.

General issue
may be plead
in all actions
before Justices
and special
matter given in
evidence except
where *title* to
real estate is
relied on by de-
fendant.

    SEC. 12.   *Be it further enacted,*   That in all civil actions tria-
ble before a Justice of the Peace, except such actions of tres-
pass wherein the defendant means to avail himself, by plead-
ing the title of himself or any other person under whom he
claims in justification of the trespass or trespasses alleged to
be committed on real estate; the defendant shall be entitled
to all evidence, under the general issue, which by law he might
avail himself of under any special plea in excuse or justifica-
tion, any law, usage or custom to the contrary notwithstand-
ing.

Justices may
grant subpœ-
nas in *all* civil
actions.

    SEC. 13.   *Be it further enacted,*   That each Justice of the
Peace may grant subpœnas for witnesses in all civil actions
and causes pending before the Supreme Judicial Court, Cir-
cuit Court of Common Pleas, Court of Sessions, and before
him or any other Justices, and in all civil actions and causes

May adjourn
their Courts by
proclamation.

pending before arbitrators or referees.   And every Justice of
the Peace shall have power by public proclamation to adjourn
the trial of any action brought before him, from time to time,

No Justice to
be of counsel
in any suit be-
fore himself.

when equity may require it; but he shall not be of counsel to
either party, or undertake to advise or assist any party in suit
before him.

SEC. 14. *Be it further enacted,* That when an executor or administrator shall be guilty of committing waste, whereby he is rendered unable to pay the judgment recovered before any Justice of the Peace, against the goods and estate of the deceased in his hands, out of the same, the Justice may proceed against the proper goods and estate of such executor or administrator, in the same manner as the Circuit Court of Common Pleas are empowered to do.

<div style="float:right; font-size:smaller">In case of waste by executor or administrator, Justice may proceed as C. C. C. Pleas may in such cases.</div>

SEC. 15. *Be it further enacted,* That each Justice of the Peace shall keep a fair record of all his proceedings; and when any Justice of the Peace shall die before a judgment given by him is paid and satisfied, it shall be in the power of any Justice of the Peace in the same county to grant a scire facias upon the same judgment, to the party against whom such judgment was rendered up, for him to show cause if any he hath, why execution should not be issued against him. And although the costs and debt awarded by the deceased Justice when added together, shall amount to more than twenty dollars, it shall be no bar upon such scire facias, but judgment shall be given thereon for the whole debt and cost, together with the cost arising upon the scire facias. *Provided always,* That either party may appeal from the judgment as in other personal actions, where judgment is given by a Justice of the Peace. And every Justice of the Peace who shall have complaint made to him, that a judgment given by a Justice of the same county then deceased, remains unsatisfied, shall issue his summons to the person in whose possession the record of the same judgment is, directing him to bring and to produce to him the same record; and if such person shall contemptuously refuse to produce the same record, or shall refuse to be examined respecting the same, upon oath, the Justice may punish the contempt by imprisonment, until he shall produce the same, or until he submits to be examined as aforesaid; and when the Justice is possessed of such record, he shall transcribe the same upon his own book of records, before he shall issue his scire facias; and shall deliver the original back again to the person who shall have produced it, and a copy of such transcription, attested by the transcribing Justice, shall be allowed in evidence in all cases, where an authenticated copy of the original might be received.

<div style="float:right; font-size:smaller">Justice to keep record of his proceedings.

When Justice shall die before a judgment given by him is satisfied what proceedings to be had.

Appeal allowed to either party.

Justice to whom complaint is made in such cases, may summon the person possessing the record to produce it.

Punishment for refusal so to do.

Duty of the Justice when the record is produced, to transcribe it into his own records.

Copy of such transcript to be evidence.</div>

SEC. 16. *Be it further enacted,* That all Justices of the Peace before whom actions may be commenced under former commissions, and such commissions shall expire before judgment shall be rendered thereon, or judgment being rendered, the same remains in whole or in part unsatisfied, such Justices of the Peace who shall hereafter have their said commissions seasonably renewed, and being duly qualified, agreeably to the Constitution of this State, to act under such commissions, be and they hereby are authorized and empowered to render judgment, and issue execution on all such ac-

<div style="float:right; font-size:smaller">Justices, whose commissions expire before judgment or satisfaction, may proceed, under a new commission, seasonably obtained, to render judgment, &c.</div>

37

tions, commenced as aforesaid, in the same manner as if the commissions under which such actions may be commenced, were in full force.

[Approved March 15, 1821.]

————:oo:————

## CHAPTER LXXVII.

*An Act providing a speedy Method of recovering Debts, and for preventing unnecessary costs attending the same.*

**Justices may take recognizances for debts.** SEC. 1. BE *it enacted by the Senate and House of Representatives, in Legislature assembled,* That every Justice of the Peace in this State shall have power within his county to take recognizances for the payment of debts of any person who shall come before him for that purpose : which recognizance may be in substance as follows :—

**Form of recognizance.** Know all men, that I, A. B. of       , in the County of       , do owe unto C. D. of       , the sum of       , to be paid to the said C. D. on the       day of       ; and if I shall fail of the payment of the debt aforesaid, by the time aforesaid, I will and grant that the said debt shall be levied of my goods and chattels, lands and tenements, and in want thereof of my body.  Dated at       , this       day of       , in the year of our Lord       .  Witness, my hand and seal       A. B.

ss. Acknowledged the day and year last abovesaid. Before E. F. Justice of the Peace.

**To be recorded by the Justice.** SEC. 2. *Be it further enacted,* That every Justice of the Peace taking any such recognizance, shall immediately record the same at large in a book to be kept by him for that purpose ; and after the same is recorded, may deliver it to **Execution may issue thereon within 3 years.** the Conusee ; and upon the Conusee's lodging the same with the said Justice, at any time within three years from the time when the same is payable, and requesting a writ of execution, it shall be the duty of such Justice to issue a writ of execution thereon for such sum as shall appear to be due on the same ; which writ of execution shall be in substance as follows :

State of Maine.

(SEAL.) To the Sheriff of the County of       , or his deputy, or either of the Constables of the town of       , in said County,                                    Greeting.

**Form of execution.** Because A. B. of       , in the County of       , on the day of       , in the year of our Lord       before E. F. Esq. one of the Justices of the Peace for the said County of       , acknowledged that he was indebted to C. D. of       , in the county of       in the sum of       which he ought to have paid on the       day of       , and       remains unpaid as it is said : We command you therefore, that of the goods, chattels or real estate of the said A. B. within your precinct, you cause to be paid and satisfied unto the said C. D. at the value

330                          LAWS OF THE

# TITLE FIFTEENTH.

## Of Justices of the Peace.

CHAPTER 97.  General powers, duties and jurisdiction of justices in criminal cases.

98.  Jurisdiction in bastardy cases.

99.  Justices' jurisdiction in civil cases of debt.

100.  Justices' jurisdiction in trespass cases.

101.  Justices' jurisdiction in cases of forcible entry and detainer; and of holding over.

## CHAPTER 97.

### GENERAL POWERS, DUTIES AND JURISDICTION OF JUSTICES IN CRIMINAL CASES.

SEC.  1. Number in the several counties.

2. Power to issue process.

3. To keep records.  Adjournments.

4. To issue subpoenas.

5. To administer oaths.

6. To punish contempts.

7. To arrest without warrant.
   To commit or bind to appear.
   Form of commitment.
   Form of binding TO KEEP THE PEACE.

8. Power to punish assaults and batteries.
   Form of binding to ANSWER CHARGE.
   Binding witnesses to appear.

9. To permit parties to settle cases of assault and battery.

10. Not to receive fine or costs.
    To put it in charge of a constable.

11. To certify fines to the auditor.  Penalty.

12. Power to BIND OVER FOR THREATS.

13. To cause arrests of peace breakers, &c., &c.

14. To fine drunkards and swearers.

15. To punish those who resist authority.

16. Mode of proceeding in criminal cases.

17. After arrest.

18. The examination.

19. The commitment or binding to appear.
    Binding witnesses.

20. To deliver recognizances to clerk of the peace.  Fee.

SEC. 21. To indorse the names of witnesses.

22. To arrest persons complained against.

23. Warrant may be executed in any county.

24. Bail for appearance; how taken; by whom.
    Commitment in default of bail.

25. How discharged from prison on bail.

26. Capital cases; when bail may be taken

27. Bail in other cases; how determined.

28. How taken by sheriff. &c.

29. SEARCH WARRANTS, when and how to be issued.
    Complaint must be in writing.
    Warrant; how directed.
    When it may be executed at night.

30. Power of justice to try certain offences by slaves.

31. Power of two justices to try slaves.
    Order on master to pay restitution, &c.
    Service of notice on master; verification.

32. Power to punish Sabbath breaking.

33. Duty of representatives of a deceased justice to deliver records ; penalty.

34. Duty of justice to give transcripts, copies, &c.; penalty.
    Originals may be required by the court.

35. Duty to attend elections; penalty.

### Number.

**2003**
**Number.**

SEC. 1. The number of justices of the peace now allowed by the constitution and laws, shall, two-thirds of each house of the legislature concurring, continue to be in the several counties, as follows:

**New Castle.**

in New Castle county twenty, of whom one shall reside in Red Lion hundred, within one mile of Delaware City, one in the town of St. Georges, and one in Christiana hundred ; in Kent county eighteen;

**Kent.**
**Sussex.**

and in Sussex county twenty, one of whom shall reside within two miles of Cannon's Ferry.

### General powers and duties.

**2004**
**May issue process.**

SEC. 2. Justices of the peace may issue all writs, warrants and process proper to carry into effect the powers granted to them; and

**Forms.**

when no form is prescribed by statute, they shall frame one in con-

**App. 22**

formity with the law, in substance; and, when substantially right, such process shall not be invalid for any defect in form. All sheriffs, deputy-sheriffs, coroners and constables are required duly to serve all legal writs, warrants and process to them directed by any justice of the peace.

SEC. 3. Each justice of the peace shall keep a record of all his judicial proceedings in criminal as well as civil cases. <span>2005 Records.</span>

He shall have power to adjourn cases on trial before him, taking security for the appearance of the party complained against. <span>2006 Adjournments.</span>

SEC. 4. He may issue summonses for witnesses in all cases pending before himself, and in all civil cases pending before any magistrates, referees, arbitrators, or other persons authorized to examine witnesses. <span>2007 Subpoenas.</span>

SEC. 5. He may administer oaths in all cases where an oath is required by law. <span>2008 Oaths.</span>

SEC. 6. Every justice of the peace may punish such disorderly conduct as shall interrupt any judicial proceedings before him, or before referees appointed by him, or which shall be a contempt of his authority, by fine not exceeding ten dollars, or by imprisonment in the jail of the county not exceeding ten days. <span>2009 Power to punish contempts.</span>

SEC. 7. Every justice of the peace may, as a conservator of the peace, upon view of any affray, riot, assault, or battery, within his county, without any warrant in writing command the assistance of any sheriff, deputy-sheriff, coroner, or constable, and of all other persons present, for suppressing the same, and arresting all who are concerned therein, and may commit or bind them to surety of the peace and for their appearance at the proper court. <span>2010 Power to arrest without warrant.</span>

A commitment may be in this form:— <span>2011 Commitment.</span>

——— *County, ss.   The State of Delaware :   To A. B., constable, and to the keeper of the jail of said county: this is to command you the said constable forthwith to convey and deliver into the custody of the keeper of said jail the body of C. D. charged, before E. F. a justice of the peace for said county, on oath by G. H. with (here state the offence), and you the said keeper of the jail are hereby required to receive the said C. D. into your custody in said jail, and him there safely keep until he be thence delivered by due course of law.*

{L. S.}   *Given under my hand and seal this ——— day of ——— A. D., 18—.*                                   J. P.

Binding to *keep the peace* and for appearance at court may be in this form: <span>2012 Binding to KEEP THE PEACE.</span>

——— *County, ss.   State of Delaware.   BE IT REMEMBERED, that C. D., of ——— hundred, and R. S. and T. W., of ——— hundred, in said county, personally appeared before E. F., a justice of the peace for said county, and acknowledged to owe the State of Delaware the sum of ——— dollars, to be levied on their goods and chattels, lands and tenements respectively, for the use of the said State: UPON CONDITION, that if the above bound C. D. be and appear before the next Court of General Sessions of the Peace and Jail Delivery, to be held*

Case 4:14-cv-00139-HLM   Document 47-2   Filed 12/30/15   Page 28 of 99

at ——, *for the county aforesaid, there to answer such matters as shall be objected against him by G. H., and shall in the mean time keep the peace and be of good behavior towards all the people of this State, and especially towards the said G. H., and shall not depart the court without leave thereof, then this recognizance to be void, otherwise to be in full force and virtue.*

*Taken, signed and acknowledged before E. F., a justice of the peace for said county, the —— day of ——, A. D., 18—.*

**2013**
**Power to punish assaults and batteries.**

SEC. 8. Every justice of the peace may punish by fine, not exceeding ten dollars, all assaults and batteries, and other breaches of the peace punishable by any law of the State, when the offence is not of a high or aggravated nature: *provided*, that the defendant shall, in writing, submit to his decision: *and provided also*, that after hearing, he shall consider that the case ought not to be submitted to a higher jurisdiction; otherwise he shall commit, or bind, the defendant for his appearance at the proper court to answer the charge, and shall also bind the witnesses for their appearance and may require surety of them, if necessary. He may also punish, by such fine, any offence against an authorized ordinance of a city, or town.

**2014**
**Binding to ANSWER CHARGE.**

Binding for appearance *to answer* may be thus:—

—— county, ss.  *The State of Delaware.*  BE IT REMEMBERED, *that C. D., of —— hundred, and R. S. and T. W., of —— hundred, in said county, personally appeared before E. F., a justice of the peace for said county, and acknowledged to owe the State of Delaware the sum of —— dollars, to be levied on their goods and chattels, lands and tenements respectively for the use of the said State:* UPON CONDITION, *that if the above bound C. D., be and appear before the next Court of General Sessions of the Peace and Jail Delivery, to be held at ——, for the county aforesaid, there to answer such matters and things as shall be objected against him, and particularly touching a charge* (here state the offence charged) *said to have been committed by the said C. D., at —— hundred, in said county, on the —— day of ——, and shall not depart the court without leave thereof; then this recognizance to be void, otherwise to be in full force and virtue.*

*Taken, signed and acknowledged before E. F., a justice of the peace for said county, the —— day of——, A. D., 18—.*

**2015**
**Binding a witness to appear.**

Binding a *witness* for appearance may be in the same form, substituting for the words "there to answer such matters," &c., down to "and shall not depart the court," the words "*as a witness for the State.*" A recognizance, when taken by a justice of the peace, or a judge out of court, shall be signed by the parties bound.

**2016**
**Parties may settle assaults and batteries.**

SEC. 9. In every case of assault and battery the justice may permit the parties to settle the matter; and either discontinue the proceedings or annul any recognizance, on payment of costs.

**2017**
**Not to receive fines.**

SEC. 10. He shall, in no case, receive a fine, or costs, imposed by him; but upon imposing any fine, he shall charge a constable present with the defendant, and enter the constable's name on his docket,

and if the fine and costs be not paid, the constable shall convey said defendant to jail, for which a copy of the judgment shall be a sufficient warrant.

SEC. 11. Every justice of the peace shall transmit to the auditor of accounts, by mail, on the first Tuesday of April and October in each year, a duly certified list of the cases in which any fine, or forfeiture, has been imposed by him before that time; stating the party, the fine, and the name and place of residence of the constable chargeable. Any neglect of this duty shall be deemed a misdemeanor, and shall be punished by fine not exceeding one hundred dollars; and the court shall, on conviction of such justice, transmit a copy of the record to the general assembly. *2018 To certify fines to auditor.* *Penalty.*

SEC. 12. Whoever shall threaten to kill, or wound, another, or to injure him in person, or estate, shall, on proof of such threats, before a justice of the peace, either by the oath of the party threatened, or otherwise, and on affidavit, by the said party, that he believes, from such threatening, he is in danger to be hurt in body, or estate, be bound to surety of the peace, and for his appearance at the next Court of General Sessions for the county. *2019 Power to bind over for THREATS*

SEC. 13. Any justice of the peace may also cause to be arrested and bind to surety of the peace all affrayers, rioters, breakers and disturbers of the peace, and all who go armed offensively to the terror of the people, or are otherwise disorderly and dangerous. *2020 To cause arrests.*

SEC. 14. He may also cause to be arrested any drunken person, or any person who, in his hearing, shall profanely swear by the name of God, Christ Jesus, or the Holy Spirit; and such person, being thereof convicted by view of the justice, or other proof, shall be fined by him fifty cents for every such profane oath, and fifty cents for every such offence of being drunk. *2021 Drunkards; swearers.*

SEC. 15. If any person, arrested by warrant, or order, of any court of justice, magistrate, or justice of the peace, shall use abusive, railing, or threatening speeches against such court, magistrate, or justice, or shall resist, or assault, any person executing, or aiding in the execution of any such warrant, or order, he shall be fined by such court, magistrate, or justice, any sum not exceeding fifteen dollars. *2022 To punish those who resist authority.*

SEC. 16. When complaint is made in due form to a justice, alleging that an offence has been committed, the justice shall carefully examine the complainant on oath, or affirmation, and if he considers there is probable ground for the accusation, he shall issue his warrant. *2023 Proceedings in criminal cases; complaint.*

A warrant of arrest may be in this form: *2024 Warrant of arrest.*

—— County, ss.    *The State of Delaware,*
                *To any constable of said county, greeting :*

*Whereas G. H. of —— hath upon oath (or affirmation) before me, a justice of the peace of said county declared that on the —— day of —— at —— (state the offence charged) and that he hath just cause to suspect and doth suspect C. D. of —— hundred, of committing the said offence : You are therefore hereby commanded to take the said*

43

*C. D. and bring him before me, or some other justice of the peace of
the county, forthwith, to answer said charge.*

⸨ L. S. ⸩ *Witness the hand and seal of the said justice, the ——
          day of —— A. D. 18—.*

**2025**
**How di-**
**rected.**
In case of emergency, the warrant may be directed to the sheriff,
or coroner, or to any person the justice may name.

**2026**
**Proceeding**
**on arrest.**
SEC. 17. Upon the arrest of any person so charged, the justice,
before whom he is brought in the county where the offence was com-
mitted, shall try the case so far as to determine whether the defend-
ant ought to be discharged, or bound for his appearance at court,
or held to answer finally before the justice; in which last case, the
justice shall proceed to hear fully and to determine the case.  But
if the matter be not properly cognizable before the justice for final
decision, he shall commit, or bind the party for his appearance at
the court having cognizance of the case.

**2027**
**Examina-**
**tion.**
**Voluntary**
**declarations**
SEC. 18. He shall examine the party accused, taking his volun-
tary declarations, without threats, or promises, and shall also ex-
amine the witnesses in the presence of the accused.

**2028**
**In felonies**
**to be in wri-**
**ting.**
If the offence is a felony, he shall reduce the examination of the
accused to writing, and read it to him, and offer it for his signature.
The justice shall sign it.

**2029**
**Testimony**
**in writing.**
He shall also reduce to writing the testimony of each witness, if
material, read it to him in the presence of the accused, sign it, and
require the witness to sign it.  In case of the death of the witness,
it shall be evidence on the trial.

**2030**
**Commit-**
**ment; or**
**binding to**
**appear.**
SEC. 19. If he considers there is probable ground for the accusa-
tion, he shall, in case of a capital crime, commit the accused for
trial, and in any other case bind him, with sufficient surety, for his
appearance at the next Court of General Sessions of the Peace and
Jail Delivery for the county where the offence is alleged to have
been committed; and, if he do not give such surety, shall commit
him for trial.  But when the accused is carried before a justice in
another county than that wherein the warrant was issued, he shall
be held to surety for his appearance, of course.

**2031**
**Binding the**
**witnesses.**
He shall also bind material witnesses for their appearance, with-
out surety, unless he believes the witness will not appear, and that
the loss of his testimony ought not to be risked; in which case, he
may require surety and may commit the witness if it be not given.

**2032**
**[2014, &c.]**
Such binding of the accused, and of the witnesses, shall be by re-
cognizance, as provided in section 8.

**2033**
**To deliver**
**recognizan-**
**ces, &c.**
SEC. 20. Each justice of the peace shall deliver every recogni-
zance, examination and deposition, by him taken, touching any of-
fence, to the clerk of the peace of his county ten days before the
next Court of General Sessions, if the court do not sit sooner; and
if so, then at the session of the court.  For this service, he shall

**Fee.**
receive one dollar from the county if the service be rendered ten
days before the court.

**2034**
**Names of**
**witnesses to**
**be indorsed.**
SEC. 21. He shall indorse on the recognizance the names of the
material witnesses, and the clerk shall issue subpœnas for their ap-

pearance on the first day of the court, or otherwise as the attorney general may direct.

SEC. 22. Every justice shall cause to be arrested, on proper complaint, all persons found within his county charged with any offence; and all persons who, after committing any offence in such county, shall escape out of the same. *2035 Duty to arrest persons complained against.*

SEC. 23. A warrant of arrest, issued by a justice in one county, may be executed in any county of the State; and the constable, or officer, having it in hand, may command aid as in his own county; but he shall, upon request, carry the defendant before some justice of the county, where he is arrested, to be bailed, if he offer sufficient bail and the offence is bailable; otherwise he shall convey him from the county in execution of his warrant. *2036 Warrant, where executed.*

SEC. 24. In criminal cases, bail for the appearance of the accused, except when taken by the sheriff, or officer to whom process is directed, and security for the appearance of a witness, shall be given by recognizance. Each judge of the Superior Court, and every justice of the peace shall have authority to take such recognizance; and when so taken out of court, the recognizance shall be signed by the recognizors. When a person is committed for want of bail, or security, the sum required shall be set down on the commitment. *2037 Bail for appearance, how taken. By whom. Commitment.*

SEC. 25. A person, so committed, shall be discharged upon giving sufficient bail, or security; and any judge, or justice, may require such person to be brought before him for that purpose. *2038 How discharged.*

SEC. 26. A capital offence shall not be bailable; but the Court of General Sessions of the Peace and Jail Delivery, when in session, or any judge thereof in vacation, may admit to bail a person accused of such offence before indictment found, if, upon full inquiry, it appears that there is good ground to doubt the truth of the accusation. On such inquiry, the justice, or officer who committed the accused, shall be summoned, and care shall be taken to hear the proper witnesses. *2039 Capital cases. When bail may be taken.*

SEC. 27. When a person arrested by virtue of process issued upon an indictment, or presentment, except for a capital crime, and except process returnable forthwith, offers sufficient bail, it shall be taken, and the person discharged. The court awarding the process, or any judge thereof, or the attorney general, may determine the sum in which bail shall be taken, and set it down on the process; or if no sum be so determined, the officer issuing the process shall set down what sum he deems reasonable for bail. *2040 Bail in other cases. How determined.*

SEC. 28. Bail shall be taken by the sheriff, or officer to whom the process is directed, by a joint and several bond executed, by the accused and his bail, to the State, in the sum set down for bail upon the process, with condition, in substance, *that if the accused shall appear in the court, mentioned in the process, at the place and time of the return thereof, to answer as expressed therein, and shall not depart the court without leave, the said bond shall be void.* Bond so taken, shall be returned with the process, and, if default be made, it shall be recorded thereon in the same manner as in the case of a recognizance. *2041 How taken by sheriff.*

SEC. 29. Any justice of the peace, or other magistrate authorized to issue warrants in criminal cases, may, within the limits of his jurisdiction, issue his warrant to search any house, or place, for property stolen, or concealed, or for forged, or counterfeited coins, bank bills, or other writings, or for any instrument, or materials, for making the same, and in other cases and for persons when such search is authorized by law, in the manner prescribed by this section and not otherwise, namely:

The application, or complaint, shall be in writing, signed by the complainant and verified by his oath, or affirmation. It shall designate the house, or place, to be searched, and the owner, or occupant thereof (if any), and shall describe the things, or persons sought, as particularly as may be, and shall substantially allege the offence committed by, or in relation to such person, or thing, or the cause for which said search is made, and that the complainant has probable cause to suspect, and does suspect that the same is concealed in the house, or place, designated.

The warrant may be directed to any proper officer, or to any other person by name, for service; it shall recite the essential facts alleged in the complaint, and may be made returnable before the magistrate, or justice, issuing it, or before any other magistrate, or justice, before whom it shall also direct to be brought the person, or thing, searched for, if found, and the person in whose custody, or possession, the same may be found, to be dealt with according to law.

A search warrant shall not authorize the person executing it to search any dwelling-house in the night time, unless the magistrate, or justice, shall be satisfied that it is necessary in order to prevent the escape, or removal, of the person, or things, to be searched for; and then the authority shall be expressly given in the warrant.

SEC. 30. Justices of the peace shall severally have jurisdiction to try and punish any slave who shall join, or be wilfully present at any riot, rout, or unlawful assembly, or who shall commit an assault and battery on any person, or who shall, without the special permission of his master, go armed with any dangerous weapon. In every case of conviction under this section, the justice shall give judgment against the master for the costs of the prosecution, and may issue execution thereon as upon a judgment for debt.

SEC. 31. Any two justices of the peace for the county shall have jurisdiction to try and punish any slave for the offence of stealing, taking and carrying away any goods, chattels effects. bank note, money, bill, promissory note, check, order, bond, or written contract for the payment of money, or delivery of goods, or of receiving, or concealing, any such stolen property knowing it to be stolen, or taken by robbery.

The justices, on conviction of such slave, shall assess the value of the property, so stolen or concealed, unless it shall have been restored, and tax the costs; and shall make an order that the master pay the same, and shall commit the slave until payment, or sale, as provided in chapter 80.

2042
Search warrants, when and how to be issued.

2043
Complaint in writing.

2044
How directed.

2045
When it may be executed at night.

2046
Power to try offences by SLAVES.

Judgment for costs.

2047
Power of two justices to try offences by SLAVES.

2048
Order on master to pay costs, &c.

[1577.]

They shall indorse on any process for the arrest of a slave under this section, an order that the constable shall serve a copy of such process on the master as provided in respect to an original summons. [2049 Service on master.] [2066]

The trial shall not proceed, without the appearance of the master, until the return of the service of such copy is duly verified. [2050 To be verified.]

SEC. 32. Justices of the peace shall severally have jurisdiction of the several offences mentioned in section 4, of chapter 131, being violations of the Sabbath day; and may proceed therein upon their own view, or on other competent evidence. [2051 2902, &c.]

SEC. 33. Upon the death of a justice, or expiration of his term of office, and the appointment of another, it shall be the duty of such justice, or his executors, or administrators, to deliver all his dockets and records, within three months, to his successor in office, if appointed within that time; and if not, then with one of the nearest justices of the same county. The neglect of this duty shall be a misdemeanor punishable by fine of fifty dollars; and the Superior Court may name the justice to whom the delivery shall be made, and enforce an order for such delivery by fine and imprisonment. [2052 Duty of executors of a justice in respect to his records. Penalty.]

SEC. 34. It is the duty of a justice of the peace, upon request and payment, or tender, of the legal fee, to make and certify, under his hand and seal, a true transcript of all the docket entries in any cause before him, or upon any record in his possession, or if specially required, a full and true copy of all the records, entries, process and papers in or touching such cause; and such transcript, or copy, shall be received in evidence in any court. [2053 Duty of justice to give TRANSCRIPT. Or full copies.]

Upon an appeal, a transcript shall be sufficient, unless a full copy be specially requested. Upon a certiorari, the justice shall make a full copy of the entire record and proceedings. [2054 On appeals. On certiorari.]

If any justice of the peace shall, upon such request and payment, or tender, of the lawful fees, refuse or neglect to perform the duty above required, or shall falsely certify any such transcript, or full copy, or shall use any fraud, falsehood, or deceit, in making the same, he shall be deemed guilty of a misdemeanor, and shall be fined not exceeding one hundred dollars, and shall be liable to the party aggrieved in double damages. [2055 Penalties.]

The Superior Court may, in a proper case, supported by affidavit, require the production of the original record. [2056 Originals may be required.]

SEC. 35. Every justice of the peace shall attend, at the place of election in his hundred, on the day of every general election, or special election, from the opening to the closing of the poll, and shall take care that the peace shall be kept, and that the election shall not be interrupted, or disturbed. [2057 Duty to attend elections.]

If any justice shall refuse, or wilfully neglect, to perform this duty, or to obey the lawful commands of the inspector of such election, he shall be deemed guilty of a misdemeanor and shall be fined one hundred dollars. [2058 Penalty.]

## Laws passed in 1686. 289

ny persons as they shall think fit, not exceeding seven, to make orders from time to time, such as may be suitable and beneficial for every town, village, hamlet, or neighbourhood, for preventing all harms by swine, in town, meadows, pastures and gardens, in any respect, and to impose penalties according to their best discretions.

### Chap. VIII.

## An Act appointing some new Commissioners of the Highways.

WHEREAS there was an act made in the year 1682, for the county of Monmouth, to enable Col. Lewis Morris, John Bound, and Joseph Parker, to lay out highways, passages, ferry's, and making bridges and such like; there being three of those persons disenabled for the true performance of the said services, *be it therefore enacted* by the Governor, Council and Deputies now met and assembled, and by the authority of the same, that John Frogmerton, John Slocume, and Nicholas Brown, in the stead and room of Col. Lewis Morris, John Bound, and Joseph Parker, be made capable and hereby invested with the same power to all intents and purposes in the said premises, as the aforesaid Col. Lewis Morris, John Bound, and Joseph Parker, were by the said acts.

### Chap. IX.

## An Act against wearing Swords, &c.

WHEREAS there hath been great complaint by the inhabitants of this Province, that several persons wearing swords, daggers, pistols, dirks, stilladoes, skeines, or any other unusual or unlawful weapons, by reason of which several persons in this Province, receive great abuses, and put in great fear and quarrels, and challenges made, to the great abuse of the inhabitants of this Province. *Be it therefore enacted* by the Governor, and Council, and Deputies now met in General Assembly, and by authority of the same, that no person or persons within this Province, presume to send any challenge in writing, by word of mouth,

19

290      Laws passed in 1686.

or message, to any person to fight, upon pain of being im-
prisoned during the space of six months, without bail or
mainprize, and forfeit ten pounds; and whosoever shall ex-
cept of such challenge, and not discover the same to the
Governor, or some publick officer of the peace, shall forfeit
the sum of ten pounds; the one moiety of the said forfeiture
to be paid unto the Treasurer for the time being, for the
public use of the Province, and the other moiety to such
person or persons as shall discover the same, and make proof
thereof in any court of record within this Province, to be re-
covered by the usual action of debt, in any of the said
courts. *And be it further enacted* by the authority afore-
said, that no person or persons after publication hereof,
shall presume privately to wear any pocket pistol, skeines,
stilladers, daggers or dirks, or other unusual or unlawful
weapons within this Province, upon penalty for the first
offence five pounds, and to be committed by any justice of
the peace, his warrant before whom proof thereof shall be
made, who is hereby authorized to enquire of and proceed in
the same, and keep in custody till he hath paid the said five
pounds, one half to the public treasury for the use of this
Province, and the other half to the informer: And if such
person shall again offend against this law, he shall be in like
manner committed upon proof thereof before any justice of
the peace to the common gaol, there to remain till the next
sessions, and upon conviction thereof by verdict of twelve
men, shall receive judgment to be in prison six month,
and pay ten pounds for the use aforesaid. *And be it fur-
ther enacted* by the authority aforesaid, that no planter shall
ride or go armed with sword, pistol, or dagger, upon the
penalty of five pounds, to be levied as aforesaid, excepting
all officers, civil and military, and soldiers while in actual
service, as also all strangers, travelling upon their lawful oc-
casions thro' this Province, behaving themselves peaceably.

or when the amount or value thereof does not exceed twenty dollars, the same may be prosecuted for by complaint before a police court or a justice of the peace, who shall have jurisdiction thereof, concurrently with the court of common pleas and the municipal court.

*Benefit of clergy and petit treason abolished.*
*1784, 56 & 69.*

SECT. 15. The plea of benefit of clergy, and the distinction between murder and petit treason, are abolished, and the last named offence shall be prosecuted and punished as murder.

# TITLE II.

## Of proceedings in criminal cases.

CHAPTER 134. Of proceedings to prevent the commission of crimes.

CHAPTER 135. Of the arrest and examination of offenders, commitment for trial, and taking bail.

CHAPTER 136. Of indictments and proceedings before trial.

CHAPTER 137. Of trials in criminal cases.

CHAPTER 138. Of appeals, new trials, and exceptions, in criminal cases.

CHAPTER 139. Of judgments in criminal cases, and the execution thereof.

CHAPTER 140. Of coroners inquests.

CHAPTER 141. Of the taxation, allowance and payment of costs in criminal prosecutions.

CHAPTER 142. General provisions concerning proceedings in criminal cases.

## CHAPTER 134.

### OF PROCEEDINGS TO PREVENT THE COMMISSION OF CRIMES.

SECTION
1. Officers, authorized to keep the peace.
2. Complaint, how made.
3. Arrest.
4. Trial—Recognizance to keep the peace.
5. Party, when to be discharged.
6. Refusing to recognize, to be committed.
7. Complainant, when to pay costs.
8. Payment of costs in other cases.
9. Appeal allowed.
10. On appeal, witnesses to recognize.
11. Proceedings upon an appeal.
12. Recognizance, when to remain in force.

SECTION
13. Persons committed for not recognizing, how discharged.
14. Recognizances to be transmitted to the court.
15. " when to be required, on view of the court or magistrate.
16. Persons who go armed, may be required to find sureties for the peace, &c.
17. Court may remit part of penalty forfeited.
18. Surety may surrender his principal, who may recognize anew.

*Officers' authorized to keep the peace.*

SECTION 1. The justices of the supreme judicial court, the justices of the court of common pleas, justices of police courts, in vaca-

tion as well as in open court, and also all justices of the peace, shall have power to cause all laws, made for the preservation of the public peace, to be kept, and in the execution of that power, may require persons to give security to keep the peace, or for their good behavior, or both, in the manner provided in this chapter.

SECT. 2. Whenever complaint shall be made to any such magistrate, that any person has threatened to commit an offence against the person or property of another, the magistrate shall examine the complainant, and any witnesses who may be produced, on oath, and reduce such complaint to writing, and cause the same to be subscribed by the complainant. *Complaint, how made.*

SECT. 3. If, upon examination, it shall appear that there is just cause to fear that any such offence may be committed, the magistrate shall issue a warrant under his hand, reciting the substance of the complaint, and requiring the officer, to whom it may be directed, forthwith to apprehend the person complained of, and bring him before such magistrate, or some other magistrate or court having jurisdiction of the cause. *Arrest. 1794, 26, § 2.*

SECT. 4. When the party complained of is brought before the magistrate, he shall be heard in his defence, and he may be required to enter into a recognizance, with sufficient sureties, in such sum as the magistrate shall direct, to keep the peace towards all the people of this Commonwealth, and especially towards the person requiring such security, for such term as the magistrate may order, not exceeding six months, but shall not be bound over to the next court, unless he is also charged with some other offence, for which he ought to be held to answer at such court. *Trial. Recognizance to keep the peace. 4 Mass. 497. 8 Mass. 73. 2 B. & A. 278. 1833, 63, §§ 1, & 2.*

SECT. 5. Upon complying with the order of the magistrate, the party complained of shall be discharged. *Party, when to be discharged.*

SECT. 6. If the person, so ordered to recognize, shall refuse or neglect to comply with such order, the magistrate shall commit him to the county jail, house of correction, or house of industry, during the period for which he was required to give security, or until he shall so recognize; stating, in the warrant, the cause of commitment, with the sum and the time for which security was required. *Refusing to recognize, to be committed. 1833, 63, § 1*

SECT. 7. If, upon examination, it shall not appear that there is just cause to fear that any such offence will be committed by the party complained of, he shall be forthwith discharged; and if the magistrate shall deem the complaint unfounded, frivolous or malicious, he may order the complainant to pay the costs of prosecution, who shall thereupon be answerable to the magistrate and the officer for their fees, as for his own debt. *Complainant when to pay costs.*

SECT. 8. When no order respecting the costs is made by the magistrate, they shall be allowed and paid, in the same manner as costs before justices in criminal prosecutions; but in all cases, where a person is required to give security for the peace, or for his good behavior, the court or magistrate may further order that the costs of prosecution, or any part thereof, shall be paid by such person, who shall stand committed, until such costs are paid, or he is otherwise legally discharged. *Payment of costs in other cases. 1824, 128, § 2. 1834, 151, § 4.*

SECT. 9. Any person aggrieved by the order of any justice of the peace, or of a police court, requiring him to recognize as afore- *Appeal allowed. 1833, 63, § 1.*

said, may, on giving the security required, appeal to the court of common pleas, next to be held in the same county, or, in the city of Boston, to the municipal court.

*On appeal, witnesses to recognize.* — Sect. 10.  The magistrate, from whose order an appeal is so taken, shall require such witnesses, as he may think necessary to support the complaint, to recognize for their appearance at the court to which the appeal is made.

*Proceedings on appeal.* — Sect. 11.  The court, before which such appeal is prosecuted, may affirm the order of the justice, or discharge the appellant, or may require the appellant to enter into a new recognizance, with sufficient sureties, in such sum, and for such time, as the court shall think proper, and may also make such order, in relation to the costs of prosecution, as may be deemed just and reasonable.

*Recognizance, when to remain in force.* — Sect. 12.  If any party appealing shall fail to prosecute his appeal, his recognizance shall remain in full force and effect, as to any breach of the condition, without an affirmation of the judgment or order of the magistrate, and shall also stand as a security for any costs, which shall be ordered, by the court appealed to, to be paid by the appellant.

*Persons committed for not recognizing, how discharged.* — Sect. 13.  Any person, committed for not finding sureties, or refusing to recognize, as required by the court or magistrate, may be discharged by any judge or justice of the peace, on giving such security as was required.

*Recognizances to be transmitted to the court.* — Sect. 14.  Every recognizance, taken pursuant to the foregoing provisions, shall be transmitted by the magistrate to the court of common pleas for the county, or, in the city of Boston, to the municipal court, on or before the first day of the next term, and shall be there filed of record by the clerk.

*— when to be required on view of the court or magistrate.* — Sect. 15.  Every person who shall, in the presence of any magistrate mentioned in the first section of this chapter, or before any court of record, make an affray, or threaten to kill or beat another, or to commit any violence or outrage against his person or property, and every person, who in the presence of such court or magistrate, shall contend with hot and angry words, to the disturbance of the peace, may be ordered, without process or any other proof, to recognize for keeping the peace, or being of good behavior, for a term not exceeding three months, and in case of refusal, may be committed, as before directed.

*Persons who go armed may be required to find sureties for the peace, &c. 1794, 26, § 2.* — Sect. 16.  If any person shall go armed with a dirk, dagger, sword, pistol, or other offensive and dangerous weapon, without reasonable cause to fear an assault or other injury, or violence to his person, or to his family or property, he may, on complaint of any person having reasonable cause to fear an injury, or breach of the peace, be required to find sureties for keeping the peace, for a term not exceeding six months, with the right of appealing as before provided.

*Court may remit part of penalty. 7 Mass. 397. 1810. 80.* — Sect. 17.  Whenever, upon a suit brought on any such recognizance, the penalty thereof shall be adjudged forfeited, the court may remit such portion of the penalty, on the petition of any defendant, as the circumstances of the case shall render just and reasonable.

*Surety may surrender his* — Sect. 18.  Any surety in a recognizance to keep the peace, or for good behavior, or both, shall have the same authority and right

to take and surrender his principal, as if he had been bail for him in principal, who may recognize anew. a civil cause, and upon such surrender shall be discharged, and exempt from all liability, for any act of the principal subsequent to such surrender, which would be a breach of the condition of the recognizance ; and the person, so surrendered, may recognize anew, with sufficient sureties, before any justice of the peace, for the residue of the term, and thereupon shall be discharged.

# CHAPTER 135.

OF THE ARREST AND EXAMINATION OF OFFENDERS, COMMITMENT
FOR TRIAL, AND TAKING BAIL.

SECTION

1. Officers, empowered to act under this chapter.
2. Complaints, warrants, and summonses for witnesses.
3. In what counties warrants may be executed.
4. Prisoners, when to be brought before magistrate, on arrest, &c.
5. Magistrate, if he take bail, to return the recognizance to court, &c.
6. Officer, how to proceed if prisoner is not bailed
7, 8. Prisoner when to be carried to the county whence the warrant issued.
9. Magistrate may adjourn the examination, &c.
10. In case of default, magistrate to certify recognizance to C. C. Pleas.
1  Proceedings, when the party fails to recognize.
12, 13, 14. Manner of conducting the examination.

SECTION

15. Testimony may be reduced to writing.
16. Prisoner, when to be discharged.
17.   "   when to be bailed, or committed.
18. Witnesses to recognize.
19. Witnesses, when to recognize with sureties.
20. Recognizances of married women and minors.
21. Witnesses, refusing to recognize, to be committed.
22. Prisoners, by whom let to bail.
23. Examining magistrate may have associates.
24. Examinations and recognizances to be returned.
25. Commitments, when to be superseded, and recognizances discharged.
26. Orders therefor, how to be filed, and effect thereof.
27, 28, 29, 30. Proceedings on forfeited recognizances.

SECTION 1.   For the apprehension of persons charged with offences, the justices of the supreme judicial court, justices of the court of common pleas, justices of any police court, in vacation as well as in term time, and all justices of the peace, are authorized to issue process, to carry into effect the provisions of this chapter. Officers, empowered to act under this chapter.

SECT. 2.   Upon complaint, made to any such magistrate, that a criminal offence has been committed, he shall examine on oath the complainant, and any witnesses produced by him, and shall reduce the complaint to writing, and shall cause the same to be subscribed by the complainant ; and if it shall appear that any such offence has been committed, the court or justice shall issue a warrant, reciting the substance of the accusation, and requiring the officer, to whom it shall be directed, forthwith to take the person accused, and to bring him before the said court or justice, or before some other court or magis- Complaints, warrants, and summonses for witnesses.

## STATUTES OF WISCONSIN.

the condition, without an affirmation of the judgment or order of the magistrate, and shall also stand as a security for any costs which shall be ordered by the court appealed to, to be paid by the appellant.

§ 13. Any person committed for not finding sureties, or refusing to recognize as required by the court or magistrate, may be discharged by any judge or justice of the peace on giving such security as was required. *Not recognizing, how discharged.*

§ 14. Every recognizance taken in pursuance of the foregoing provisions shall be transmitted by the magistrate to the district court for the county on or before the first day of the next term, and shall be there filed of record by the clerk. *Recognizances transmitted to court.*

§ 15. Any person who shall, in the presence of any magistrate mentioned in the first section of this statute, or before any court of record, make an affray, or threaten to kill or beat another, or to commit any violence or outrage against his person or property, and every person who, in the presence of such court or magistrate, shall contend, with hot and angry words, to the disturbance of the peace, may be ordered, without process or any other proof, to recognize for keeping the peace and being of good behavior, for a term not exceeding six months, and in case of refusal may be committed as before directed. *When required on view of court, &c.*

§ 16. If any person shall go armed with a dirk, dagger, sword, pistol or pistols, or other offensive and dangerous weapon, without reasonable cause to fear an assault or other injury, or violence to his person, or to his family, or property, he may, on complaint of any other person having reasonable cause to fear an injury or breach of the peace, be required to find sureties for keeping the peace for a term not exceeding six months, with the right of appealing as before provided. *Persons going armed to give security, &c.*

§ 17. Whenever, upon a suit brought on any such recognizance, the penalty thereof shall be adjudged forfeited, the court may remit such portion of the penalty on the petition of any defendant, as the circumstances of the case shall render just and reasonable. *Part of penalty remitted.*

§ 18. Any surety in a recognizance to keep the peace or for good behavior or both, shall have the same authority and right to take and surrender his principal as if he had been bail for him in a civil cause, and upon such surrender shall be discharged and exempt from all liability for any act of the principal subsequent to such surrender, which would be a breach of the condition of the recognizance; and the person so surrendered may recognize anew, with sufficient sureties, before any justice of the peace for the residue of the term, and thereupon shall be discharged. *Surety may surrender principal.*

## AN ACT making general provisions concerning crimes and punishments.

§ 1. That every person who shall be aiding in the commission of any offence, which shall be a felony either at common law or by any statute now made, or which shall be hereafter made, or who shall be accessory thereto before the fact, by counselling, hiring or otherwise procuring such felony to be committed, shall be punished in the same manner as is or shall be prescribed for the punishment of the principal felon. *Accessory to felony before the fact, how punished.*

Case 4:14-cv-00139-HLM   Document 47-2   Filed 12/30/15   Page 41 of 99

refusing to recognize, as required by the court or magistrate, may be discharged by any judge or justice of the peace, on giving such security, as was required.

*may be taken after commitment.*

SECT. 14. Every recognizance, taken pursuant to the foregoing provisions, shall be transmitted to the district court, on or before the first day of the next ensuing term, and shall there be filed by the clerk, as of record.

*Return of such recognizance.*

SECT. 15. Whoever, in the presence of any magistrate, mentioned in the second section of this chapter, or before any court of record, shall make any affray or threaten to kill or beat another, or commit any violence against his person or property, or shall contend, with hot and angry words, to the disturbance of the peace, may be ordered, without process or any other proof, to recognize for keeping the peace, or being of the good behavior for a term, not exceeding three months, and, in case of refusal, may be committed to prison as before directed.

*When magistrate may require sureties, without a formal complaint, &c.*

SECT. 16. Any person, going armed with any dirk, dagger, sword, pistol, or other offensive and dangerous weapon, without a reasonable cause to fear an assault on himself, or any of his family or property, may, on the complaint of any person having cause to fear an injury or breach of the peace, be required to find sureties for keeping the peace for a term, not exceeding one year, with the right of appeal as before provided.

*Persons going armed, without reasonable cause.*
*1821, 76, § 1.*

SECT. 17. In a suit, on such recognizance taken in a criminal case, if a forfeiture is found or confessed, the court, on petition, may remit the penalty, or such part of it as they may think proper, on such terms as they may think right.

*Power of court, to remit the penalty of a recognizance.*
*1821, 50, § 4.*

SECT. 18. Any surety in a recognizance may surrender the principal in the same manner, as if he had been his bail in a civil cause, and, on such surrender, shall be discharged from all liability for any act of the principal after such surrender, which would be a breach of the recognizance; and, upon such surrender, the principal may recognize anew with sufficient surety or sureties for the residue of the term, before any justice of the peace, and shall thereupon be discharged.

*Sureties on recognizances may surrender their principals as in case of bail in civil actions.*

---

# CHAPTER 170.

### OF THE POWER AND PROCEEDINGS OF JUSTICES OF THE PEACE IN CRIMINAL CASES.

SECT. 1. Justices may require aid, on view, without a warrant.

2. Their jurisdiction.

3. When a justice shall issue his warrant.

4. Examination, on trial, of the party accused.

5. Of commitment or binding over to a higher court.

SECT. 6. Duty of justices, as to arrests, and examinations into treasons, felonies, &c.

7. Trial and sentence within their jurisdiction.

8. Respondent may appeal; but required to recognize.

9. To carry up copies of the case.

PREVENTION OF CRIME.

# TITLE XXXI.

### OF PROCEEDINGS IN CRIMINAL CASES.

Chapter 162. Of Proceedings to prevent the Commission of Crime.
Chapter 163. Of the Arrest and Examination of Offenders, commitment for Trial and taking Bail.
Chapter 164. Of Indictments and Proceedings before Trial.
Chapter 165. Of Trials in Criminal Cases.
Chapter 166. Of new Trials and Exceptions in Criminal Cases.
Chapter 167. Of Coroners' Inquests.
Chapter 168. Of Judgments in Criminal Cases and the Execution thereof.
Chapter 169. Of Fees of Officers and Ministers of Justice in Criminal Cases.
Chapter 170. Miscellaneous Provisions concerning Proceedings in Criminal Cases.

## CHAPTER 162.

### OF PROCEEDINGS TO PREVENT THE COMMISSION OF CRIME.

*Officers authorized to keep the peace.*

SECTION 1. The justices of the supreme court, judges of county courts, circuit court commissioners, all mayors and recorders of cities, and all justices of the peace, shall have power to cause all laws made for the preservation of the public peace, to be kept, and in the execution of that power, may require persons to give security to keep the peace, in the manner provided in this chapter.

*Complaint, how made.*

SEC. 2. Whenever complaint shall be made in writing and on oath, to any such magistrate, that any person has threatened to commit any offence against the person or property of another, it shall be the duty of such magistrate to examine such complainant, and any witnesses who may be produced, on oath, to reduce such examination to writing, and to cause the same to be subscribed by the parties so examined.

*Arrest.*

SEC. 3. If it shall appear from such examination, that there is just reason to fear the commission of any such offence, such magistrate shall issue a warrant under his hand, directed to the sheriff or any constable of the county, reciting the substance of the complaint, and commanding him forthwith to apprehend the person so complained of, and bring him before such magistrate.

*Trial, recognizance.*
*4 Mass., 497.*
*8   do.,   73.*
*9 B. & A., 278.*

SEC. 4. When the party complained of is brought before the magistrate, he shall be heard in his defence, and he may be required to enter into a recognizance with sufficient sureties, in such sum as the magistrate shall direct, to keep the peace towards all the people of

this state, and especially towards the person requiring such security,
for such term as the magistrate may order, not exceeding one year, but shall not be bound over to the next court, unless he is also charged with some other offence, for which he ought by law to be held to answer at such court.

SEC. 5. Upon complying with the order of the magistrate, the party complained of shall be discharged. *Party, when discharged.*

SEC. 6. If the person so ordered to recognize, shall refuse or neglect to comply with such order, the magistrate shall commit him to the county jail, during the period for which he was required to give security, or until he shall so recognize; stating in the warrant the cause of commitment, with the sum and the time for which such security was required. *Refusing to recognize, to be committed.*

SEC. 7. If, upon examination, it shall not appear that there is just cause to fear that any such offence will be committed by the party complained of, he shall be forthwith discharged; and if the magistrate shall deem the complaint unfounded, frivolous or malicious, he shall order the complainant to pay the costs of the prosecution, who shall thereupon be answerable to the magistrate and the officer *(officers)* for their fees, as for his own debt. *Complainant, when to pay costs.*

SEC. 8. When no order respecting the costs is made by the magistrate, they shall be allowed and paid in the same manner as costs before justices in criminal prosecutions; but in all cases where a person is required to give security to keep the peace, the court or magistrate may further order that the costs of prosecution, or any part thereof, shall be paid by such person, who shall stand committed, until such costs are paid, or he is otherwise legally discharged. *Payment of cost in other cases.*

SEC. 9. Any person aggrieved by the order of any justice of the peace, requiring him to recognize as aforesaid, may, on giving the recognizance to keep the peace required by such order, appeal to the circuit court for the same county. *Appeal allowed.*

SEC. 10. The justice from whose order an appeal is taken, shall require such witnesses as he may think necessary to support the complaint, to recognize for their appearance at the court to which the appeal is made. *Witnesses to recognize.*

SEC. 11. The court before which such appeal is prosecuted, may affirm the order of the justice, or discharge the appellant, or may require the appellant to enter into a new recognizance, with sufficient sureties, in such sum, and for such time, not exceeding one year, as the court shall think proper, and may also make such order in relation to the costs of prosecution, as may be deemed just. *Court may affirm order of justice, or discharge appellant, &c.*

SEC. 12. If any party appealing shall fail to prosecute his appeal, his recognizance shall remain in full force and effect, as to any breach of the condition, without an affirmation of the judgment or order of the justice, and shall also stand as a security for any costs which shall be ordered by the court appealed to, to be paid by the appellant. *Recognizance, when to remain in force.*

SEC. 13. Any person committed for not finding sureties, or refusing to recognize, as required by the court or magistrate, may be discharged by any judge, circuit court commissioner or justice of the peace, on giving such security as was required. *Person committed how discharged.*

SEC. 14. Every recognizance, taken pursuant to the foregoing provisions, shall be transmitted by the magistrate to the clerk of the circuit court for the county, within twenty days after the taking thereof, and on or before the next term of such court, and shall be filed by such clerk. *Recognizance to be transmitted to clerk of court.*

TITLE XXXI.
CHAPTER 163.

Breach of peace in presence of magistrate, &c.

SEC. 15. Every person who shall, in the presence of any magistrate mentioned in the first section of this chapter, or before any court of record, make an affray, or threaten to kill or beat another, or to commit any violence or outrage against his person or property, and every person who, in the presence of such court or magistrate, shall contend with hot and angry words, to the disturbance of the peace, may be ordered, without process or any other proof, to recognize for keeping the peace, for a term not exceeding six months, and in case of refusal, may be committed as before directed.

Person going armed to find sureties for the peace.

SEC. 16. If any person shall go armed with a dirk, dagger, sword, pistol, or other offensive and dangerous weapon, without reasonable cause to fear an assault or other injury, or violence to his person, or to his family or property, he may, on complaint of any person having reasonable cause to fear an injury or breach of the peace, be required to find sureties for keeping the peace, for a term not exceeding six months, with the right of appealing as before provided.

Court may remit part of penalty. 7 Mass., 397.

SEC. 17. Whenever upon a suit brought on any recognizance entered into in pursuance of this chapter, the penalty thereof shall be adjudged forfeited, the court may remit such portion of the penalty, on the petition of any defendant, as the circumstances of the case shall render just and reasonable.

Surety may surrender his principal, effect of surrender.

SEC. 18. Any surety in a recognizance to keep the peace, shall have the same authority and right to take and surrender his principal as in other criminal cases, and upon such surrender shall be discharged and exempt from all liability for any act of the principal subsequent to such surrender, which would be a breach of the condition of the recognizance; and the person so surrendered may recognize anew, with sufficient sureties, before any justice of the peace or circuit court commissioner for the residue of the term, and shall thereupon be discharged.

## CHAPTER 163.

### OF THE ARREST AND EXAMINATION OF OFFENDERS, COMMITMENT FOR TRIAL AND TAKING BAIL.

What officers may issue process for the arrest of offenders, &c.

SECTION 1. For the apprehension of persons charged with offences, excepting such offences as are cognizable by justices of the peace, the justices of the supreme court, judges of the county courts, circuit court commissioners, mayors and recorders of cities, and all justices of the peace, shall have power to issue process and to carry into effect the provisions of this chapter.

Complainant, &c. to be examined.

SEC. 2. Whenever complaint shall be made to any such magistrate, that a criminal offence, not cognizable by a justice of the peace, has been committed, he shall examine on oath the complainant, and any witnesses who may be produced by him.

Proceedings if it appear that an offence has been committed.

SEC. 3. If it shall appear from such examination, that any criminal offence, not cognizable by a justice of the peace, has been committed, the magistrate shall issue a warrant, directed to the sheriff or any constable of the county, reciting the substance of the accusation, and

# TITLE III.

### OF PROCEEDINGS IN CRIMINAL CASES.

CHAP. 14. Of proceedings to prevent the commission of crimes.
     15. Of arrest and commitment.
     16. Of coroners' inquests.
     17. Of bail in criminal cases.
     18. Of examining courts.
     19. Of grand juries.
     20. Of indictments, presentments and informations, and process thereon.
     21. Of trial and its incidents.
     22. Of exceptions, writs of error and execution of judgment.
     23. Of taxation and allowance of costs.
     24. Of contempts of court.
     25. Of general provisions concerning proceedings in criminal cases.
     26. Of criminal proceedings against slaves, free negroes and mulattoes.

## CHAP. XIV.

### OF PROCEEDINGS TO PREVENT THE COMMISSION OF CRIMES.

SECTION
1. Officers authorized to keep the peace.
2. Complaint, how made.
3. Arrest.
4. Trial. Recognizance to keep the peace.
5. Party, when discharged.
6. Refusing to recognize, to be committed.
7. Complainant when to pay costs.
8. Payment of costs in other cases.
9. Appeal allowed.
10. On appeal, witnesses to recognize.
11. Proceedings on appeal.

SECTION
12. Recognizance, when to remain in force.
13. Persons committed for not recognizing, how discharged.
14. Recognizances to be transmitted to court.
15. Recognizances, when to be required on view of the court or magistrate.
16. Persons who go armed may be required to find sureties of the peace, &c.
17. Persons not of good fame to give surety for good behaviour.

1. The judges of the supreme court of appeals, the judges of the general court throughout the commonwealth, all justices of the peace and commissioners in chancery within their respective jurisdictions, shall have power to cause all laws made for the preservation of the public peace, to be kept, and in the execution of that power, may require persons to give security to keep the peace, or for their good behaviour, or both, in the manner hereinafter provided. *Officers authorized to keep the peace. Power to require security for behaviour.*

2. Whenever complaint shall be made to any such magistrate that there is good cause for fear that any person intends to commit an offence against the person or property of another, the magistrate shall examine the complainant and any witnesses who may be produced on oath, and reduce such complaint to writing, and cause the same to be subscribed by the complainant. *Complaint how made.*

3. If upon examination, it shall appear that there is just cause to fear that any such offence may be committed, the magistrate shall issue a warrant under his hand, reciting the substance of the complaint, and requiring the officer to whom it may be directed, forthwith to apprehend the person complained of, and bring him before such magistrate, or some other magistrate having jurisdiction of the cause. *Arrest.*

Trial.

Recognizance to keep peace.

4. When the party complained of is brought before the magistrate, he shall be heard in his defence, and he may be required to enter into a recognizance, with sufficient sureties, in such sum as the magistrate shall direct, to keep the peace towards all the people of this commonwealth, and especially towards the person making the complaint, for such term as the magistrate may order, not exceeding twelve months, but shall not be bound over to the next court, unless he is also charged with some other offence, for which he ought to be held to answer at such court.

Party when discharged.

5. Upon complying with the order of the magistrate, the party complained of shall be discharged.

Refusing to recognize, to be committed.

6. If the person so ordered to recognize shall refuse or neglect to comply with such order, the magistrate shall commit him to the jail during the period for which he was required to give security, or until he shall so recognize, stating in the warrant the cause of commitment, with the sum and the time for which security was required.

Defendant when discharged.

Complainant when to pay costs.

7. If upon examination it shall not appear that there is just cause to fear that any such offence will be committed by the party complained of, he shall be forthwith discharged; and if the magistrate shall deem the complaint unfounded, frivolous or malicious, he may order the complainant to pay the costs of the prosecution, and thereupon award execution against him for the same.

Payment of costs in other cases.

8. When no order respecting the costs is made by the magistrate, they shall be allowed and paid in the same manner as costs before justices in criminal prosecutions; but in all cases where a person is required to give security for the peace, or for his good behaviour, the court or magistrate may further order that the costs of prosecution, or any part thereof, shall be paid by such person, who shall stand committed until such costs are paid, or he is otherwise legally discharged.

Appeal against order to recognize allowed.

9. Any person aggrieved by the order of any justice of the peace requiring him to recognize as aforesaid, may, on giving the security required, appeal to the county or corporation court next to be holden for the said county or corporation.

On appeal, witnesses to recognize.

10. The magistrate from whose order an appeal is taken, shall require such witnesses as he may think necessary to support the complaint, to recognize for their appearance at the court to which the appeal is made.

Proceedings on appeal.

Costs.

11. The court before which such appeal is prosecuted, may affirm the order of the justice, or discharge the appellant, or may require him to enter into a new recognizance, with sufficient sureties, in such sum, and for such time, as the court shall think proper; and may also make such order in relation to the costs of prosecution as may be deemed just and reasonable.

Recognizance to be valid unless appeal prosecuted.

12. If any party appealing shall fail to prosecute his appeal, his recognizance shall remain in full force and effect, as to any breach of the condition, without any affirmation of the order of the magistrate, and shall also stand as a security for any costs which shall be ordered by the court appealed to, to be paid by the appellant.

Persons committed for not recognizing, how discharged.

13. Any person committed for not finding securities, or refusing to recognize as required by the court or magistrate, may be discharged by any judge or justice of the peace on giving such security as was required, or by the county court, on such terms as the court may deem reasonable.

Recognizances returned to court.

14. Every recognizance taken pursuant to the foregoing provisions, shall be transmitted by the magistrate to the court of the county on or before the first day of the next term thereof, and shall be there filed of record by the clerk.

15. Every person who shall, in the presence of any magistrate, mentioned in the first section of this act, or before any court of record, make an affray, or threaten to kill or beat another, or to commit any violence or outrage against his person or property, and every person who, in the presence of such court or magistrate, shall contend with hot and angry words, to the disturbance of the peace, may be ordered without process or any other proof, to recognize for keeping the peace, or being of good behaviour, for a term not exceeding six months, and in case of refusal may be committed as before directed. *(margin: Recognizances required for offences in presence of magistrate or court.)*

16. If any person shall go armed with any offensive or dangerous weapon, without reasonable cause to fear an assault or other injury, or violence to his person, or to his family or property, he may be required to find sureties for keeping the peace for a term not exceeding twelve months, with the right of appealing as before provided. *(margin: Persons armed, required to find sureties. Appeal allowed.)*

17. Such persons as are not of good fame may be required to give sufficient surety of their good behaviour for such term, not exceeding twelve months, as the magistrate requiring it may order. *(margin: Persons not of good fame to give surety.)*

---

## CHAP. XV.

### OF ARREST AND COMMITMENT.

SECTION
1. Officers empowered to act.
2. Complaints, warrants and summonses.
3. Offence committed in another county.
4. In what county warrant may be executed.
5. Prisoner, when to be brought before magistrate on arrest.
6. Magistrate, if he take bail, to return recognizance, &c.
7. Officer, how to proceed if prisoner not bailed.
8. Prisoner, when to be carried to county whence warrant issued.
9. Same subject.
10. Magistrate may adjourn examination.
11. In case of default, recognizance to be certified.
12. Proceedings when party fails to recognize.
13. }
14. } Manner of conducting examination.
15. }
16. Testimony to be reduced to writing.

SECTION
17. When prisoner to be discharged.
18. When to be bailed or committed.
19. If party entitled to examination, &c.
20. If not so entitled, and triable on indictment, &c.
21. If party charged be free negro, &c.
22. Duty of magistrate, &c.
23. Witnesses to recognize.
24. Witnesses, when to recognize with sureties.
25. Recognizances of minors, &c.
26. Witnesses refusing to recognize.
27. Magistrate may associate others.
28. Prisoner by whom let to bail.
29. Recognizances, &c. to be returned.
30. Commitments, &c. when to be discharged.
31. Orders therefor, how to be filed &c.
32. }
33. } Proceedings on forfeited recognizances.
34. }
35. }
36. Right of surety to surrender principal.
37. To whom to be surrendered.
38. When to the court.

1. For the apprehension of persons charged with offences, the judges of the general court, and all justices of the peace in vacation as well as in term time, are authorized to issue process to carry into effect the provisions of this act. *(margin: Process to arrest for offences, by whom issued.)*

2. Upon complaint made to any such magistrate that a criminal offence has been committed, he shall examine on oath the complainant and any witnesses produced by him, and shall reduce the complaint to writing, and cause the same to be subscribed by the complainant; and if it shall appear that any such offence has been com- *(margin: Examination on complaint.)*

17

as are necessary to bring the case within the provisions of law, issue a warrant to bring the person so charged before the same, or some other court or magistrate within the territory, to answer such complaint as in other cases.

**When person charged to give recognizance.**

SEC. 4.  If, upon examination of the person charged, it shall appear to the court or magistrate, that there is reasonable cause to believe that the complaint is true, and that such person may be lawfully demanded of the governor, he shall, if not charged with a capital crime, be required to recognize with sufficient sureties, in a reasonable sum, to appear before such court or magistrate at a future day, allowing a reasonable time to obtain the warrant of the executive, and to abide the order of the court or magistrate; and if such person shall not so recognize, he

**When to be committed.**

shall be committed to prison, and be there detained until such day, in like manner as if the offence charged had been committed within this territory; and if the person so recognizing shall fail to appear according to the condition of his recognizance, he shall be defaulted, and the like

**Forfeiture of recognizance.**

proceedings shall be had as in the case of other recognizances entered into before such court or magistrate; but if such person be charged with a capital crime, he shall be committed to prison, and there detained until the day so appointed for his appearance before the court or magistrate.

**When discharged.**

SEC. 5.  If the person so recognized or committed, shall appear before the court or magistrate upon the day ordered, he shall be discharged unless he be demanded by some person authorized by the war-

**May be delivered on warrant of executive, &c.**

rant of the executive to receive him, or unless the court or magistrate shall see cause to commit him, or to require him to recognize anew, for his appearance at some other day and if, when ordered, he shall not so recognize, he shall be committed and detained as before provided; whether the person so discharged shall be recognized, committed, or discharged, any person authorized by the warrant of the executive, may at all times, take him into custody, and the same shall be a discharge of the recognizance, if any, and shall not be deemed an escape.

**Complainant liable for costs, &c.**

SEC. 6.  The complainant in such case, shall be answerable for the actual costs and charges, and for the support in prison, of any person so committed, and shall advance to the jailor one week's board, at the time of commitment, and so from week to week, so long as such person shall remain in jail, and if he fail so to do, the jailor may forthwith discharge such person from his custody.

---

## CHAPTER 112.

## OF PROCEEDINGS TO PREVENT THE COMMISSION OF CRIMES.

SECTION
1. What officers to cause public peace to be kept.
2. Proceedings when complaint is made to magistrate.

SECTION
3. Magistrate when to issue warrant.
4. Proceedings upon examination, before magistrate.
5. Defendant may have counsel.

# PROCEEDINGS TO PREVENT CRIMES.

SECTION
6. Defendant when to enter into recognizance.
7. Defendant when to be discharged.
8. Defendant when to be committed.
9. Defendant when to be discharged.
10. Costs by whom paid.
11. Appeal when allowed.
12. When magistrate may require witnesses to recognize.
13. District court how to proceed upon such appeal.
14. When appellant fails to prosecute appeal, recognizance to be in force.

SECTION
15. After commitment, how defendant may be discharged.
16. Recognizance to be transmitted to district court.
17. When person may be ordered to recognize without warrant.
18. Persons carrying offensive weapons, how punished.
19. Suit brought on recognizance.
20. Surety may take and surrender principal in recognizance.

SEC. 1.   The judges of the several courts of record, in vacation as well as in open court, and all justices of the peace, shall have power to cause all laws made for the preservation of the public peace, to be kept, and in the execution of that power, may require persons to give security to keep the peace, or for their good behavior, or both, in the manner provided in this chapter.

*What officers to cause public peace to be kept.*

SEC. 2.   Whenever complaint shall be made to any such magistrate, that any person has threatened to commit an offence against the person or property of another, the magistrate shall examine the complainant and any witness who may be produced, on oath, and reduce such complaint to writing and cause the same to be subscribed by the complainant.

*Proceedings when complaint is made to magistrate.*

SEC. 3.   If upon examination, it shall appear that there is just cause to fear that any such offence may be committed, the magistrate shall issue a warrant under his hand, reciting the substance of the complaint, and requiring the officer to whom it may be directed, forthwith to apprehend the person complained of, and bring him before such magistrate or some other magistrate or court, having jurisdiction of the cause.

*Magistrate when to issue warrant.*

SEC. 4.   The magistrate before whom any person is brought upon charge of having made threats as aforesaid, shall as soon as may be, examine the complainant and the witnesses to support the prosecution, on oath, in the presence of the party charged, in relation to any matters connected with such charge, which may be deemed pertinent.

*Proceedings upon examination before magistrate.*

SEC. 5.   After the testimony to support the prosecution, the witnesses for the prisoner, if he have any, shall be sworn and examined, and he may be assisted by counsel in such examination, and also in the cross examination of the witnesses in support of the prosecution.

*Defendant may have counsel.*

SEC. 6.   If upon examination it shall appear that there is just cause to fear that any such offence will be committed by the party complained of, he shall be required to enter into a recognizance and with sufficient sureties, in such sum as the magistrate shall direct, to keep the peace towards all the people of this territory, and especially towards the persons requiring such security, for such term as the magistrate shall order, not exceeding six months; but he shall not be ordered to recognize for his appearance at the district court, unless he is charged with some offence for which he ought to be held to answer at said court.

*Defendant when to enter into recognizance.*

SEC. 7.   Upon complying with the order of the magistrate, the party complained of shall be discharged.

*Defendant when to be discharged.*

SEC. 8.   If the person so ordered to recognize shall refuse or neglect to comply with such order, the magistrate shall commit him to the county jail during the period for which he was required to give security, or until he shall so recognize, stating in the warrant the cause of commitment, with the sum and time for which security was required.

*Defendant when to be committed.*

SEC. 9.   If, upon examination, it shall not appear that there is just cause to fear that any such offence will be committed by the party complained of, he shall be forthwith discharged; and if the magistrate shall

*Defendant when to be discharged.*

528                 PROCEEDINGS TO PREVENT CRIME.

deem the complaint unfounded, frivolous, or malicious, he shall order the complainant to pay the costs of prosecution, who shall thereupon be answerable to the magistrate and the officer for their fees as for his own debt.

Costs by whom paid

SEC. 10.   When no order respecting the costs is made by the magistrate, they shall be allowed and paid in the same manner as costs before justices in criminal prosecutions; but in all cases where a person is required to give security for the peace or for his good behavior, the magistrate may further order the costs of prosecution or any part thereof to be paid by such person, who shall stand committed until such costs are paid, or he is otherwise legally discharged.

Appeal when allowed.

SEC. 11.   Any person aggrieved by the order of any justice of the peace requiring him to recognize as aforesaid, may, on giving the security required, appeal to the district court next to be holden in the same county, or that county to which said county is attached for judicial purposes.

When magistrate may require witness to recognize.

SEC. 12.   The magistrate from whose order an appeal is so taken, shall require such witnesses as he may think necessary to support the complaint, to recognize for their appearance at the court to which appeal is made.

District court how to proceed upon such appeal.

SEC. 13.   The court before which such appeal is prosecuted, may affirm the order of the justice or discharge the appellant, or may require the appellant to enter into a new recognizance, with sufficient sureties, in such sum and for such time as the court shall think proper, and may also make such order in relation to the costs of prosecution as he may deem just and reasonable.

When appellant fails to prosecute appeal, recognizance to be in force.

SEC. 14.   If any party appealing, shall fail to prosecute his appeal, his recognizance shall remain in full force and effect as to any breach of the condition, without an affirmation of the judgment or order of the magistrate, and shall also stand as a security for any costs which shall be ordered by the court appealed to, to be paid by the appellant.

After commitment, how defendant may be discharged.

SEC. 15.   Any person committed for not finding sureties, or refusing to recognize as required by the court or magistrate, may be discharged by any judge or justice of the peace on giving such security as was required.

Recognizance to be transmitted to district court.

SEC. 16.   Every recognizance taken in pursuance of the foregoing provision, shall be transmitted by the magistrate to the district court for the county, on or before the first day of the next term, and shall be there filed of record by the clerk.

When person may be ordered to recognize without warrant.

SEC. 17.   Any person who shall in the presence of any magistrate mentioned in the first section of this chapter, or before any court of record make an affray, or threaten to kill or beat another, or to commit any violence or outrage against his person or property, and every person, who, in the presence of such court or magistrate, shall contend with hot and angry words, to the disturbance of the peace, may be ordered without process or any other proof, to recognize for keeping the peace, and being of good behavior, for a term not exceeding six months, and in case of a refusal, may be committed as before directed.

Persons carrying offensive weapons how punished.

SEC. 18.   If any person shall go armed with a dirk, dagger, sword, pistol or pistols, or other offensive and dangerous weapon, without reasonable cause to fear an assault or other injury or violence to his person, or to his family, or property, he may, on complaint of any other person having reasonable cause to fear an injury or breach of the peace, be required to find sureties for keeping the peace, for a term not exceeding six months, with the right of appealing as before provided.

Suit brought on recognizance.

SEC. 19.   Whenever upon a suit brought on any such recognizances, the penalty thereof shall be adjudged forfeited, the court may remit such

OF ARRESTS.

portion of the penalty, on the petition of any defendant, as the circumstances of the case shall render just and reasonable.

SEC. 20.   Any surety in a recognizance to keep the peace, or for good behavior, or both, shall have the same authority and right to take and surrender his principal, as if he had been bail for him in a civil case, and upon such surrender, shall be discharged and exempt from all liability for any act of the principal, subsequent to such surrender, which would be a breach of the condition of the recognizance; and the person so surrendered may recognize anew, with sufficient sureties, before any justice of the peace for the residue of the term, and thereupon shall be discharged.

*Surety may take and surrender principal in recognizance.*

# CHAPTER 113.

## OF ARRESTS.

SECTION

1. Arrest defined.
2. Arrest how and by whom made.
3. Every person must aid officer in making arrest.
4. Arrest for felony or misdemeanor how made.
5. Arrest for felony or misdemeanor how made.
6. Defendant how to be restrained.
7. Officer must inform defendant that he acts under authority.
8. Officer may use necessary force.
9. Officer may break outer door to make arrest.
10. Officer may break outer door to make arrest.
11. When officer may arrest person without warrant.

SECTION

12. Officer may break open door.
13. Arrest may be made at night.
14. Officer must inform person of the cause of arrest.
15. Person breaking peace to be taken before justice.
16. Offences in presence of magistrate.
17. When private person may arrest person.
18. Must inform person the cause of arrest.
19. Person making such arrest may break open door.
20. Person arrested must be taken before magistrate.
21. Defendant may be retaken if he escape.
22. Person pursuing may break open door, &c.

SEC. 1.   Arrest is the taking of a person into custody, that he may be held to answer for a public offence.

*Arrest defined.*

SEC. 2.   An arrest may be either,

1. By a peace officer under a warrant :
2. By a peace officer without a warrant :
3. By a private person.

*Arrest how and by whom made.*

SEC. 3.   Every person must aid an officer in the execution of a warrant, if the officer require his aid, and be present and acting in its execution.

*Every person must aid officer in making arrest.*

SEC. 4.   If the offence charged be a felony, the arrest may be made on any day and at any time of the day or night; if it be a misdemeanor, the arrest cannot be made on Sunday, or at night, unless upon the direction of the magistrate indorsed upon the warrant.

*Arrest for felony or misdemeanor how made.*

SEC. 5.   An arrest is made by an actual restraint of the person of the defendant, or by his submission to the custody of the officer.

*Arrest for felony or misdemeanor how made.*

SEC. 6.   The defendant is not to be subjected to any more restraint than is necessary for his arrest and detention.

*Defendant how to be restrained.*

# CHAPTER XVI.

### PROCEEDINGS TO PREVENT COMMISSION OF CRIMES.

SEC. 1. Certain officers conservators of the public peace.
     2. Proceedings when complaint is made to magistrate.
     3. Magistrate, when to issue warrant.
     4. Proceedings on examination before magistrate.
     5. Privilege of defendant.
     6. Recognizance, when required.
     7. Defendant, when to be committed.
     8. Discharge of defendant; complainant, when to pay costs.
     9. In other cases, costs, how and when paid.
    10. Appeal, when allowed.
    11. When magistrate may require witnesses to recognize.
    12. Proceedings on appeal by district court.
    13. Consequence of appellant failing to prosecute appeal.
    14. After commitment, defendant may be discharged on giving security.
    15. Recognizance to be transmitted to district court.
    16. When person may be ordered to recognize without warrant.
    17. Armed persons, when required to find sureties.
    18. Suit on recognizance.
    19. Surety may surrender principal.

**Keeping the peace.**   SEC. 1. The judges of the several courts of record, in vacation as well as in open court, and all justices of the peace, shall have power to cause all laws made for the preservation of the public peace, to be kept, and in the execution of that power, may require persons to give security to keep the peace, or for their good behavior, or both, in the manner provided in this chapter.

**When sureties may be required.** 17 **Wen.** 181; 23 do. 639.   SEC. 2. Whenever complaint shall be made to any such magistrate, that any person has threatened to commit an offence against the person or property of another, the magistrate shall examine the complainant, and any witness who may be produced on oath, and reduce such complaint to writing, and cause the same to be subscribed by the complainant.

**Warrant to issue.**   SEC. 3. If, upon examination, it shall appear that there is just cause to fear that such offence may be committed, the magistrate shall issue a warrant under his hand, reciting the substance of the complaint, and requiring the officer to whom it may be directed, forthwith to apprehend the person complained of, and bring him before such magistrate, or some other magistrate or court having jurisdiction of the cause.

**Examination**   SEC. 4. The magistrate before whom any person is brought upon charge of having made threats as aforesaid, shall, as soon as may be, examine the complainant, and the witnesses to support the prosecution, on oath, in the presence of the party charged, in relation to any matters connected with such charge, which may be deemed pertinent.

**Privilege of defendant.**   SEC. 5. After the testimony to support the prosecution, the witnesses for the prisoner, if he have any, shall be sworn and examined, and he may be assisted by counsel in such examination, and also in the cross-examination of the witnesses in support of the prosecution.

**Recognizance when required.**   SEC. 6. If, upon examination, it shall appear that there is just cause to fear that any such offence will be committed by the party

complained of, he shall be required to enter into recognizance with sufficient sureties, in such sum as the magistrate shall direct, to keep the peace towards all the people of this territory, and especially towards the person requiring such security, for such term as the magistrate shall order, not exceeding six months; but he shall not be ordered to recognize for his appearance at the district court, unless he is charged with some offence for which he ought to be held to answer at said court. *CHAP. 16.*

SEC. 7. If the person so ordered to recognize, shall refuse or neglect to comply with such order, the magistrate shall commit him to the county jail during the period for which he was required to give security, or until he shall so recognize, stating in the warrant the cause of commitment, with the sum and time for which security was required. *When to be committed. 23 Wen. 639.*

SEC. 8. If, upon examination, it shall not appear that there is just cause to fear that any such offence will be committed by the party complained of, he shall be forthwith discharged; and if the magistrate shall deem the complaint unfounded, frivolous or malicious, he shall order the complainant to pay the costs of prosecution, who shall thereupon be answerable to the magistrate and the officer for their fees, as for his own debt. *Complainant when to pay costs.*

SEC. 9. When no order respecting the costs is made by the magistrate, they shall be allowed and paid in the same manner as costs before justices in criminal prosecutions; but in all cases where a person is required to give security for the peace, or for his good behavior, the magistrate may further order the costs of prosecution, or any part thereof, to be paid by such person, who shall stand committed until such costs are paid, or he is otherwise legally discharged. *Costs.*

SEC. 10. Any person aggrieved by the order of any justice of the peace, requiring him to recognize as aforesaid, may, within ten days after the decision of the justice, on giving the security required, appeal to the district court, next to be holden in the same county, or that county to which said county is attached for judicial purposes. *Appeal.*

SEC. 11. The magistrate, from whose order an appeal is to be taken, shall require such witnesses as he may deem necessary to support the complaint, to recognize for their appearance at the court to which appeal is made. *Witnesses when to recognize.*

SEC. 12. The court before which such appeal is prosecuted, may affirm the order of the justice, or discharge the appellant, or may require the appellant to enter into a new recognizance, with sufficient sureties, in such sum and for such time as the court shall think proper, and may also make such order in relation to the costs of prosecution, as it may deem just and reasonable. *Power of appellate court*

SEC. 13. If any party appealing, shall fail to prosecute his appeal, his recognizance shall remain in full force and effect, as to any breach of the condition, without an affirmation of the judgment or order of the magistrate, and shall also stand as security for any cost which shall be ordered by the court appealed to, to be paid by the appellant. *Failing to prosecute appeal.*

SEC. 14. Any person committed for not finding sureties, or refusing to recognise as required by the court or magistrate, may be dis- *Discharge of party committed.*

CHAP. 17. charged by any judge or justice of the peace, on giving such security as was required.

Recognizances when to be transmitted. SEC. 15. Every recognizance taken in pursuance of the foregoing provisions, shall be transmitted by the magistrate to the district court for the county, on or before the first day of the next term, and shall be there filed of record by the clerk.

Order to recognize without warrant. SEC. 16. Any person, who shall, in the presence of any magistrate mentioned in the first section of this chapter, or before any court of record, make an affray, or threaten to kill, or beat another, or to commit any violence or outrage against his person or property, and every person, who, in the presence of such court or magistrate, shall contend with hot and angry words, to the disturbance of the peace, may be ordered, without process or any other proof, to recognize for keeping the peace, and being of good behavior for a term not exceeding six months, and in case of a refusal, may be committed as before directed.

Armed persons, when required to find sureties. SEC. 17. If any person shall go armed with a dirk, dagger, sword, pistol, or other offensive and dangerous weapon, without reasonable cause to fear an assault, injury, or other violence to his person, or to his family or property, he may, on complaint of any other person, having reasonable cause to fear an injury, or breach of the peace, be required to find sureties for keeping the peace for a term not exceeding six months, with the right of appealing as before provided.

Suit on recognizance. SEC. 18. Whenever on a suit brought on any such recognizance, the penalty thereof shall be adjudged forfeited, the court may remit such portion of the penalty on the petition of any defendant, as the circumstances of the case shall render just and reasonable.

Surety may surrender principal. SEC. 19. Any surety in a recognizance to keep the peace, or for good behavior, or both, shall have the same authority and right to take and surrender his principal, as if he had been bail for him in a civil case, and upon such surrender, shall be discharged and exempted from all liability for any act of the principal, subsequent to such surrender, which would be a breach of the condition of the recognizance; and the person so surrendered, may recognize anew with sufficient sureties, before any justice of the peace for the residue of the term, and thereupon shall be discharged.

# CHAPTER XVII.

## ARRESTS.

SEC. 1. Arrest defined.
2. Arrest, how and by whom made.
3. Every person must aid officer in making arrest, if required.
4. Arrest for felony and misdemeanor, when may be made.
    5. As to what constitutes arrest.
6. Officer may pursue fugitive into other counties.
7. When an officer or private person may arrest without warrant.
8. Arrest, how made in such case.
9. Escape and capture of prisoner.

Arrest. SEC. 1. Arrest is the taking a person into custody, that he may be held to answer for a public offence.

## 248     Crimes.—Criminal Procedure.

*Acts of assembly to be strictly pursued.*   192. In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued; and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law in such cases, further than shall be necessary for carrying such act or acts into effect.(a)

*Meaning of general terms.*   193. Wherever anything is forbidden or directed by the provisions of this code, by using the general terms, any one, any person, the person, every person and such person, or the relative pronoun he, referring to such general term, the same prohibition or direction, if the contrary be not expressed, is extended to more persons than one, and to females as well as males doing or omitting the same act.(b)

# Criminal Procedure.

**A. PROCEEDINGS TO DETECT THE COMMISSION OF CRIMES.**

1. Writs of arrest, &c. Subpœnas. Expenses.
2. Escapes into another county.
3. Backing warrants. Bail. Removal.
4. Magistrates backing such warrants to be indemnified.
5. Disposition of property supposed to be stolen, found in the possession of one accused.
6. Surety of the peace.
7. Bail.
8. Surrender of bail.
9. Settlement of criminal cases.

**B. INDICTMENTS AND PLEADINGS.**

10. Grand jurors authorized to administer oaths.
11. Form of indictments. Formal objections to indictment to be made before the jury is sworn. Amendments on demurrer, &c.
12. Variances between written instruments, as produced and laid in the indictment, amendable.
13. Immaterial variances between indictment and proof amendable.
14. Manner of laying the ownership of property in cases of partners and joint owners.
15. Manner of charging frauds against partners and joint owners.
16. Manner of laying property of counties, cities, townships, &c.
17. Forms of indictment in cases of forging, stealing and embezzling, or cheating by false pretences.
18. Forms in other cases.
19. Intent to defraud particular persons need not be alleged or proven in cases of forging, uttering or false pretences.
20. In indictments for murder and manslaughter, means by which the injury was inflicted need not be specified.
21. Requisites of an indictment for perjury.
22. Requisites of an indictment for subornation of perjury.
23. Indictment for duelling.
24. Counts for receiving and stealing may be joined.
25. Issue and trial in criminal cases.
26. Prisoners standing mute.
27. Prosecutor's name to be indorsed on the indictment.
28. Distinct acts of embezzlement may be charged in the same indictment.
29. Nolle prosequi.
30. Pleas of autrefois convict or autrefois acquit.

**C. COURTS OF CRIMINAL JURISDICTION.**

31. Courts of oyer and terminer.
32. Quarter sessions. When causes to be certified to the oyer and terminer. Powers of the courts.
33. Writs of error and certiorari.

**D. OF THE TRIAL.**

34. Persons under bail not to be placed in the criminal bar.
35. Persons indicted for treason to have a copy of the indictment.
36. Peremptory challenges.

37. Challenges by the commonwealth.
38. How challenges are to be conducted.
39. How challenges are to be determined.
40. Of the trial of persons jointly indicted, and joint challenges.
41. How tales may be awarded and juries summoned.
42. Of juries de mediate lingua.
43. Of the place of trial of treason.
44. Of the place of trial of accessories before the fact.
45. Of the place of trial of accessories after the fact.
46. Of felonious striking or poisoning in one county, and death in another.
47. Of felonious striking or poisoning in the state, and death out of the state.
48. Proof of offences committed near county lines.
49. Proof of offences committed during journeys.
50. Party indicted for felony or misdemeanor may be found guilty of attempt to commit the same.
51. Persons tried for misdemeanor not to be acquitted if the offence turn out to be felony.
52. Witnesses entitled to restitution to be competent.
53. Cure of defects in jury process by verdict.
54. Of the trial of prisoners committed.
55. Witnesses in forgeries.
56. Witnesses not to be imprisoned except in certain cases.
57. Bills of exceptions and writs of error allowed.
58. Written opinions to be filed.
59. Granting of writs of error regulated.
60. From whence writ of error shall issue.
61. Proceedings after affirmance or reversal of judgment.

**E. OF COSTS.**

62. Power of grand and petit jurors over costs.
63. Of the defendant's costs.
64. Of payment of costs generally.
65. Costs where separate bills are presented against joint offenders.

**F. GENERAL PROVISIONS.**

66. Insane prisoners. Jury to find the fact of insanity. Defendant to be detained in custody.
67. Where defendant is found insane upon arraignment.
68. Where prisoner brought up to be discharged appears to be insane.
69. Insane defendant to be delivered up to his friends or to the overseers, on security being given.
70. How expenses to be paid in such cases.
71. Civil actions against felons.
72. Executions upon sentences of restitution.
73. Outlawry.
74. Sentences of separate or solitary confinement.
75. Sentences of separate or solitary confinement of less than one year, and simple imprisonment.
76. Executions in capital cases.
77. Limitation of prosecutions.
78. Fines to be decreed to be paid to the state for the use of the county.

## A. PROCEEDINGS TO DETECT THE COMMISSION OF CRIMES.

*Warrants of arrest, &c.*   1. The judges of the supreme court, of the court of oyer and terminer and jail delivery, of the courts of quarter sessions, or any of them, shall and may direct their writs and precepts to the sheriffs and coroners of the several counties within this commonwealth, when need shall be, to take persons indicted for felonies, or other offences, before them, who may dwell, remove or be received into another county; and it shall *Subpœnas.* and may be lawful to and for the said judges, or any of them, to issue subpœnas into any county of the commonwealth, for summoning and bringing any person to give evidence in any matter or cause before them, or any of them, and to compel obedience to such writs, precepts or subpœnas, by attachment or otherwise, and under such pains and

192. Act 31 March 1860, § 182. P. L. 426.   193. Ibid. § 184.   1. Act 31 March 1860, § 1. P. L. 428.

*system by the 13th section of the act of 23d April 1792 190; it will also be found in the punishments prov the act of 23d April 1829, 10 Sm. 430. Report on the ..... Code 28.*

*(a) This section is taken from the 13th section of the act of*

& R. 289. 11 S. & R. 345.  Bright. R. 69.  18 S. & R. 426, 457.  5 R. 64.  1 Ash. 46.  7 Am. L. R. 620.

*(b) This section explains the meanings of general terms which have been used for the sake of brevity. Report on the Penal Code 39.*

**App. 51**

penalties as other writs or subpœnas are or ought by law to be granted and awarded; and that it shall be lawful for said judges, or any of them, if they see fit to direct such writ, precept, summons, subpœna or attachments, to be executed by the sheriff of the county in which the same is awarded, which said writ, precept, summons or subpœna, shall be the sufficient warrant of such sheriff for executing the same throughout this commonwealth, as fully and effectually as if directed to, and executed by the sheriff of the proper county where issued: *Provided*, That the reasonable expenses of executing such process, when issued on behalf of the commonwealth, shall be paid out of the funds of the county where issued; and the expenses of removing any person charged with having committed an offence in one county into another county, or of transporting any person charged with having committed any offence in this state from another state into this state for trial, or for conveying any person, after conviction, to the penitentiary, shall be paid out of the treasury of the county where the offence is charged to have been committed.(*a*)  *Expenses.*

2. Where any person charged with having committed any felony,(*b*) in any city or county of this commonwealth, shall go or escape into any other county thereof, it shall and may be lawful for the president, or any judge of the court of common pleas in the county where the said person may be found, to issue his warrant, authorizing and requiring the sheriff of the said county, to take the said person and conduct him to the proper county, where the said felony is alleged to have been committed, the expenses of which shall be paid to the said sheriff by the county to which the said person is conducted.(*c*)  *Escapes into another county.*

3. In case any person against whom a warrant may be issued by any judge or alderman of any city, or justice of the peace of any county in this commonwealth, for any offence there committed, shall escape, go into, reside or be in any other city or county out of the jurisdiction of the judge, alderman, justice or justices of the city or county granting such warrant as aforesaid, it shall and may be lawful for, and it is hereby declared to be the duty of any alderman, justice or justices of the city or county where such person shall escape, go into, reside or be, upon proof being made, upon oath or affirmation, of the handwriting of the judge, alderman, justice or justices granting such warrant, to indorse his or their name or names on such warrant, which shall be sufficient authority to the person or persons bringing such warrant, and to all other persons to whom such warrant was originally directed, to execute the same in such other city or county, out of the jurisdiction of the alderman, justice or justices, granting such warrant as aforesaid, and to apprehend and carry such offender before the alderman, justice or justices who indorsed such warrant, or some other alderman, justice or justices of such other city and county where such warrant was indorsed.  And in case the offence for which such offender shall be so apprehended shall be bailable in law by an alderman or justice of the peace, and such offender shall be willing and ready to give bail for his appearance at the next court of general jail delivery or quarter sessions, to be held in and for the city and county where the offence was committed, such alderman, justice or justices shall and may take such bail for his appearance, in the same manner as the alderman or justice of the peace of the proper city or county might have done; and the said alderman, justice or justices of the peace of such other city or county so taking bail, shall deliver or transmit such recognisance and other proceeding to the clerk of the court of general jail delivery or quarter sessions, where such offender is required to appear by virtue of such recognisance, and such recognisance and other proceedings shall be as good and effectual in law as if the same had been entered into, taken or acknowledged in the proper county where the offence was committed, and the same proceedings shall be had therein.  And in case the offence for which such offender shall be apprehended in any other city or county, shall not be bailable in law by an alderman or justice of the peace, or such offender shall not give bail for his appearance at the proper court having cognizance of his crime, to the satisfaction of the alderman or justice before whom he shall be brought, then the constable or other person so apprehending such offender, shall carry and convey him before one of the aldermen or justices of the peace of the proper city or county where such offence was committed, there to be dealt with according to law.(*d*)  *Backing warrants.  Bail.  Removal.*

4. No action of trespass, or false imprisonment, or information, or indictment, shall be brought, sued, commenced, exhibited or prosecuted by any person, against the alderman, justice or justices, who shall indorse such warrant, for or by reason of his or their indorsing the same, but such person shall be at liberty to bring or prosecute his or their action or suit against the alderman or justice who originally granted the warrant.(*e*)  *Magistrates backing such warrants to be indemnified.*

5. When any person shall be accused before a magistrate, upon oath or affirma-  *Disposition of property*

2. Act 31 March 1860, § 2. P. L. 429.   3. Ibid. § 3.   4. Ibid. § 4.   5. Ibid. § 5.

(*a*) This section is composed of the 8th section of the act of 22d May 1722, 1 Sm. 138; of the 14th section of the act of 23d September 1791, 3 Sm. 43; and of the 2d section of the act of 25th April 1846, P. L. 406.  It is not proposed to repeal all the 8th section of the act of 1722, because part of it equally applies to civil as well as criminal proceedings.  Report on the Penal Code 39.  The county is not liable for the expenses incurred in an unsuccessful attempt to arrest a fugitive from justice, who has taken refuge in another state.  8 C. 540.

(*b*) This does not extend to misdemeanors; a fugitive charged with having committed a misdemeanor in another county can only be arrested under the provisions of the succeeding section.  Grant 218.

(*c*) This section is taken from the 3d section of the act of 4th of April 1807, 4 Sm. 353.  Report on the Penal Code 39.

(*d*) A warrant issued by a justice of the peace in one county, and indorsed by a justice of another county, charging a misdemeanor to have been committed in the county whence the warrant issued, will not justify the detention of the offender in the jail of the county where the warrant was indorsed.  Grant 218.

(*e*) The 3d and 4th sections are taken from the act of 16th April 1827, 9 Sm. 424.  Report on the Penal Code 39.

<div style="float:left">supposed to be stolen, found in the possession of one accused.</div>

tion, of the crime of burglary, robbery or larceny, and the said magistrate shall have issued his warrant to apprehend such person or persons, or to search for such goods as have been described, on oath or affirmation, to have been stolen goods, if any shall be found in the custody or possession of such person or persons, or in the custody or possession of any other person or persons, for his, her or their use, and there is probable cause, supported by oath or affirmation, to suspect that other goods, which may be discovered on such search, are stolen, it shall and may be lawful for the said magistrate to direct the said goods to be seized, and to secure the same in his own custody, unless the person in whose possession the same were found shall give sufficient surety to produce the same at the time of his or her trial. And the said magistrate shall forthwith cause

<div style="float:left">Inventory.</div>

an inventory to be taken of the said goods, and shall file the same with the clerk of that court in which the accused person is intended to be prosecuted, and shall give public

<div style="float:left">Notice.</div>

notice in the newspapers, or otherwise by advertising the same in three or more public places in the city or county where the offence is charged to have been committed, before the time of trial, noting in such advertisement the said inventory, the person charged and time of trial. And if, on such trial, the accused party shall be acquitted, and no

<div style="float:left">Restitution.</div>

other claimant shall appear or suit be commenced, then, at the expiration of three months, such goods shall be delivered to the party accused, and he, she or they shall be discharged, and the county be liable to the costs of prosecution : but if he be convicted of larceny only, and, after restitution made to the owner and the sentence of the court being fully complied with, shall claim a right in the residue of the said goods, and no other claimant shall appear or claim the said goods, or any part of them, then it shall be lawful, notwithstanding the claim of the said party accused, to detain such goods for the term of nine months, to the end that all persons having any claim thereto may have full opportunity to come, and to the satisfaction of the court, prove their property in them ; on which proof the said owner or owners, respectively, shall receive the said goods, or the value thereof, if from their perishable nature it shall have been found necessary to make sale thereof, upon paying the reasonable charges incurred by the securing the said goods and establishing their property in the same ; but if no such claim shall be brought and duly supported, then the person so convicted shall be entitled to the remainder of the said goods, or the value thereof, in case the same shall have been sold agreeably to

<div style="float:left">When to be delivered to county commissioners.</div>

the original inventory. But if, upon an attainder of burglary or robbery, the court shall, after due inquiry, be of opinion that the said goods were not the property of such burglar or robber, they shall be delivered, together with a certified copy of the said inventory, to the commissioners of the county, who shall indorse a receipt therefor on the original inventory, register the said inventory in a book, and also cause the same to be publicly advertised, giving notice to all persons claiming the said goods to prove their property therein to the said commissioners ; and unless such proof shall be made within three months from the date of such advertisement, the said goods shall be publicly sold, and the net moneys arising from such sale shall be paid into the county treasury for the use

<div style="float:left">Disposition of proceeds.</div>

of the commonwealth: *Provided always*, That if any claimant shall appear within one year, and prove his or her property in the said goods to the satisfaction of the commissioners, or in the case of dispute, shall obtain the verdict of a jury in favor of such claim, the said claimant shall be entitled to recover, and receive from the said commissioners, or treasurer, the net amount of the moneys paid as aforesaid into the hands of the said commissioners, or by them paid into the treasury of this commonwealth.(a)

<div style="float:left">Surety of the peace.</div>

6. If any person shall threaten the person of another to wound, kill or destroy him, or to do him any harm in person or estate,(b) and the person threatened shall appear before a justice of the peace, and attest, on oath or affirmation, that he believes that by such threatening he is in danger of being hurt in body or estate, such person so threatening as aforesaid, shall be bound over, with one sufficient surety, to appear at the next sessions,(c) according to law, and in the meantime to be of his good behavior, and keep the peace toward all citizens of this commonwealth.(d) If any person, not being an officer on duty in the military or naval service of the state or of the United States, shall go armed with a dirk, dagger, sword or pistol, or other offensive or dangerous weapon, without reasonable cause to fear an assault or other injury or violence to his family, person or property, he may, on complaint of any person having reasonable cause to fear a breach of the peace therefrom, be required to find surety of the peace as aforesaid.(e)

<div style="float:left">Bail.</div>

7. In all cases the party accused, on oath or affirmation, of any crime or misdemeanor against the laws, shall be admitted to bail by one or more sufficient sureties, to be taken before any judge, justice, mayor, recorder or alderman where the offence charged has been committed, except such persons as are precluded from being bailed by the constitution of this commonwealth :(g) *Provided also*, That persons accused as aforesaid, of

<div style="text-align:center">6. Act 31 March 1860, § 6. P. L. 452.       7. Ibid. § 7.</div>

(a) This section is taken from the 10th section of the act 23d September 1791. 3 Sm. 42. Report on the Penal Code 39.

(b) Surety of the peace is demandable of right by any individual who will make the necessary oath. 1 D. 102, n. See 1 Ash. 46. 2 P. 458.

(c) A committing magistrate has no authority to bind a person to keep the peace, or for his good behavior, longer than the next term of the court. 2 P. 458.

(d) Surety for good behavior may be ordered by the court, after the acquittal of a prisoner, in such sum, and for such length of time, as the public safety requires. 2 Y. 437. 10 Barr

339. 2 Hayw. 73-4. See 12 Eng. L. & Eq. 462.

(e) This section is partly taken from the act of 1700. 1 Sm. 5; the addition thereto provided by this section, against the unnecessarily carrying deadly weapons, is introduced from an obvious necessity, arising from daily experience and observation. Report on the Penal Code 39.

(g) A justice may take bail after commitment for trial. 6 W. & S. 314. 2 P. 458. And see 7 W. 434. 5 B. 512. 1 Sm. 57. n A recognizance taken by a justice to answer the charge of arson is *coram non judice*, and void. Com. v. Phillips, 2 U S. 148 Mag. 316.

Case 4:14-cv-00139-HLM   Document 47-2   Filed 12/30/15   Page 57 of 99

murder or manslaughter, shall only be admitted to bail by the supreme court or one of the judges thereof, or a president or associate law judge of a court of common pleas: persons accused, as aforesaid, of arson, rape, mayhem, sodomy, buggery, robbery or burglary, shall only be bailable by the supreme court, the court of common pleas, or any of the judges thereof, or a mayor or recorder of a city.(a)

8. All sureties, mainpernors, and bail in criminal cases, whether bound in recogni- *Surrender of bail.* sances for a particular matter or for all charges whatsoever, shall be entitled to have a bail-piece, duly certified by the proper officer or person before whom or in whose office the recognisance of such surety, mainpernors or bail shall be or remain, and upon such bail-piece, by themselves, or their agents, to arrest and detain, and surrender their principals, with the like effect as in cases of bail in civil actions:(b) and such bail-piece shall be a sufficient warrant or authority for the proper sheriff or jailor to receive the said principal, and have him forthcoming to answer the matter or matters alleged against him: *Provided*, That nothing herein contained shall prevent the person thus arrested and detained from giving new bail or sureties for his appearance, who shall have the same right of surrender hereinbefore provided.(c)

9. In all cases where a person shall, on the complaint of another, be bound by recog- *Settlement of criminal cases.* nisance to appear, or shall, for want of security, be committed, or shall be indicted for an assault and battery or other misdemeanor, to the injury and damage of the party complaining, and not charged to have been done with intent to commit a felony, or not being an infamous crime, and for which there shall also be a remedy, by action, if the party complaining shall appear before the magistrate who may have taken recognisance or made the commitment, or before the court in which the indictment shall be, and acknowledge to have received satisfaction for such injury and damage, it shall be lawful for the magistrate, in his discretion, to discharge the recognisance which may have been taken for the appearance of the defendant, or in case of committal, to discharge the prisoner, or for the court also where such proceeding has been returned to the court, in their discretion, to order a *nolle prosequi* to be entered on the indictment, as the case may require, upon payment of costs: *Provided*, That this act shall not extend to any assault and battery, or other misdemeanor, committed by or on any officer or minister of justice.(d)

## B. INDICTMENTS AND PLEADINGS.

10. The foreman of any grand jury, or any member thereof, is hereby authorized and *Grand jurors may administer oaths.* empowered to administer the requisite oaths or affirmations to any witness whose name may be marked by the district attorney on the bill of indictment.(e)

11. Every indictment shall be deemed and adjudged sufficient and good in law which *Form of indictments.* charges the crime substantially in the language of the act of the assembly prohibiting the crime, and prescribing the punishment, if any such there be, or, if at common law, so plainly that the nature of the offence charged may be easily understood by the jury. Every objection to any indictment for any formal defect, apparent on the face thereof, *Formal objections to indictments.* shall be taken by demurrer, or on motion to quash such indictment, before the jury shall be sworn, and not afterward; and every court, before whom any such objection shall be *Amendments on demurrer, &c.* taken for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended in such particular, by the clerk or other officer of the court, and thereupon the trial shall proceed as if no such defect appeared.(g)

8. Act 31 March 1860, § 8   P. L. 432.   9. Ibid. § 9.   10. Ibid. § 10.   11. Ibid. § 11.

(a) This section is a consolidation of the first clause of the act of 1705, 1 Sm. 56; and the first section of the act of 30th April 1832. P. L. 258.   Report on the Penal Code 59.

(b) See 1 T. & H. Pr. 565-10.

(c) This section is taken from the 3d section of the act of 10th April 1848. P. L. 449.   Report on the Penal Code 40.

(d) This section is an extension of the existing law of the 17th March 1806, 4 Sm. 318.   Report on the Penal Code 40.

(e) This is taken from the 1st section of the act 5th April 1826, 9 Sm. 156.   That witnesses, whose names had not been marked by the district attorney on the bill of indictment, were sworn and examined by the foreman of the grand jury, is not pleadable in bar; at most, it is only ground for a motion to quash.   Tillard v. Com., 15 Leg. Int. 132.

(g) Sections 11 to 22 are all new, and are certainly not the least important in the proposed amendments of our penal system.   The history of criminal administration abounds with instances in which the guilty have escaped, by reason of the apparently unreasonable nicety required in indictments.   Lord Hale, one of the best, and most humane of English judges, long since remarked, that such niceties were "grown to be a blemish and an inconvenience in the law, and the administration thereof; that more offenders escaped by the easy ear given to exceptions in indictments, than by the manifestations of their innocence, and that the grossest crimes had gone unpunished, by reason of these unseemly niceties."   The reason for recognising these subtilities by the common law, no doubt arose from the humanity of the judges, who, in administering a system in which the punishment of death followed almost every conviction of felony, were naturally disposed, in favor of life, to hold the crown to the strictest rules.   Since, however, the reform of the penal laws, and the just apportionment of punishment to crimes according to their intrinsic atrocity and danger, the reason which led to the adoption of these technical niceties has ceased, and with the cessation of the reason, the technicalities themselves should be expunged from our system.   The 11th section of this act proposes what the com-

missioners believe will be an effective remedy to this reproach of the common law, without depriving the accused of any proper privilege; it leaves him, at the outset of his trial, to determine whether he will question the relevancy of his accusation, or take issue on the merits of the charge; if he elects the latter, and is confronted, there seems neither moral nor legal fitness in permitting him to urge formal exceptions, which, if suggested, at an early period, would have been promptly corrected.   The 12th and 13th sections are intended to meet cases of frequent occurrence, in which, although an indictment is strictly formal, yet, owing to some accidental slip in its preparation, it is found on the trial that the proofs do not entirely tally with the description of the instrument set forth in the indictment, or in the names of persons or places described therein.   By the law as it now stands, where written instruments enter into the gist of the offence, as in forgery, passing counterfeit money, selling lottery tickets, sending threatening letters, &c., they are required to be set out in words and figures; the omission of a figure in an indictment for forgery is fatal.   In the case of Com. v. Gillespie, 7 S. & R. 469, a mistake in spelling the name of "Burrail," which in the indictment was spelled "Burril," was adjudged fatal after verdict.   So, a variance between the names of the persons aggrieved, and places described in the indictment, and the proofs thereof on trial, will entitle the defendant to an acquittal on the ground of the want of agreement between the allegata and the probata.   The proposed sections authorize the courts to amend such verbal errors, if objected to; and thus terminate a class of technical niceties, which are a reproach to the rational administration of justice.   The 14th and 15th sections avoid the existing necessity of setting forth, in indictments, the names of numerous individuals, owners of property feloniously or fraudulently taken, or maliciously injured or destroyed; it will serve to reduce the voluminousness of such indictments, and can do no possible injury to the defendant, who cannot be interested in the fact, whether one person is, or one hundred persons are the owners of property in regard to

<div style="margin-note">Variances between written instruments as produced and laid in indictment amendable.</div>

12. It shall be lawful for any court of criminal jurisdiction, if such court shall see fit so to do, to cause the indictment for any offence whatever, when any variance or variances shall appear between any matter in writing or in print, produced in evidence, and the recital or setting forth thereof in the indictment whereon the trial is pending, to be forthwith amended in such particular or particulars, by some officer of the court, and after such amendment the trial shall proceed in the same manner, in all respects, as if no such variance or variances had appeared.

<div style="margin-note">Immaterial variances between indictment and proof amendable.</div>

13. If, on the trial of any indictment for felony or misdemeanor, there shall appear to be any variance between the statement of such indictment and the evidence offered in proof thereof, in the name of any place mentioned or described in any such indictment; or in the name or description of any person or persons or body politic or corporation therein stated, or alleged to be the owner or owners of any property, real or personal, which shall form the subject of any offence charged therein; or the name or description of any person or persons, body politic or corporate therein stated or alleged to be injured or damaged, or intended to be injured or damaged, by the commission of such offence; or in the Christian name or surname, or both Christian and surname, or other description whatsoever of any person or persons whomsoever therein named or described; or in the name or description of any matter or thing whatsoever therein named or described; or in the ownership of any property named or described therein; it shall and may be lawful for the court before whom the trial shall be had, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defence upon such merits, to order such indictment to be amended, according to the proof, by some officer of the court, both in that part of the indictment wherein said variance occurs, and in every other part of the indictment in which it may become necessary to amend; and after such amendment, the trial shall proceed in the same manner, in all respects, and with the same consequences, as if no variance had occurred. And every verdict and judgment which shall be given after making such amendment, shall be of the same force and effect, in all respects, as if the indictment had originally been in the same form in which it was after such amendment was made.

<div style="margin-note">Manner of laying the ownership of property in cases of partners and joint owners.</div>

14. In order to remove the difficulty of describing the ownership of property, in the case of partners and joint owners, in any indictment for any felony or misdemeanor committed on or with respect to any money, chattels, bond, bill, note or other valuable security or effects belonging to or in the possession of any partners or joint owners, it shall be sufficient to aver that the particular subject-matter on which or with respect to which any such offence shall have been committed, to be the property of some one or more of the partners or joint owners named in the indictment, and of other persons being partners or joint owners with him or them, without stating any of the names of such other persons; and in any indictment for any felony or misdemeanor, committed on or with respect to any house or building whatsoever, belonging to or in the possession of any partners or joint owners, or for any felony or misdemeanor committed on or with

12. Act 31 March 1860, § 12. P. L. 433.     13. Ibid. § 13.     14. Ibid. § 14.

which he is charged with having committed a felony or misdemeanor. The 16th section refers to public property, and rests on the same principle as the fourteenth and fifteenth sections. The 17th and 18th sections will enable the criminal pleader to simplify hereafter the forms of indictments in forgery, and facilitate him in averring indictments necessary to be traded in any other indictment. The 12th and 13th sections contemplate the amendment of indictments, framed according to the existing law, where an accidental error occurs between the instrument and names described, and those offered in proof. These sections strike at the root of the evil sought to be eradicated, by giving the pleader the option to prepare his indictment in such a way as to avoid, altogether, such difficulties: which can be done with ordinary care and caution. The 19th section contemplates avoiding the necessity of specifically describing the parties intended to be defrauded, and the embarrassing the proofs, in any case, with a question not really material to the issue. In forgeries, uttering and passing forged money, and in cheating by false pretences (the crimes contemplated by the section) the gist of the offence is, that the act charged was committed with an intent to defraud; an indictment sustaining that averment should be sufficient, without requiring the pleader to go into the description of who was the party intended to be defrauded; a mistake in whom would acquit the accused, although the jury should be convinced that he had forged an uttered false money, or had been guilty of cheating by false pretences, with intent to defraud. The 20th section, providing for indictments for murder and manslaughter, from the nature and consequences of these offences, require that a somewhat detailed explanation of the reasons which have led to their introduction should be given. By the common law, in an indictment for murder, it is essentially necessary to set forth, particularly, the manner of the killing; and the means by which it was effected; if a person be indicted for one species of killing, as by poisoning, he cannot be convicted by evidence of a different species of death, as by shooting, starving or strangling. A few cases will serve to illustrate how far this principle has been carried. In Rex v. Kelly, 1 Mood. Cro. Cas. 123, decided in 1825, the indictment charged that the prisoner struck the deceased with a piece of brick, and it appeared probable that the prisoner had not struck with the brick, but that he struck with his fist, and that the deceased fell upon the below upon a piece of brick, and that the fall on the brick was the cause of the death; it was unanimously held by the twelve judges of England, on a case reserved, that the cause of

death had not been truly stated, and the prisoner was discharged. So, in Rex v. Martin, 5 C. & P. 128, where the indictment charged the wound to have been inflicted by a blow with a hammer, held in the prisoner's hand, and it appeared that the injury might have been occasioned by a fall against the lock or key of a door, it was held, that if the injury was occasioned by a fall against the lock or key of a door, produced by the act of the defendant, the indictment was not sufficient. In Rex v. Hughes, 5 C. & P. 126, decided in 1832, the prisoner was indicted for an attempt to murder, by shooting the injured party with a pistol loaded with a leaden bullet; on the trial, no evidence was produced to actually prove that the pistol was loaded with a leaden bullet, none having been found either in the wound, or in the room where the wound was inflicted; the surgeon, examined in the case, testified that the wadding, if rammed tight, might have occasioned the effect without any ball; in this state of the evidence, the court ruled, that the indictment was not sufficiently proved, and the defendant was acquitted. It is true, that the courts have drawn a distinction, which rendered their rulings in indictments for homicide, as to the manner and cause of the death, more reconcilable with reason, to wit: that where the instrument laid in the indictment, and the instrument proved, are of the same nature and character, there is no variance, as if the wound is charged to have been inflicted with a dagger or knife, proof is sufficient which establishes the wound to have been inflicted with a sword, spear or the like; so, if the indictment allege a death by one kind of poison, proof of death by another kind of poison will support it. The section under consideration proposes to go one step in advance of this doctrine, by declaring that it shall hereafter be sufficient, in an indictment for murder, to charge that the defendant did feloniously, wilfully, and of his malice aforethought, kill and murder the deceased; without going into the details of the cause and manner of the death, which the cases cited show only tends to create unnecessary difficulties on the trial, and often results in the complete defeat of justice. The 21st and 22d sections are intended to simplify indictments for perjury and subornation of perjury, which are now extremely voluminous and technical; these characteristics of indictments for these crimes, are so familiar to all criminal lawyers, as to render it unnecessary to enter into any details on the subject. The sections recommended for adoption will remedy these evils, and place indictments for these crimes on a rational footing. Report on the Penal Code 40-3.

respect to any property being in any such house or building. it shall be sufficient to aver that the particular house or building on or with respect to which, or on or with respect to the property being in which, any such offence shall have been committed, is the property of some one or more of the partners or joint owners named in the indictment, and of other persons being partners or joint owners with him or them, without stating any of the names of such other persons.

15. With regard to frauds committed against partners and joint owners, it shall be *Manner of charging frauds against partners and joint owners.* sufficient in any indictment for any felony or misdemeanor committed with intent to defraud any partners or joint owners, to allege that the act was committed with intent to defraud any one or more of the partners or joint owners named in the indictment, and other persons being partners or joint owners with him or them, without stating any of the names of such other persons.

16. With respect to property belonging to counties, cities, townships and districts, it *Manner of laying property of counties, cities, townships, &c.* shall be sufficient in any indictment for any felony or misdemeanor committed on or with respect to any goods, chattels, furniture, provisions, clothes, tools, utensils, materials or things whatsoever, which have been or at any time shall be provided for or at the expense of any county, city, township or district, to be used in any court, jail, house of correction, almshouse, or other building or place, or in any part thereof respectively, or to be used for the making, altering or repairing of any bridge or road, to aver that any such things are the property of such county, city, township or district.

17. In any indictment for forgery, uttering, stealing, embezzling, destroying or concealing, or obtaining by false pretences, any instrument, it shall be sufficient to describe *Forms of indictment in cases of forging, stealing, embezzling, &c.* such instrument by any name or designation by which the same may be usually known, or by the purport thereof, without setting out any copy or fac-simile thereof, or otherwise describing the same or the value thereof.

18. In all other cases whatsoever in which it shall be necessary to make any averment *Forms in other cases.* in any indictment, as to any instrument, whether the same consists wholly or in part of writing, print or figures, it shall be sufficient to describe such instrument by any name or designation by which the same may be usually known, or by the purport thereof, and in such manner as to sufficiently identify such instrument, without setting out any copy or fac-simile of the whole or any part thereof.

19. It shall be sufficient in any indictment for forging, uttering, offering, disposing *Intent to defraud particular person need not be alleged or proven in certain cases.* of, or putting off any instrument whatsoever, or for obtaining or attempting to obtain any property by false pretences, to allege that the defendant did the act with intent to defraud, without alleging the intent of the defendant to be to defraud any particular person; and on the trial of any of the offences in this section mentioned, it shall not be necessary to prove any intent on the part of the defendant to defraud any particular person, but it shall be sufficient to prove that the defendant did the act charged with an intent to defraud.

20. In any indictment for murder or manslaughter, it shall not be necessary to set *Indictments for murder and manslaughter.* forth the manner in which, or the means by which the death of the deceased was caused, but it shall be sufficient in every indictment for murder, to charge that the defendant did feloniously, wilfully and of his malice aforethought, kill and murder the deceased; and it shall be sufficient in every indictment for manslaughter, to charge that the defendant did feloniously kill and slay the deceased.(a)

21. In every indictment for wilful and corrupt perjury, it shall be sufficient to set *Requisites of indictment for perjury.* forth the substance of the offence charged, and in what court, or before whom the oath or affirmation was taken, averring such court or person or body to have competent authority to administer the same, together with the proper averment, to falsify the matter wherein the perjury is assigned, without setting forth the information, indictment, declaration or part of any record or proceeding, other than as aforesaid, and without setting forth the commission or authority of the court, or person, or body before whom the perjury was committed.

22. In every indictment for subornation of perjury, or for corrupt bargaining, or contracting with others to commit wilful and corrupt perjury, it shall be sufficient to set *Requisites of indictment for subornation of perjury.* forth the substance of the offence, without setting forth the information, indictment, declaration or part of any record or proceedings, and without setting forth the commission or authority of the court, or person or body before whom the perjury was committed, or was agreed or promised to be committed.

23. In cases arising under the laws of this commonwealth for the restraint of the *Indictment for duelling.* horrid practice of duelling, it shall be sufficient to form an indictment generally, against either of the principals for challenging another to fight at deadly weapons, and notwithstanding it may appear on the trial that the defendant only accepted the challenge, it shall be sufficient to convict and render him liable to the penalties of the law; and in like manner an indictment against the seconds may be framed generally, for carrying and delivering a challenge, and proof of the mere act of fighting, and the defendant being present thereat, shall be sufficient to convict the defendant upon an indictment so framed; and if the duel shall take place within this commonwealth, the mere fact of fighting shall be full and complete evidence of the charges, respectively, of giving or receiving, or of carrying or delivering a challenge, without other proof thereof.(b)

---

15. Act 31 March 1860, § 16. P. L. 434.
16. Ibid. § 16.
17. Ibid. § 17.
18. Ibid. § 18.
19. Ibid. § 19.
20. Ibid. § 20.
21. Ibid. § 21.
22. Ibid. § 22.
23. Ibid. § 23.

(a) An indictment drawn in conformity with the provisions of this section is not in conflict with the constitutional provision "in all criminal prosecutions, the accused shall be right to be informed of the nature and cause of the accusation against him." 1 Wr. 169.

(b) This section is taken from the 3d section of the act of 31st 508, 4 Sm. 394. Report on the Penal Code 43.

254                          **Criminal Procedure.**

**Counts for stealing and receiving, may be joined.**

24. In every indictment for feloniously stealing property, it shall be lawful to add a count for feloniously receiving the said property, knowing it to have been stolen; and in any indictment for feloniously receiving property, knowing it to have been stolen, it shall be lawful to add a count for feloniously stealing said property; and it shall be lawful for the jury trying the same, to find a verdict of guilty either of stealing the property, or of receiving the same, knowing it to have been stolen; and if such indictment shall have been preferred and found against two or more persons, it shall be lawful for the jury who shall try the same, to find all or any of the said persons guilty of either stealing the property or of receiving it, knowing it to have been stolen, or to find one or more of the said persons guilty of stealing the property, and the other or others of them guilty of receiving it, knowing it to have been stolen.(a)

**Issue and trial in criminal cases.**

25. In all cases of felony the prisoner shall be arraigned, and where any person on being so arraigned shall plead not guilty, every such person shall be deemed and taken to put himself upon the inquest or country for trial, without any question being asked of him how he will be tried, and the inquest shall be charged only to inquire whether he be guilty or not guilty of the crime charged against him, and no more. And wherever a person shall be indicted for treason or felony, the jury impannelled to try such person shall not be charged to inquire concerning his lands, tenements or goods, nor whether he fled for such treason or felony.(b)

**Prisoners standing mute.**

26. If any prisoner shall, upon his arraignment for any offence with which he is indicted, stand mute, or not answer directly, or shall peremptorily challenge above the number of persons summoned as jurors for his trial to which he is by law entitled, the plea of not guilty shall be entered for him on the record,(c) the supernumerary challenges shall be disregarded, and the trial shall proceed in the same manner as if he had pleaded not guilty, and for his trial had put himself upon the country.(d)

**Prosecutor's name to be indorsed on indictment.**

27. No person shall be required to answer to any indictment for any offence whatsoever, unless the prosecutor's name, if any there be, is indorsed thereon; and if no person shall avow himself the prosecutor, the court may hear witnesses, and determine whether there is such a private prosecutor, and if they shall be of opinion that there is such a prosecutor, then direct his name to be indorsed on such indictment.(e)

**Distinct acts of embezzlement may be charged in same indictment.**

28. It shall be lawful in cases of embezzlement by clerks, servants or other persons in the employ of another, to charge in the indictment, and proceed against an offender for any distinct acts of embezzlement, not exceeding three, which may have been committed by him against the same master or employer, within the space of six calendar months, from the first to the last of such acts, and in every such indictment, except where the offence shall relate to a chattel, it shall be sufficient to allege the embezzlement to be of money, without specifying any particular coin or valuable security; and such allegation, so far as regards the description of the property, shall be sustained, if the offender shall be proved to have embezzled any amount, although the particular species of coin or valuable security of which such amount was composed, shall not be proved, or if he shall be proved to have embezzled any piece of coin or valuable security, or any portion of the value thereof, although such piece of coin or valuable security may have been delivered to him in order that some part of the value thereof should be returned to the party delivering the same, and such part shall have been returned accordingly.(g)

**Nolle prosequi.**

29. No district attorney shall, in any criminal case whatsoever, enter a *nolle prosequi*, either before or after bill found, without the assent of the proper court in writing first had and obtained.(h)

**Plea of autrefois convict, or autrefois acquit.**

30. In any plea of *autrefois acquit*, or *autrefois convict*, it shall be sufficient for any defendant to state, that he has been lawfully convicted or acquitted, as the case may be, of the offence charged in the indictment.(i)

---

24. Act 31 March 1860, § 24. P. L. 436.   26. Ibid. § 26.   28. Ibid. § 28.   29. Ibid. § 30.
25. Ibid. § 25.                            27. Ibid. § 27.   29. Ibid. § 29.

---

(a) This section is new, and is intended to remedy difficulties arising from the common law doctrines in relation to the joinder of offences and joint offenders. At common law, a felony and a misdemeanor, such as burglary and receiving stolen goods, could not be regularly joined; in larceny, counts for receiving were sometimes added, but the practice was regarded as of doubtful legality, in all the cases of Rex v. Galloway, 1 Mood. Cro. Cas. 234, and of Rex v. Madden, 1 Mood. Cro. Cas. 277, it was decided to be erroneous. In Pennsylvania, the uniform practice has been to unite counts for larceny and receiving, but in no other kind of felonious taking has such joinder been permitted. So, at common law, if two persons are charged with jointly receiving stolen goods, a joint act of receiving must be proved; proof that one received in the absence of the other, and afterwards delivered to him, will not suffice. Rex v. Messingham, 1 Mood. Cro. Cas. 257. The proposed section will obviate these technical difficulties, as it permits a count for receiving to be joined with all indictments for felonious taking, and authorizes the conviction of one or more of several persons jointly indicted, for felonious taking or receiving, either as principals or receivers, according to their actual guilt. Report on the Penal Code 43.

(b) This section is now, and has been introduced to dispense with the useless forms which prevail in some of our criminal courts, following the ancient practice of the common law. Report on the Penal Code 43.

(c) Where a plea of "not guilty" is entered under this section, for a prisoner who stands mute, and there is a trial and

judgment, he cannot subsequently assign for error any matters appertaining to the present, venire, drawing, summoning and returning of jurors, &c.; such case is within the 53d section of this act. 6 Wh. 67, 78

(d) This section is taken from the 5th section of the act of 23d September 1791, 3 Sm. 40. Report on the Penal Code 44.

(e) This section is taken from one of the clauses of the act of 1705, 1 Sm. 56. The old law has been so amended as to enable the court to determine the question, in any case, whether there is such a prosecutor, and who he is; and if any, to order his name to be indorsed on the indictment. Rep't on the Penal Code 44. If there be no proof of a prosecutor, the defendant must plead without such indorsement. 1 D. 5.

(g) The provisions of this section are necessary for preventing the difficulties that may be hereafter experienced in the prosecution of the various fraudulent embezzlements prescribed against by the "Act to consolidate, revise and amend the penal laws of this commonwealth," and particularly by the 107th section thereof (tit. "Crimes" 107), against such embezzlement by clerks, servants and other persons in the employ of others Report on the Penal Code 44.

(h) This section is taken from the proviso to the 1st section of the act of 3d May 1850, P. L. 654. Report on the Penal Code 44. See tit. "District Attorneys," 10, note 2.

(i) This section proposes in favor of the accused, to simplify the pleas of heretofore acquitted and heretofore convicted, and thus relieve them from all technical embarrassments; it is new. Report on the Penal Code 44

## Criminal Procedure.

### C. COURTS OF CRIMINAL JURISDICTION.

31. The courts of oyer and terminer and general jail delivery shall have power—(a) *Courts of oyer and terminer.*

I. To inquire by the oaths and affirmations of good and lawful men of the county, of all crimes committed, or triable in such county.

II. To hear, determine and punish the same, and to deliver the jails of such county of all prisoners therein, according to law.

III. To try indictments found in the quarter sessions, and certified by the said court according to law; and the said courts shall have exclusive jurisdiction and power to try and punish all persons charged with any of the crimes herein enumerated, which shall be committed within the respective county, to wit:

(1.) All persons charged with any murder or manslaughter, or other homicide, and all persons charged with being accessory to any such crime.

(2.) All persons charged with treason against the commonwealth.

(3.) All persons charged with sodomy, buggery, rape or robbery, their counsellors, aiders and abettors.

(4.) All persons charged with the crime of voluntarily and maliciously burning any building, or other thing, made punishable in the same manner as arson.(b)

(5.) All persons charged with mayhem, or with the crime of cutting off the tongue, putting out the eye, slitting the nose, cutting off the nose, cutting off a lip, cutting off or disabling any limb or member of a person, by lying in wait, or with malice aforethought, and with intent in so doing to maim or disfigure such person, and their aiders and abettors and counsellors.

(6.) All persons charged with burglary.

(7.) Every woman who shall be charged with having endeavored privately, either by herself or the procurement of others, to conceal the death of any issue of her body, male or female, which, if it were born alive, would be by law a bastard, so that it may not be known whether such issue was born dead or alive, or whether it was murdered or not.

(8.) All persons charged with the second or any subsequent offence of receiving, harboring or concealing any robber, burglar, felon or thief, or with the crime of receiving or buying any goods or chattels, which shall have been feloniously taken or stolen, knowing the same to be so taken or stolen.

32. The courts of quarter sessions of the peace shall have jurisdiction and power within the respective counties— *Quarter sessions.*

I. To inquire, by the oaths or affirmations of good and lawful men of the county, of all crimes, misdemeanors and offences whatsoever, against the laws of this commonwealth, which shall be triable in the respective county.

II. To inquire of, hear, determine and punish, in due form of law, all such crimes and misdemeanors and offences, whereof exclusive jurisdiction is not given, as aforesaid, to the courts of oyer and terminer of such county.

III. To take, in the name of the commonwealth, all manner of recognisances and obligations heretofore taken and allowed to be taken by any justice of the peace; and they shall certify such as shall be taken, in relation to any crime not triable therein, to the next court of oyer and terminer having power to take cognisance thereof.

IV. To continue, or discharge the recognisance and obligations of persons bound to keep the peace, or to be of good behavior, taken as aforesaid, or certified into such court by any justice of the peace of such county, and to inquire of, hear and determine, in the manner hitherto practised and allowed, all complaints which shall be found thereon.

V. The courts of quarter sessions shall also have jurisdiction in cases of fines, penalties or punishments, imposed by any act of assembly, for offences, misdemeanors or delinquencies, except where it shall be otherwise expressly provided and enacted.

VI. The said courts shall also have and exercise such other jurisdiction and powers, not herein enumerated, as may have been heretofore given to them by law.

Whenever any indictment shall be found in any court of quarter sessions, for any crime or offence not triable therein, it shall be the duty of said court to certify the same into the court of oyer and terminer next to be holden in such county, there to be heard and determined in due course of law. *When causes to be certified to the oyer and terminer.*

The judges of the county courts of oyer and terminer and quarter sessions, and every one of them, shall have power to direct their writs or precepts to all or any of the sheriffs or other officers of any of the counties, cities, boroughs or towns corporate of this commonwealth, to arrest and bring before them persons indicted for felonies and other offences, and amenable to the respective court; each of said courts shall have power to award process to levy and recover such fines, forfeitures and amercements, as shall be imposed, taxed or adjudged by them respectively; each of the said courts shall have full power and authority to establish such rules for regulating the practice thereof respectively, and for expediting the determination of suits, causes and proceedings therein, as in their *Powers of the courts.*

31. Act 31 March 1860, § 31. P. L. 437.      32. Ibid. § 32.

(a) The 31st and 32d sections are transcripts from the 14th, 15th, 16th, 17th, 18th, 20th, 21st and 22d sections of the act of 16th June 1836, P. L. 790. It has been thought proper, although left unrepealed to introduce them here, in order to render these bills a complete consolidation of our statute laws relating to crimes, punishments and criminal procedure. As questions of jurisdiction frequently present themselves in criminal courts, the laws defining and establishing such jurisdiction have their proper place here. The laws in reference to the constitution of these courts are to be found in the "Act relative to the organization of the courts of justice," passed April 14, 1834, P. L. 333; these have not been interfered with. Report on the Penal Code 44.

(b) See 3 Pittsburgh Leg. J. 290.

Case 4:14-cv-00139-HLM   Document 47-2   Filed 12/30/15   Page 63 of 99

discretion they shall judge necessary or proper: *Provided,* That such rules shall not be inconsistent with the constitution and laws of this commonwealth; each of the said courts is empowered to issue writs of subpœna, under their official seal, into any county of this commonwealth, to summon and bring before the respective court any person to give testimony in any cause or matter depending before them, under the penalties hitherto appointed and allowed, in any such case, by the laws of this commonwealth.

Writs of error and certiorari.

33. Every person indicted in any court of quarter sessions, or in any county court of oyer and terminer and general jail delivery, may remove the indictment, and all proceedings thereon, or a transcript thereof, into the supreme court by a writ of certiorari, or a writ of error, as the case may require: *Provided,* That no such writ of certiorari, or writ of error shall issue, or be available, to remove the said indictment and proceeding thereupon, or a transcript thereof, or to stay execution of the judgment thereupon rendered, unless the same shall be specially allowed(a) by the supreme court, or one of the justices thereof, upon sufficient cause to it or him shown,(b) or shall have been sued out, with the consent of the attorney-general; which special allowance or consent shall be in writing, and certified on the said writ.(c)

## D. OF THE TRIAL.

Persons under bail not to be placed in the criminal bar.

34. No person who may hereafter be arraigned on any indictment, and who shall be bound by recognisance to appear and abide by the judgment of the court, shall be placed within the prisoner's bar to plead to such indictment, or be confined therein during his trial; and all persons shall have an opportunity of a full and free communication with their counsel.(d)

Persons indicted for treason to have copy of indictment.

35. Every person indicted for treason shall have a copy of the indictment(e) and a list of the jury and the witnesses to be produced on the trial for proving such indictment, mentioning the names and places of abode of such jurors and witnesses, delivered to him three whole days before the trial.(g)

Peremptory challenges.

36. On the trial of any indictment for treason or misprision of treason, murder, manslaughter, concealing the death of a bastard child, rape, robbery, burglary, sodomy, malicious maiming and arson, the accused shall be at liberty to challenge, peremptorily, twenty of the jurors, and on the trial of all other indictments the accused shall be at liberty to challenge, peremptorily, four of the jurors.(h)

Challenges by the commonwealth.

37. The commonwealth shall have the right, in all cases, to challenge, peremptorily, four persons,(i) and every peremptory challenge beyond the number allowed by law in any of the said cases, shall be entirely void, and the trial of such person shall proceed as if no such challenge had been made.

How challenges are to be conducted.

38. All challenges in criminal proceedings shall be conducted as follows, to wit: the commonwealth shall challenge one person, and then the defendant shall challenge one person, and so alternately, until all the challenges shall be made; but if the commonwealth shall refuse to make any challenge, the defendant shall, nevertheless, have the right to challenge the full number allowed him by law.

How to be determined.

39. When a challenge for a cause assigned shall be made in any criminal proceeding, the truth of such cause shall be inquired of and determined by the court.(k)

Trial of persons jointly indicted, and joint challenges.

40. In all cases in which two or more persons are jointly indicted for any offence, it shall be in the discretion of the court to try them jointly or severally, except that in cases of felonious homicide, the parties charged shall have the right to demand separate trials; (*l*) and in all cases of joint trials, the accused shall have the right to the same

---

33. Act of March 1860, § 33.  P. L. 429.
34. Ibid. § 34.

35. Ibid. § 35.
36. Ibid. § 36.

37. Ibid. § 37.
38. Ibid. § 38.

39. Ibid. § 39.
40. Ibid. § 40.

(*a*) A writ of error issued without a special allocatur will be quashed.  2 S. & R. 188.  2 Wh. 113.  So, also, if the allocatur be obtained before sentence.  16 S. & R. 349.

(*b*) It is never granted on mere technical matters, not going to the merits.  2 Barr 244.  2 S. & R. 199.  3 Y. 59.  6 B. 482.  4 B. 424.  1 Wh. 525.  There must be strong ground to believe that if the case be not removed, some important principle of law, or the plain justice of the case, will be violated.  4 Pittsburgh Leg. J. 638.

(*c*) This section is taken from the 7th section of the act of 18th April 1791, 3 Sm. 30; and the 9th section of the act of 16th June 1836, P. L. 787.  Report on the Penal Code 44.

(*d*) This section is taken from the act of 28th March 1808, 4 Sm. 529.  Report on the Penal Code 45.

(*e*) The caption is a portion of the indictment, and a copy of it must be furnished to the prisoner.  2 D. 342.

(*g*) The word "trial" here means the trying of the cause by the jury, and not the arraignment and pleading preparatory to such trial by the jury.  4 Mas. 232.  This section is taken from the 29th section of the act of congress of 30th April 1790.  Brightly's U. S. Dig. 221.

(*h*) The 36th, 37th, 39th and 39th sections are intended to supply the 152d, 153d, 154th, 155th and 156th sections of the act of 14th April 1834, P. L. 368.  The changes therein, in reference to challenges, are, that by the 36th section of this act the number of challenges allowed the accused in treason is twenty, whereas by the 152d section of the act of 1834, thirty-five challenges are allowed; and that by the 156th section of the act of 1834, the commonwealth is interdicted from challenging, without cause in any case of felony, whereas by the 37th section of the present act, the commonwealth is only interdicted from challenging peremptorily in the cases enumerated in the 36th section, to wit: treason, misprision of treason, murder, manslaughter, concealing the death of a bastard child, rape, robbery, burglary, sodomy, malicious maiming and arson; and in all other felonies and misdemeanors, is allowed the same num-

ber of challenges as the defendant, to wit: four.  The object of thus extending to the commonwealth the right of challenging, in the minor felonies, the same number of jurors as the defendant, arises from the fact, that by the present code a large number of offences, which were misdemeanors at common law, are now made felonies; hence the excluding of the commonwealth from the right of challenge in any felony, is almost totally to deprive her of the right of challenge.  In the practical administration of criminal justice, the right of the commonwealth to challenge four jurors peremptorily, is of the deepest importance; it is not an uncommon thing to find in a panel of jurors, one or more persons pledged to the defendant by personal or social sympathies, or influenced in his favor by worse motives; the right to peremptorily challenge four jurors, is the security of the public against such contingencies.  This 30th section of the present act assigns to the court the authority of determining upon the truth and sufficiency of challenges for cause.  Report on the Penal Code 45.

(*i*) This provision is not in conflict with the clause in the constitution, which provides "that trial by jury shall be as heretofore, and the right thereof shall remain inviolate." 1 Wr. 48.

(*j*) The power to challenge for cause may be exercised at any time before the oath is tendered to the jury.  11 H. 12.  It is good cause of challenge that the juror has conscientious scruples on the subject of capital punishment.  17 S. & R. 155.  Or that he has formed and expressed an opinion upon the evidence in the cause.  14 S. & R. 202.  See 2 W. & S. 292.  1 Crunch C. C. 452.  Or that the juror has been suppœnaed as a witness by the prisoner.  7 W. 585.  Or that he is a tenant of one of the parties.  8 W. 334.  Or that he had grossly misbehaved himself on a former occasion, declaring that he had tried to acquit ... a judge desired to have convicted; and that he was "a ... nice man, and would as lief swear on a spelling book as Bible." 11 H. 12.

(*k*) See 13 C. 395.

## Criminal Procedure.

number of peremptory challenges to which either would be entitled if separately tried, and no more.(a)

41. All courts of criminal jurisdiction of this commonwealth shall be and are hereby authorized and required, when occasion shall render the same necessary,(b) to grant *tales de circumstantibus*, either for the grand or petit jury,(c) and all talesmen shall be liable to the same challenges, fines and penalties as the principal jurors: *Provided*, That nothing herein contained shall repeal or alter the provisions of an act passed the 20th day of April 1858, entitled, "An act establishing a mode of drawing and selecting jurors in and for the city and county of Philadelphia."(d)

*How tales may be awarded and juries summoned.*

42. No alien shall, in any criminal case whatsoever, be entitled to a jury *de mediate linguæ*, or partly of strangers.(e)

*Or juries de mediotate lingue.*

43. The trial of all treason against the commonwealth, committed out of the jurisdiction of the state, shall be in the county where the offender is apprehended, or into which he shall first be brought.(g)

*Place of trial for treason.*

44. If any person shall become an accessory before the fact, to any felony, whether the same be a felony at common law, or by virtue of any act of assembly now in force or hereafter to be in force, such person may be indicted, tried, convicted and punished in all respects as if he were a principal felon.(h)

*Or accessory before the fact.*

45. If any person shall become an accessory after the fact, to any felony, whether the same be a felony at common law, or by virtue of any act of assembly now in force, or hereafter to be in force, he may be indicted and convicted as an accessory after the fact, to the principal felony, together with the principal felon, or after the conviction of the principal felon, or may be indicted and convicted of a substantive felony, whether

*Or accessory after the fact.*

41. Act 31 March 1860, § 41. P. L. 440.   43. Ibid. § 43.   45. Ibid. § 45.
42. Ibid. § 42.   44. Ibid. § 44.

(a) This section is new, and is introduced to settle a question in criminal practice, which has been of much difficulty. At common law, upon a joint trial, each prisoner may challenge his full number, and every juror challenged as to one, is withdrawn from the panel as to all the prisoners on trial, and thus, in effect, the prisoners in such a case possess the power of peremptory challenge to the aggregate of the numbers to which they are respectively entitled. The embarrassments from defect of jurors, resulting from the exercise of this right by numerous defendants jointly indicted, led the courts, at a very early period, to determine that they had the power, against the will of the prisoners, to sever the panel, and try them severally, if they insisted upon their right of several challenges. This settled the question that prisoners, jointly indicted, could, against their wishes, be tried separately; but whether prisoners, jointly indicted, could demand a separate trial, presented another question; some insisting that they possess such a right; others contending that such severance is a matter of sound discretion, to be exercised by the court, with that due regard and tenderness to prisoners, which characterizes our criminal jurisprudence; and this latter we regard as the better opinion. In the section under consideration this doctrine has been adopted, except as to cases of joint indictments for felonious homicide, in which it is proposed to give the accused the positive right to demand separate trials; in cases of joint trials it is also proposed to limit the number of the challenges, of all the prisoners, to the number each would be entitled to if separately tried, and no more. As prisoners jointly indicted for felonious homicide have, by this section, the right to sever in their trials, persons so circumstanced will not be affected by this latter provision in cases of joint trial, as their being so tried is a matter resting entirely in their own choice. Report on the Penal Code 46.

(b) The court may direct a special venire to issue to two citizens, instead of the sheriff or coroner, whenever in their opinion, the nature of the case requires it. 15 Leg. Int. 335.

(c) It is an irregularity to call talesmen, unless it appear of record, that the regular panel was exhausted, and an order for talesmen made; but such irregularity, if not objected to, is cured by the verdict, under the old section. 10 H. 94.

(d) This section is a summary of the 144th, 145th, 146th, 147th and 148th sections of the act of 14th April 1834, P. L. 367, which sections have been left unrepealed, as they apply equally to civil as well as criminal proceedings. Report on the Penal Code 46.

(e) This section is taken from the 149th section of the act of 14th April 1834, P. L. 368; which has also been left unrepealed for the same reason. Report on the Penal Code 46.

(g) This section is new, and necessary in the event of trials of treason against the state hereafter taking place. Report on the Penal Code 45.

(h) The principle of this section, which prescribes the same punishment against an accessory before the fact in felony, under the various synonymes of aiders, abettors, counsellors, comforters, &c., as against principals, is familiar to our criminal legislation: it is found in the 71st section of the act of 1718, 1 Sm. 112; in the 2d section of the act of 5th March 1789, 1 Sm. 492; in the 2d, 3d and 5th sections of the act of 4th April 1790, 2 Sm. 531; and in the 4th section of the act of 23d April 1829, 10 Sm. 431. There is, therefore, nothing new in the principle of this section, which is founded on the theory of the moral guilt of the accessory before the fact being equal to that of the principal offender. The new principle in the section is that which makes the accessory before the fact, guilty of a substantive offence, and which subjects him to punishment for his crime, without postponing it until the conviction of the actual perpetrator, or more precisely speaking, which abolishes in felonies the technical distinction now existing between accesso-

ries before the fact and principal offenders. This was always the law as regards misdemeanors in which there are no accessories, all being regarded by law as principals; in felony, however, except in certain cases about to be noticed, an accessory cannot be tried before the conviction or outlawry of his principal, unless tried with him. In felonies of frequent occurrence, this was found a great and serious evil, which called for and received partial legislative correction; as early as the act of the 31st May 1718, 1 Sm. 105, it was provided that persons harboring, concealing or receiving robbers, burglars, felons or thieves, or receiving or buying any goods or chattels that should have been feloniously taken or stolen by any such robbers, &c., knowing the same to be stolen, might be proceeded against as is therein directed; and that if any such principal *felon could not be taken, so as to be prosecuted and convicted* for such offence, that nevertheless it shall be lawful to prosecute and punish every such person buying or receiving any goods stolen by such principal felon, knowing the same to be stolen, although the principal felon should not be convicted of the felony. This, however, embraced only one class of acces-sories, to wit, receivers of stolen goods, in cases where the principal was not amenable to justice; afterwards, by the act of 23d September 1791, 3 Sm. 41, it was provided "in all cases of felonies of death, robbery and burglary, it shall be lawful to punish receivers of such felons, robbers and burglaries, by a fine and imprisonment, although the principal felons, robbers and burglars cannot be taken, so as to be prosecuted and tried for said offences; which conviction and sentence of said receivers shall exempt them from being prosecuted as accessories after the fact in case the principal felon, robber or burglar shall afterwards be taken and convicted. This act extended only to accessories after the fact, in cases in which the principals could not be taken.

The act of 11th April 1825, 8 Sm. 438, was passed to avoid a difficulty which afterwards arose in the prosecutions of receivers of stolen goods, in cases in which the principals were amenable to justice. The act of 1718 was taken from the 4th section of 4th and 5th Anne, chap. 31, which only authorized proceedings against such receivers before the conviction or attainder of their principals, when such principals could not be taken. Foster, in his discourse on accomplices, § 5, p. 373, says on this point: "I know attempts have been made, under various shapes, to prosecute the receiver as for a misdemeanor, while the principal hath been in custody and amenable, but not convicted; but I think such devices illegal." The act of 1825 solved the difficulty, by declaring that receivers of property, knowing it to have been feloniously stolen, may be prosecuted, although the principal be not before convicted, and whether he is amenable to justice or not.

It will thus be seen, that all our legislation with regard to the trial of accessories to felonies, before the conviction of their principals, applies only to accessories after the fact, a class of offenders who have had no primary connection with the original crime, and whose guilt only consists in having given comfort and succor to the actual offender after its perpetration; except in cases of receivers of stolen goods, this offence is often abhorrent, consisting frequently in parents and friends, influenced by the ties of blood, or the impulses of affection, giving aid and comfort to an offender whose crime they abominate and deplore. It seems strange that the common law privilege, which exempted accessories from liability to justice until the conviction or attainder of the principal, should be taken away in cases of accessories after the fact, and left in those of accessories before the fact, whose guilt is always as great, and often much greater, than that of the principal. The 45th section proposes putting our statute laws on the subject of accessories to felonies in harmony with justice and reason. Report on the Penal Code 46-8.

17

the principal felon shall or shall not have been previously convicted, or shall or shall not be amenable to justice, and may thereupon be punished in like manner as any accessory after the fact to the same felony, if convicted as an accessory, may be punished; and the offence of such person, howsoever indicted, may be inquired of, tried, determined and punished, by any court which shall have jurisdiction to try the principal felon, in the same manner as if the act by reason of which such person shall have become accessory, had been committed at the same place as the principal felony : *Provided always,* That no person who shall be once duly tried for any such offence, whether as an accessory after the fact, or as for a substantive felony, shall be liable to be again indicted or tried for the same offence.(*a*)

<span style="float:left">Felonious striking or poisoning in one county, and death in another.</span> 46. If any person hereafter shall be feloniously stricken, poisoned or receive other cause of death in one county, and die of the same stroke, poisoning or other cause of death in another county, then an indictment found therefor by jurors of the county where the death shall happen, shall be as good and effectual in law, as well against the principal in such murder as against the accessory thereto, as if the stroke, poisoning or other cause of death had been given, done or committed in the same county where such indictment shall be found ; and the proper courts having jurisdiction of the offence shall proceed upon the same as they might or could do in case such felonious stroke, poisoning or other cause of death, and the death itself thereby ensuing, had been committed and happened all in one and the same county.(*b*)

<span style="float:left">Felonious striking or poisoning in the state and death out of the state.</span> 47. If any person shall be feloniously stricken, poisoned or receive other cause of death within the jurisdiction of this state, and shall die of such stroke, poisoning or other cause of death at any place out of the jurisdiction of this state, an indictment therefor found by the jurors of the county in which such stroke, poisoning or other cause of death shall happen as aforesaid, shall be as good and effectual, as well against the principal in any such murder, as against the accessory thereto, as if such felonious stroke, poisoning or other cause of death, and the death thereby ensuing, and the offence of such accessory, had happened in the same county where such indictment shall be found ; and the courts having jurisdiction of the offence shall proceed upon the same, as well against principal as accessory, as they could in case such felonious stroke, poisoning or other cause of death, and the death thereby ensuing, and the offence of such accessory, had both happened in the same county where such indictment shall be found.(*c*)

<span style="float:left">Proof of offences committed near county lines.</span> 48. In order to obviate the difficulty of proof as to all offences committed near the boundaries of counties, in any indictment for felony or misdemeanor committed on the boundary or boundaries of two or more counties, or within the distance of five hundred yards of any such boundary or boundaries, it shall be sufficient to allege that such felony or misdemeanor was committed in any of the said counties ; and every such felony or misdemeanor shall and may be inquired of, tried, determined and punished in the county within which the same shall be so alleged to have been committed, in the same manner as if it had been actually committed therein.(*d*)

<span style="float:left">Proof of offences committed during journeys.</span> 49. In order to obviate the difficulty of proof as to offences committed during journeys from place to place, in any indictment for felony or misdemeanor committed on any person or on any property, upon any stage coach, stage, wagon, railway-car or other such carriage whatever, employed in any journey, it shall be sufficient to allege that such felony or misdemeanor was committed within any county or place through any part whereof such coach, wagon, cart, car or other carriage shall have passed in the course of the journey during which such felony or misdemeanor shall have been committed ; and in all cases where the centre or other part of any highway shall constitute the boundaries of any two counties, it shall be sufficient to allege that the felony or mis-

---

46. Act 31 March 1860, § 46.  P. L. 441.     47. Ibid. § 47.     48. Ibid. § 48.     49. Ibid. § 49.

(*a*) This section is only an extension of the existing laws, which, as will be seen from the preceding remarks, subjected accessories after the fact and receivers, to punishment before the conviction or attainder of their principals. It embraces such accessories not only in common law felonies, but those created, or which hereafter may be created, by statute. It authorizes the conviction of such offenders either with or after the conviction of the principals, or for a substantive offence, whether the principal felon shall or shall not have been previously convicted, or shall or shall not be amenable to justice. It also provides for the case of a party becoming an accessory after the fact in one county to a felony committed in another ; giving jurisdiction over the crime of such accessory to the courts of the county having jurisdiction over the crime of the principal offender. This provision supplies the 22d and 23d sections of the act of 1718, 1 Sm. 119, made, probably, to meet a doubt at common law, whether an accessory in one county to a felony in another, was indictable in either. Report on the Penal Code 43.

(*b*) This section has been introduced to remove a difficulty which might arise in a case of homicide, where a man had died in one county from an injury, or other cause of death, received in another county. Hawkins, in his Pleas of the Crown, book 2, chap. 25, § 36, says, that "at the common law, if a man had died in one county of a stroke received in another, it seems to have been the more general opinion that, regularly, the homicide was indictable in neither, because the offence was not complete in either, and no grand jury could inquire of what happened out of their county." This inconvenience was remedied by 2d & 3d Edward VI., chap. 24, by which it was enacted,

that in such cases the trial should take place in the county where the death happened. This statute is among those reported by the judges of the Supreme Court, as being in force in Pennsylvania ; hence the expediency of this section to meet such a case, should it hereafter arise. Report on the Penal Code 49.

(*c*) In the case of a wound, or other cause of death, being given in this state, and the party receiving the same dying in another state (a thing which might very readily occur, as in the case of duels), by the existing law it is at least doubtful whether a prosecution for homicide could be maintained in either; Hawkins, book 1, chap. 31, §§ 11, 12. If a mortal injury, or poison is given or administered maliciously in the state, and death ensues therefrom out of the state, the act which caused the death, and the malice which influenced the act, the two great essential elements of felonious homicide, have been perpetrated and manifested within our jurisdiction ; it seems, therefore, fitting, that in such cases, jurisdiction over the crime should be exercised by this state. The section is new, but manifestly necessary in any penal system claiming to be complete. Report on the Penal Code 49.

(*d*) The 48th and 49th sections are new ; they are intended to obviate difficulties which occur in laying the county, where a crime has been committed, so near county lines, as to render it doubtful in which of two counties it has been actually perpetrated ; and to obviate similar difficulties, where the crime has been committed during journeys or voyages by land or water, in carriages or vessels of any kind, which have passed through various counties in the journey or voyage during which the crime has been committed. These sections will be found of real practical value. Report on the Penal Code 49.

demeanor was committed in either of the said counties through, or adjoining to, or by the boundaries of any part whereof such coach, wagon, cart, car or other carriage shall have passed in the course of the journey during which such felony or misdemeanor shall have been committed; and in any indictment for any felony or misdemeanor, committed on any person or on any property on board any vessel whatsoever, employed in any voyage or journey on any navigable river, canal or inland navigation, it shall be sufficient to allege that such felony or misdemeanor was committed in any county or place through any part whereof such vessel shall have passed in the course of the voyage or journey during which such felony or misdemeanor shall have been committed; and in all cases where the side or bank of any navigable river or creek, canal or inland navigation, or the centre or other part thereof, shall constitute the boundary of any two counties, it shall be sufficient to allege that such felony or misdemeanor was committed in either of the said counties through, or adjoining to, or by the boundary of any part thereof, such vessel shall have passed in the course of the voyage or journey during which such felony or misdemeanor shall have been committed; and every such felony or misdemeanor committed in any of the cases aforesaid, shall and may be inquired of, tried, determined and punished in the county or place within which the same shall be so alleged to have been committed, in the same manner as if it had actually been committed therein.

50. If on the trial of any person charged with any felony or misdemeanor, it shall appear to the jury upon the evidence, that the defendant did not complete the offence charged, but was guilty only of an attempt to commit the same, such person shall not by reason thereof be entitled to be acquitted, but the jury shall be at liberty to return, as their verdict, that the defendant is not guilty of the felony or misdemeanor charged, but is guilty of an attempt to commit the same; and thereupon such person shall be liable to be punished in the same manner as if he had been convicted upon an indictment for attempting to commit the particular felony or misdemeanor charged in the indictment; and no person so tried as herein lastly mentioned, shall be liable to be afterward prosecuted for an attempt to commit the felony or misdemeanor for which he was so tried.(a) *Party indictable for felony or misdemeanor may convict of attempt to commit the same.*

51. If upon the trial of any person for any misdemeanor, it shall appear that the facts given in evidence amount in law to a felony, such person shall not by reason thereof be entitled to be acquitted of such misdemeanor; and no person tried for such misdemeanor shall be liable to be afterwards prosecuted for felony on the same facts, unless the court before whom such trial may be had shall think fit, in its discretion, to discharge the jury from giving any verdict upon such trial, and direct such person to be indicted for felony; in which case such person may be dealt with in all respects as if he had not been put upon his trial for such misdemeanor. *Persons tried for misdemeanor not to be acquitted because the offence turns out to be felony.*

52. No person shall be deemed and adjudged an incompetent witness on the trial of any indictment, for or by reason of such person being entitled, in the event of the conviction of the defendant, to a restitution of his property feloniously taken, or the value thereof, or if fraudulently obtained, to a pecuniary remuneration or compensation therefor, or for or by reason of such witness being liable and subject to the payment of the costs of prosecution.(b) *Witnesses entitled to restitution to be competent.*

53. No verdict in any criminal court shall be set aside, nor shall any judgment be reversed or arrested or reversed, nor sentence delayed, for any defect or error in the precept issued from any court, or in the venire issued for the summoning and returning of jurors, or for any defect or error in drawing, summoning or returning any juror, or panel of jurors,(c) but a trial, or an agreement to try on the merits,(d) or pleading guilty, or the general issue(e) in any case, shall be a waiver of all errors and defects in, or relative *Cure of defects in jury process by verdict.*

50. Act 31 March 1860, § 36. P. L. 442.   51. Ibid. § 51.   52. Ibid. § 52.   53. Ibid. § 53.

(a) The 50th and 51st sections are new, and intended to facilitate the conviction of offenders, and avoid unnecessary delay in the administration of criminal justice. By the law as it now stands, if on the trial of an indictment for felony, it appears that some circumstance is wanted to establish the complete technical offence, the prisoner must be acquitted, although the proofs are perfect of an attempt to commit the crime; and on the other hand, where the indictment charges an attempt to commit a crime, and the proof establishes that the crime has actually been committed, the American courts have generally held that the misdemeanor charged, is merged in the felony proved. The operation of the first of these doctrines is best exemplified by decided cases. Lord Hale, in his Pleas of the Crown, vol. 1, p. 508, thus recites one of these cases: "A. bound his keys tied to the strings of his purse; B., a cutpurse, takes his purse, with the money in it, out of his pocket, but the keys which were hanged to his purse strings, hanged in his pocket; A. takes B. with his purse in his hand, but the strings hanged to his pocket by the keys; it was ruled that this was no felony, for the keys and purse strings hanged in the pocket of A., whereby A. had still in law the possession of his purse, so that *licet, cepit non asportavit.* So, where a thief went into a shop, took up some goods, intending to steal them, but before he had removed them from the spot on which they lay, discovered they were tied to the counter by a cord; upon being tried for stealing, it was held that the property never was either completely severed from the possession of the owner, nor completely in the possession of the prisoner, and he was acquitted." Sleigh's Criminal Law 29. In regard to the other doctrine sought to be changed by this section, viz.: that a misdemeanor

charged is merged in a felony proved, it has been frequently held in this country that where, on an indictment for an assault, attempt or conspiracy, with intent to commit a felony, it appeared that the felony was actually committed, it was the duty of the court to discharge the jury, that the misdemeanor had merged, and that the defendant must be acquitted. Wharton's American Criminal Law §§ 564, 2234. In England, however, this doctrine has been shaken, if not repudiated by the cases of Rex v. Neale, 1 Denison's Cro. Cas 36, and Rex v. Button, 11 Ad. & Ellis (N. S.) 820. This section under consideration will, if adopted, destroy the future operation of a subtle fiction, having no origin in substantial common sense. Report on the Penal Code 50.

(b) This section is taken from the act of 29th March 1809, § Sm. 48: and the 31st section of the act of 31st May 1718, 1 Sm 122. Report on the Penal Code 51.

(c) See 2 S. & R. 300. 4 P. L. J. 512.

(d) A trial on the merits is a waiver of all irregularities and defects in the mode of summoning and returning the jurors. 5 C. 429. After a trial it is too late to object to mistakes in the process as to the Christian and surname of some of the jurors by whom the verdict was rendered. 10 H. 91. If a person, not on the panel, is called, and permitted to sit, the irregularity is cured by this section. 3 H. 236. But if a stranger answer to the name of one of the panel, and is sworn as a juror, it is a mistrial, and not within the statute. Com. v. Spring, 40 Leg. Int. 54-6. 1 Am. L. R. 424. See 4 P. L. J. 521.

(e) If the prisoner stands mute, and the plea of not guilty is entered by the court, it is within the act. 5 Wh. 67. See 2 Ash. 90.

260                          Criminal Procedure.

or appertaining to the said precept, venire, drawing, summoning and returning of jurors.(a)

*Of the trial of prisoners committed.* 54. If any person shall be committed for treason or felony, or other indictable offence, and shall not be indicted and tried some time in the next term, session of oyer and terminer, general jail delivery, or other court where the offence is properly cognisable, after such commitment, it shall and may be lawful for the judges or justices thereof,(b) and they are hereby required on the last day of the term, sessions or court, to set at liberty the said prisoner upon bail, unless it shall appear to them, upon oath or affirmation, that the witnesses for the commonwealth, mentioning their names, could not then be produced;(c) and if such prisoner shall not be indicted and tried the second term, session or court(d) after his or her commitment, unless the delay happen on the application or with the assent of the defendant, or upon trial he shall be acquitted, he shall be discharged from imprisonment:(e) *Provided always*, That nothing in this act shall extend to discharge out of prison, any person guilty of, or charged with treason, felony or other high misdemeanor in any other state, and who by the constitution of the United States ought to be delivered up to the executive power of such state, nor any person guilty of, or charged with a breach or violation of the laws of nations.(g)

*Witnesses in forgeries.* 55. Upon the trial of any indictment for making or passing, and uttering, any false, forged or counterfeited coin, or bank note, the court may receive in evidence, to establish either the genuineness or falsity of such coin or note, the oaths or affirmations of witnesses who may, by experience and habit, have become expert in judging of the genuineness or otherwise, of such coin or paper, and such testimony may be submitted to the jury without first requiring proof of the handwriting or the other tests of genuineness, as the case may be, which have been heretofore required by law; and in prosecutions for either of the offences mentioned or described in the 164th, 165th, 166th and 167th sections of the "Act to consolidate, revise and amend the penal laws of this commonwealth,"(h)the courts shall not require the commonwealth to produce the charter of either of said banks, but the jury may find that fact upon other evidence, under the direction of the court.(i)

*Witnesses not to be imprisoned except in certain cases.* 56. No witness in any case who enters his or her recognisance, in such sum as the magistrate may demand, to appear and testify in such prosecutions as require his testimony, shall be committed to prison by the judge, alderman or magistrate before whom any criminal charge may be preferred: *Provided however*, That in all cases triable in the oyer and terminer, where a positive oath is made, reduced to writing and signed by the deponent, setting forth sufficient reasons or facts to induce the firm belief on the part of the judge, magistrate or alderman, that any witness will abscond, elope or refuse to appear upon the trial, that then and in such case the judge, magistrate or alderman may exact bail of said witness to testify.(k)

*Bills of exception and writs of error allowed.* 57. Upon the trial of any indictment for murder or voluntary manslaughter,(l) it shall and may be lawful for the defendant or defendants to except to any decision of the court upon any point of evidence or law,(m) which exception shall be noted by the court, and filed of record as in civil cases,(n) and a writ of error to the supreme court may be taken by the defendant or defendants, after conviction and sentence.(o)

54. Act 31 March 1860, § 54.  P. L. 443.        55. Ibid. § 55.        56. Ibid. § 56.        57. Ibid. § 57

(a) This section is a transcript of the act of 21st February 1814, 6 Sm. 111. The original act has been left unrepealed, and has been introduced here in order to give relative completeness to the code of criminal procedure. Report on the Penal Code 51.

(b) The application must be made to the court in which the prisoners were indicted. 2 Wh. 462. 3 Y. 294. 7 W. & S. 110.

(c) This section only applies where there has been wilful delay on the part of the commonwealth. 16 S. & R. 305. 7 W. 366. Not where the trial is delayed by the prisoner. 3 Y. 366. 16 S. & R. 304. 2 Wh. 501. 7 W. 366. 1 D. 6.

(d) A prisoner can only claim his discharge on the last day of the second term after his arrest, when there has been a competent and regularly constituted court before whom he could have been indicted and tried. 5 C. 129.

(e) This act was designed to prevent wrongful restraints of liberty growing out of the malice and procrastination of the prosecutor; but not to shield a prisoner, in any case, from the consequences of any delay made necessary by the law itself; and, therefore, where the array of grand jurors was quashed at two successive terms after the arrest of the prisoner, for informality in selecting and drawing them, he is not entitled to a discharge. 5 C. 129.

(g) This section is a transcript of the 3d section of the act of 18th February 1785, 2 Sm. 277. The words, "or other indictable offence," after the word "felony," have been introduced in order to harmonise the language of the law with the actual practice under it, which has been to extend the provisions of the 3d section of the habeas corpus act, not only to commitments for treason or felony, but to commitments for all criminal offences. Ex parte Walton, 2 Wh. 501. The only change in the proviso of this section is the substitution of the words, "the constitution of the United States," for the words, "the confederation," of the original act. This original section has also been left unrepealed, so as to avoid any unnecessary interference with this important law. The commissioners consider its introduction into this act as judicious, comprising, as it does, so important an element in our criminal jurisprudence. Report on the Penal Code 51.

(k) See tit. "Crimes," pl. 173–6.

(f) This section is framed from the 3d section of the act of 4th May 1852, P. L. 574; and the 13th section of the act of 31st March 1824, 8 Sm. 248. Report on the Penal Code 52.

(h) This section is taken from the act of 22d April 1856, P. L. 508. Report on the Penal Code 52.

(i) A bill of exceptions to the admission or rejection of evidence on the trial of one charged by indictment with a criminal offence, other than murder or voluntary manslaughter, is not the subject of consideration on a writ of error, although the bill may have been sealed by the court below. 2 W. 285.

(m) The prisoner must show that a substantial error was committed on the trial, in the admission or rejection of evidence, by which he has been injured; it is not sufficient that an abstract or technical error has taken place. 5 C. 429.

(n) The supreme court is limited to a review of the points so noted and filed of record by the court below. 5 C. 429. 1 Wr. 108. This act does not authorize an exception to the charge of the court. Com. v. Jacoby, 6 Pittsburgh Leg. J. 178.

(o) Section 57 to 61 are taken from the 1st, 2d, 3d, 4th and 5th sections of the act of 5th November 1856, P. L. 795. The changes made therein consist in striking out the whole of the proviso of the 1st section, and so much of the 4th section as provides for the oath or affirmation required, being filed in the prothonotary's office of the proper district. The effect of the proposal amendment will be, to supersede the necessity of a party convicted of murder or manslaughter making an oath that his application for a writ of error is not for the purpose of delay, and to correct the manifest inconsistency in the proviso, in authorizing a defendant convicted of voluntary manslaughter, to enter bail to appear and abide the sentence of the court, when by the previous part of the section, no writ of error can issue until after conviction and sentence. The commissioners believe that the oath demanded will stop few, if any, persons convicted of murder or voluntary manslaughter, from suing out a writ of error. Is there a temptation to perjury should nations; they think that such a temptation to perjury should not be placed in the way of a party so situated. Experience shows that even in civil proceedings, such oaths have but little influence in preventing litigation; how much less must they

**App. 63**

## Criminal Procedure.

58. If during the trial upon any indictment for murder or voluntary manslaughter, the court shall be required by the defendant or defendants to give an opinion upon any point submitted and stated in writing, it shall be the duty of the court to answer the same fully, and file the point and answer with the records of the case.(a)

*Written opinions to be filed.*

59. No such writ shall be allowed, unless special application be made therefor, and cause shown within thirty days after sentence pronounced; and if the supreme court be sitting in banc in any district, the application shall be made, and cause shown there; if the said court be not sitting, application may be made to, and cause shown before one of the judges of that court, and upon the allowance of such writ, the said court or judge shall fix a time and place for hearing the said case, which time shall not be more than thirty days thereafter; if the said court shall be at that time sitting in banc in any district of the state, the said court or judge, upon the allowance of any such writ, shall make all such proper orders, touching notice to the commonwealth, and paper-books, as may be considered necessary.

*Granting of writs of error regulated.*

60. The writ of error shall issue from the prothonotary's office of the proper district, and all orders, decrees and judgments in the case shall also be entered of record there; but the application and final hearing may be made and had before the said supreme court while sitting in any other district.

*Whence a writ of error to issue.*

61. Upon the affirmance of the supreme court of the judgment in any case, the same proceedings shall be enforced pursuant to the directions of the judgment so affirmed, and the said court may make any further order requisite for carrying the same into effect; and if the supreme court shall reverse any judgment, they shall remand the record, with their opinion, setting forth the causes of reversal, to the proper court for further proceeding.

*Proceedings after affirmance or reversal of judgment.*

### E. OF COSTS.

62. In all prosecutions, cases of felony excepted, if the bill of indictment shall be returned "ignoramus," the grand jury returning the same shall decide and certify on such bill whether the county or the prosecutor shall pay the costs of prosecution; and in all cases of acquittals(b) by the petit jury on indictments for the offences aforesaid, the jury trying the same shall determine, by their verdict, whether the county,(c) or the prosecutor, or the defendant shall pay the costs,(d) or whether the same shall be apportioned between the prosecutor and the defendant, and in what proportions; and the jury, grand or petit, so determining, in case they direct the prosecutor to pay the costs or any portion thereof, shall name him in their return or verdict;(e) and whenever the jury shall determine as aforesaid, that the prosecutor or defendant shall pay the costs, the court in which the said determination shall be made shall forthwith pass sentence to that effect, and order him to be committed to the jail of the county until the costs are paid, unless he give security to pay the same within ten days.(g)

*Power of grand and petit jurors over costs.*

63. In all prosecutions where the petit jury trying the same shall acquit the defendant, and shall determine, by the verdict, that the prosecutor shall pay the costs(f) the defendant's bill for his subpœnas, serving the same, and attendance of his material and necessary witnesses, shall be included in the costs and paid accordingly.(i)

*Of the defendant's costs.*

64. The costs of prosecution accruing on all bills of indictments charging a party with felony, returned "ignoramus" by the grand jury, shall be paid by the county; and the costs of prosecution accruing on bills of indictment charging a party with felony, shall, if said party be acquitted by the petit jury on the traverse of the same, be paid by

*Payment of costs generally.*

---

58. Act 31 March 1860, § 58. P. L. 444.
59. Ibid. § 59.
60. Ibid. § 60.
61. Ibid. § 61.
62. Ibid. § 62.
63. Ibid. § 63.
64. Ibid. § 64.

---

have in a criminal proceeding, where the matter in issue is life or liberty1. The privilege given in the proviso, in a case of voluntary manslaughter, of entering bail to appear to abide by the sentence of the court, is utterly irreconcilable with the main section itself, which gives the writ of error after conviction and sentence; if the commissioners are permitted to speculate upon the causes of the incongruity between the section and its proviso, they would be inclined to suppose that the proviso was one of those amendments hastily made and adopted, which sometimes occur in rapid legislation. The only manner in which the proviso and the section can be reconciled, would be to suppose that the legislature intended, in case of conviction and sentence for voluntary manslaughter, to permit the defendant, suing out a writ of error, to go at large on bail until the final judgment of the court of errors; such a feature is entirely new in a system of criminal jurisprudence, based upon the common law. If such a privilege is to be given to a convicted felon, there seems no good reason that it should be exclusively extended to felonious homicide; as has been heretofore remarked, the line between murder and voluntary manslaughter is often so nicely characterized, that it requires much technical acumen to discriminate the difference between them; surely in a community in which law ought to protect life by every possible means, a party convicted by the verdict of a jury of his peers, of voluntary and felonious homicide, should not be permitted to go at large, while the sentence against him remains unreversed and unrepealed. We ought not, in our anxiety to guard the rights of the offender, to forget those of the community, an error which seems gradually insinuating itself into penal legislation and administration; the reasoning on this subject might be extended; but the commissioners think they have said enough to recommend their proposed modification of this act to legislative favor. Report on the Penal Code 52.

(a) This section does require the court to write out its charge to the jury. Com. v. Jacoby, 6 Pittsburgh Leg. J. 178.

(b) If the act be charged to have been done feloniously, the jury have no power over the costs. 6 W. 530. Nor where o

an indictment for a felony, a count for a misdemeanor is joined. 2 C. 154. The statute extends to the case of a defective indictment. 4 B. 794. 4 S. & R. 123. And to an acquittal on a plea of the statute of limitations. 2 C. 171. The jury cannot convict one of two defendants, and acquit the other, and direct the latter to pay the costs. 13 S. & R. 301. The court may set aside a verdict of acquittal, so far as it imposes costs on the prosecutor. 2 Gr. 66.

(c) If the jury acquit the defendant, and say nothing as to the costs, the county is not liable. 5 P. R. 305.

(d) This does not include the costs of a former bill, on which judgment was arrested. 2 C. 171.

(e) No person can be sentenced to pay costs as prosecutor, unless named by the jury. 7 W. 489. But where the grand jury ignored a bill for assault and battery, and directed the person upon whom it was alleged to have been committed, to pay the costs, it was held sufficient, although they omitted to designate him as prosecutor. Com. v. Carr, Quarter Sessions, Phila. 23 October 1847. Ms. The act does not apply to persons concerned in prosecutions in their official capacity; 2 Am. L. R. 241; 11 Leg. Int. 58; and hence, in a prosecution for keeping a disorderly house, the jury cannot impose the costs on the constable who made the return. Com. v. Barr, Quarter Sessions, Lancaster, January 1848. MS.

(g) See 2 P. R. 340. 13 S. & R. 303. This section is taken from the 1st and 2d sections of the act of 8th December 1804. 4 Sm. 204; and the act of 12th April 1860. P. L. 828. The only change made in these laws is, that the like privilege of giving security for the payment of costs in ten days is given to the defendant, who, although acquitted, is ordered to pay the costs, as is given to the prosecutor in case he is ordered to pay the costs. Report on the Penal Code 53.

(h) If the jury acquit the defendant, and direct the costs of prosecution to be paid by the county, the latter is not liable for the attendance of the defendant's witnesses. 12 C. 317.

section is taken from the act of 9th February 1850. Report on the Penal Code 53.

the county,(a) and in all cases of conviction(b) of any crime, all costs(c) shall be paid by the party convicted; but where such party shall have been discharged, according to law,(d) without payment of costs, the costs of prosecution shall be paid by the county; and in cases of surety of the peace, the costs shall be paid by the prosecutor or the defendant, or jointly between them, or the county, as the court may direct.(e)

**Costs where separate bills are presented against joint offenders.** 65. In all cases where two or more persons have committed an indictable offence, the names of all concerned (if a prosecution shall be commenced) shall be contained in one bill of indictment, for which no more costs shall be allowed than if the name of one person only was contained therein.(g)

### F. GENERAL PROVISIONS.

**Insane prisoners.** 66. In every case in which it shall be given in evidence upon the trial of any person charged with any crime or misdemeanor, that such person was insane at the time of the **Jury to find the fact of insanity.** commission of such offence, and he shall be acquitted, the jury shall be required to find specially whether such person was insane at the time of the commission of such offence, and to declare whether he was acquitted by them on the ground of such insanity; and **Defendant to be detained in custody.** if they shall so find and declare, the court before whom the trial is had shall have power to order him to be kept in strict custody, in such place and in such manner as to the said court shall seem fit, at the expense of the county in which the trial is had, so long as such person shall continue to be of unsound mind.(h)

**Where defendant is found insane upon arraignment.** 67. The same proceedings may be had, if any person indicted for an offence shall, upon arraignment, be found to be a lunatic, by a jury lawfully impannelled for the purpose; or if, upon the trial of any person so indicted, such person shall appear to the jury, charged with such indictment, to be a lunatic, the court shall direct such finding to be recorded, and may proceed as aforesaid.

**Where prisoner brought up to be discharged appears to be insane.** 68. In every case in which any person charged with any offence shall be brought before the court to be discharged for want of prosecution, and shall by the oath or affirmation of one or more credible persons, appear to be insane, the court shall order the district attorney to send before the grand jury a written allegation of such insanity in the nature of a bill of indictment; and thereupon the said grand jury shall make inquiry into the case, as in cases of crimes, and make presentment of their finding to said court thereon; and thereupon the court shall order a jury to be impannelled to try the insanity of such person; but before a trial thereof be ordered, the court shall direct notice thereof to be given to the next of kin of such person, by publication or otherwise, as the case requires, and if the jury shall find such person to be insane, the like proceedings may be had as aforesaid.

**Insane defendant to be delivered to friends, &c.** 69. If the kindred or friends of any person who may have been acquitted as aforesaid on the ground of insanity, or in the default of such, the guardians, overseers or supervisors of any county, township or place, shall give security in such amount as shall be satisfactory to the court, with condition that such lunatic shall be restrained from the commission of any offence by seclusion or otherwise, it shall be lawful for the court to make an order for the enlargement of such lunatic, and his delivery to his kindred or friends, or as the case may be, to such guardians, overseers or supervisors.

**How expenses to be paid in such cases.** 70. The estate and effects of every such lunatic shall, in all cases, be liable to the county for the reimbursement of all costs and expenses paid by such county in pursuance of such order; but if any person acquitted on the grounds of insanity, shall have no estate or effects, the county, township or place to which such lunatic may be chargeable under the laws of this commonwealth relating to the support and employment of the poor, shall, after notice of his detention aforesaid, be liable for all costs and expenses as aforesaid, in like manner as if he had become a charge upon any township not liable for his support under the laws aforesaid.

**Civil actions against felons.** 71. In all cases of felony heretofore committed, or which may hereafter be committed, it shall and may be lawful for any person injured or aggrieved by such felony, to have and maintain his action against the person or persons guilty of such felony, in like manner as if the offence committed had not been feloniously done; and in no case whatever, shall the action of the party injured, be deemed, taken or adjudged to be merged in the felony, or in any manner affected thereby.(i)

**Executions upon sentences of restitution.** 72. The imprisonment awarded as part of the punishment of any offender, shall not stop or avoid the awarding or taking out of execution to levy such respective sums recovered against them, as such offenders refuse or neglect to pay, when such writs are taken out, which executions shall be directed to the sheriff or coroner of the proper

65. Act 31 March 1860, § 65. P. L. 445.    67. Ibid. § 67.    69. Ibid. § 69.    71. Ibid. § 71.
66. Ibid. § 66.    68. Ibid. § 68.    70. Ibid. § 70.    72. Ibid. § 72.

(a) See 10 C. 440.
(b) This includes convictions for drunkenness and vagrancy. 4 R. 170. 5 C. 45. Provided the defendants be sentenced to hard labor, and the commitments follow the sentences as recorded. 12 C. 340. The case of a prosecutor on a bill returned ignoramus, is not within the act; nor that of a defendant acquitted, but ordered to pay the costs by the petit jury; nor where the prosecutor is ordered to pay costs on an acquittal. 8 R. & R. 341. Nor where the case is determined by a nolle prosequi. 12 S. & R. 91. 6 B. 493. Or the indictment is quashed. 3 R. 487. But it extends to cases where the party may be discharged under the insolvent laws; or where judgment has been arrested or reversed on error. 12 S. & C. 95. Or where the defendant has been pardoned after conviction. 440.
(c) This does not include costs of an attachment

witness, for contempt. 2 S. & R. 392.
(c) Unless the discharge be a legal one, the county is not liable. 6 P. L. J. 287.
(c) This section is a consolidation of the 11th and 15th sections of the act of 23d September 1791, 3 Sm. 43–4; and the 13th section of the act of 28th March 1814, 6 Sm. 229; and the 1st section of the act of 20th March 1797, 3 Sm. 281; and embraces the cases provided for by them. Report on the Penal Code 54.
(b) This section is taken from the act of 28th March 1809, 4 Sm. 235. Report on the Penal Code 54.
(h) Sections 66 to 70 are taken from the 58th, 59th, 60th, 61st and 62d sections of the act of 13th June 1836, P. L. 605. Report on the Penal Code 54. See 3 C. 522. 10 C. 184.
(i) This section is new; its object is sufficiently manifest without further explanation. Report on the Penal Code 54.

App. 65

Case 4:14-cv-00139-HLM   Document 47-2   Filed 12/30/15   Page 70 of 99

county, requiring him to levy the sums due upon such recoveries as aforesaid, of the lands and tenements, goods and chattels of such offenders, returnable to the next term or session of the court where such conviction was had, which shall be executed accordingly;(a) and the lands, goods and chattels thereby seized shall be sold and conveyed by the said officers, and such sales shall be as available and effectual in law as any other sales of land taken and sold for the payment of debts, by virtue of writs of execution awarded out of the courts of common pleas in the respective counties.(b)

73. If any person who hath been, or shall be legally indicted in any court of criminal **Outlawry.** jurisdiction within this commonwealth, of treason, felony of death, robbery, burglary, sodomy or buggery, or as accessories before the fact to any of the same offences, did not or will not appear to answer to such indictment, or having appeared, shall escape before trial, the same indictment, record and proceedings shall be removed by writ of certiorari **Certiorari.** into the supreme court of this commonwealth, and it shall and may be lawful for the same court to award a writ of capias, directed to the sheriff of the county where the fact **Capias.** shall be charged to have been committed : and if the party indicted shall be supposed, by the indictment, to inhabit or be conversant in any other county, then also to the sheriff of such county ; which writ or writs shall be delivered to the said sheriff or sheriffs, at least two months before the day of the return thereof, commanding the said sheriff or sheriffs to take the person so indicted as aforesaid, if he may be found in his or their bailiwicks, and him safely keep, so that he may have his body before the justices of the said supreme court, at the next supreme court to be holden for the said commonwealth, to answer to the said indictment, or prosecute his traverse thereupon, as the case may be, and to be further dealt with as the law shall direct ; and if the same sheriff or sheriffs shall make return to the same writ or writs of capias, that the person indicted as afore- **Alias capias.** said, cannot be found in his bailiwick, then, after such return, a second writ of capias may issue out of the said supreme court, and be delivered at least three months(c) before the return day thereof, to the sheriff of the county where the fact shall be charged to have been committed ; and in case the party shall be supposed, by the indictment, to inhabit or be conversant in any other county, then another writ of capias shall also issue, and be delivered at least three months before the return day thereof, to the sheriff of such county ; which writ or writs of capias shall be returnable before the justices of the same court,(d) on the first day of the second term next after the teste of the said second writ of capias, so that a term shall intervene between the teste of the return days of the same writ or writs, whereby the said sheriff or sheriffs shall be commanded to take the said person so indicted as aforesaid, if he may be found in his or their bailiwicks, and him safely keep, so that he may have his body before the justices of the said supreme court at the day of the return thereof, to answer or prosecute his traverse as aforesaid ; but if **Proclama-** he cannot be found in his or their bailiwicks, then to cause public proclamation to be **tion.** made on three several days(e) in one of the courts of quarter sessions of the peace to be held for the said counties respectively, between the teste and return days of the same writ or writs, that the party so indicted shall appear before the said justices of the said supreme court, at a supreme court to be holden at the time and place contained in the same writs, to answer such indictment or prosecute his traverse thereof, as the case may be, or through default thereof, he will at the return of the same writ or writs be outlawed, and attainted of the crime whereof he was indicted as aforesaid ; and the said second writ of capias, directed to the sheriff of the county where the crime hath been, or shall be charged to have been committed, shall contain a further clause commanding the said sheriff, in case the person indicted as aforesaid cannot be found in his bailiwick, **Advertise-** to cause public advertisement to be made in one or more of the public newspapers of **ment.** this state, once a week, in six succeeding weeks, between the teste and return of the said second writ of capias, specifying therein the coming of the said second writ of capias to his hands, with the teste thereof, and the time and place of return to be made thereof, naming the person indicted as aforesaid, with his addition of degree, mystery(g) and place of abode,(h) as contained in the writ, stating the nature of the offence charged against him, and commanding him to appear before the justices of the said supreme court, at the day and place directed by the said second writ of capias, to answer to the said indictment, or prosecute his traverse thereof, as the case may be, or through default thereof at the return of the said second writ of capias, he will be outlawed and attainted of the crime whereof he shall have been indicted as aforesaid ; and if upon the return **Attainder** of the same writ or writs last mentioned, by the said sheriff or sheriffs, that the directions of the said writ or writs had been fully complied with and pursued, and the person indicted as aforesaid shall not yield himself to one of the said sheriffs, so that he may have his body before the justices of the said supreme court at the day and place as directed by the said writ or writs, or having surrendered himself, shall escape from his custody, or having been bailed on his surrender or caption, shall not appear, so that through want of his appearance at the time and place the said supreme court shall appoint for his trial, no trial of his offence can be had, the justices of the said supreme court shall in either of these cases pronounce and declare the said person indicted as

73. Act 31 March 1860, § 73. P. L. 447.

(a) A conveyance made to elude the provisions of this section, would be fraudulent and void at common law.   5 B. 114.

(b) This section is taken from the 30th section of the act of 31st May 1718, 1 Sm. 122.   Report on the Penal Code 54.

(c) See 1 D. 58, 92.

(d) 1 D. 88, 92.

(e) 1 D. 88, 92.

(g) 2 D. 92.

(h) 2 D. 92.   1 D. 60.

aforesaid, and not appearing at the time and place appointed for his trial as aforesaid, to be outlawed and attainted of the crime whereof he shall have been indicted as aforesaid; the said supreme court to pronounce the judgment of outlawry against the principal offender, previously to the declaration of outlawry against the accessory, against whom, in all other respects, it shall be lawful to carry on the proceedings together, and at the same time the said supreme court shall declare the legal punishment for the same

**Accessories.**

**Sentence.** crime; and wherever imprisonment shall be a part of the sentence for any of the said offences, the term thereof shall commence from the time the person outlawed shall, subsequent to his outlawry, actually be in the custody of the sheriff of the county where the offence was or shall be committed, which sentence shall be fully and particularly entered upon the records of the said supreme court: and the said sentence of outlawry

**Effect of outlawry.** shall have the legal effect of a judgment upon verdict or confession against the person so outlawed, for the offence whereupon he shall have been outlawed, unless and until the same outlawry shall be afterwards avoided by the judgment of the same court, on plea pleaded in the nature of a writ of error.

**How execution to be awarded.** When any person outlawed as aforesaid, shall be taken either by *capias utlagatum*, or otherwise, or being in the sheriff's custody, shall be brought to the bar of the supreme court, the court shall, upon the suggestion and prayer of the attorney-general, award execution(a) to be done upon him, unless the prisoner shall plead either *ore tenus*, or in writing, as his counsel shall advise, that he was not the person who was outlawed, or shall assign errors, in fact or in law, sufficient to prevent the award of execution, in which case the court shall proceed to determine the same either by an inquest or by their own judgment, agreeably to law; and the prisoner shall by such plea have all the benefit and advantage of all legal matters in his favor, as if he or she had brought a

**When outlawry may be reversed.** writ of error and had assigned the several matters pleaded as errors: *Provided*, If any person outlawed shall within the space of one year next after the outlawry pronounced against him, yield him to one of the justices of the supreme court, and offer to traverse the indictment whereon the said outlawry shall be pronounced as aforesaid, that then he shall be received to the same traverse; and being thereupon found not guilty, by the verdict of a jury, of the offence for which he shall have been outlawed as aforesaid, he shall be clearly acquitted and discharged of the said outlawry, and of all penalties and forfeitures by reason of the same, as fully as if no such outlawry had been had, anything hereinbefore contained to the contrary thereof notwithstanding.

**Costs.** All the costs and charges of the said proceedings to outlawry shall be borne and paid by the county where the crime is laid to have been committed; *Provided always*, That if the person or persons so outlawed shall have real or personal estate, the same or so much thereof as shall be necessary, shall be sold in the manner provided by the seventy-second section of this act, and the net proceeds of such sales shall be applied to the payment of the said costs and charges, or so far as the same shall extend, in exoneration of the county.(b)

**Sentences of separate or solitary confinement.** 74. Whenever any person shall be sentenced to imprisonment at labor by separate or solitary confinement, for any period not less than one year, the imprisonment and labor shall be had and performed in the state penitentiary for the proper district: *Provided*, That nothing in this section contained shall prevent such person from being sentenced to imprisonment and labor, by separate or solitary confinement, in the county prisons now or hereafter authorized by law to receive convicts of a like description: *And provided also*, That no convict shall be sentenced by any court of this commonwealth, to either of the penitentiaries thereof, for any term which shall expire between the fifteenth of November and the fifteenth of February of any year.(c)

**Sentences of less than one year, and simple imprisonment.** 75. No person shall be sentenced to imprisonment at labor, by separate or solitary confinement, for a period of time less than one year, except in the counties where, in the opinion of the court pronouncing the sentence, suitable prisons have been erected for such confinement and labor; and all persons sentenced to simple imprisonment for any period of time, shall be confined in the county jail where the conviction shall take place: *Provided*, That in the counties where suitable prisons for separate or solitary confinement at labor do not exist, and the sentence shall be for less than one year, simple

74. Act 31 March 1860, § 74.    P. L. 449.        75. Ibid. § 75.

(a) 1 D. 87, 91.

(b) This section is taken from the 1st, 2d and 3d sections of the act of 23d September 1791, 3 Sm. 37, and is nearly a transcript thereof. They form in themselves as good a system of outlawry as can now be suggested, and are so skilfully and ably drawn, as to require no amendment of importance. Although proceedings in outlawry have been rarely resorted to in our state, yet they are indispensably necessary in every complete system of criminal jurisprudence. Report on the Penal Code 54.

(c) Whilst the 74th and 75th sections, except the proviso to the 74th section, are new in form, no material alteration is made in the law as it now stands. The 74th section requires that sentences of imprisonment at labor by separate or solitary confinement for a period of time not less than one year, shall be performed in the state penitentiary of the proper district, or in such county prisons as are now, or may hereafter be authorized to receive convicts of a like description; and the 77th section prohibits sentences of imprisonment at labor by separate or solitary confinement for a less period of time than one year, except in the counties where suitable prisons have been or shall hereafter be erected for such confinement and

This section also provides that in all cases where the sentence is for simple imprisonment only, the offender shall be confined in the county where the conviction shall take place. The sections taken together require: 1. That all persons sentenced to simple imprisonment, shall be confined in the county where the offender is convicted. 2. That no person shall be sentenced to imprisonment at labor by separate or solitary confinement for a less period than one year, except in the counties where, in the opinion of the court passing the sentence, prisons are provided suitable for such confinement and labor. 3. That all imprisonment at labor by separate or solitary confinement, where the sentences exceed one year, shall be in the state penitentiary for the proper district, except in the counties in whose prisons convicts of a like description are authorized to be imprisoned, and in those counties, such convicts may be sent to the county prisons as heretofore. The provision contained in the last proviso to the 74th section, is copied from the 1st section of the act of 18th February 1847, P. L. 126. Report on the Penal Code 54. In New York, a similar law to that contained in this proviso, was held to be merely directory, and a failure to comply with its requirements, not to avoid the sentence. 1 Parker 374.

## Criminal Procedure.

imprisonment shall be substituted in all cases for the separate and solitary confinement at labor required by the "Act to consolidate, revise and amend the penal laws of this commonwealth."

76. Whenever, hereafter, any person shall be condemned to suffer death by hanging, *Execution in capital cases.* for any crime of which he shall have been convicted, the said punishment shall be inflicted upon him within the walls or yard of the jail of the county in which he shall have been convicted; and it shall be the duty of the sheriff or coroner of the said county to attend and be present at such execution, to which he shall invite the presence of a physician, the district attorney of the county, and twelve reputable citizens, who shall be selected by the sheriff; and the said sheriff shall, at the request of the criminal, permit such ministers of the gospel, not exceeding two, as he may name, and any of his immediate relatives, to attend and be present at such execution, together with such officers of the prison, and such of the sheriff's deputies as the said sheriff or coroner, in his discretion, may think it expedient to have present; and it shall be only permitted to the persons above designated to witness the said execution: *Provided,* That no person under age shall be permitted, on any account, to witness the same. And after the execution, the said sheriff or coroner shall make oath or affirmation, in writing, that he proceeded to execute the said criminal, within the walls or yard aforesaid, at the time designated by the death warrant of the governor; and the same shall be filed in the office of the clerk of the court of oyer and terminer of the aforesaid county, and a copy thereof published in two or more newspapers, one, at least, of which shall be printed in the county where the execution took place.(a)

77. All indictments which shall hereafter be brought or exhibited for any crime or *Limitation of prosecutions.* misdemeanor, murder and voluntary manslaughter excepted, shall be brought or exhibited within the time and limitation hereafter expressed, and not after:(b) that is to say, all indictments and prosecutions for treason, arson, sodomy, buggery, robbery, burglary, perjury, counterfeiting, forgery, uttering or publishing any bank note, check or draft, knowing the same to be counterfeited or forged, shall be brought or exhibited within five years next after the offence shall have been committed; and all indictments and prosecutions for other felonies not named or excepted heretofore in this section, and for all misdemeanors, perjury excepted, shall be brought or exhibited within two years next after such felony or misdemeanor shall have been committed:(c) *Provided however,* That if the person against whom such indictment shall be brought or exhibited, shall not have been an inhabitant of this state, or usual resident therein, during the said respective terms for which he shall be subject and liable to prosecution as aforesaid, then such indictment shall or may be brought or exhibited against such person at any period within a similar space of time during which he shall be an inhabitant of, or usually resident within this state: *And provided also,* That indictments for misdemeanors committed by any officer of a bank, or other corporation, may be commenced and prosecuted at any time within six years from the time the alleged offence shall have been committed.(d)

78. All fines imposed upon any party, by any court of criminal jurisdiction, shall be *Fines to be decreed to be paid to the commonwealth; but the same shall be collected and received, decreed to be paid to the for the use of the respective counties in which such fines shall have been imposed as state, for the aforesaid, as is now directed by law.(e)* use of the county.

76. Act 31 March 1860, § 76. P. L. 450.       77. Ibid. § 77.       78. Ibid. § 78.

(a) This section is taken from the act of 10th April 1834, P. L. 241.   Report on the Penal Code 55.

(b) The finding of an informal presentment is not sufficient to take the case out of the statute. 1 Cranch C. C. 488. Nor will a former indictment, on which a nolle prosequi was entered. 3 McLean, 460.

(c) The limitation need not be specially pleaded; it may be taken advantage of on the general issue. 4 C. 299. See 3 Cranch C. C. 442. 5 Cranch C. C. 38, 60, 368.

(d) This section considerably extends the existing laws relating to the limitation of criminal prosecutions; these only relate to misdemeanors, in all of which, prosecutions must be commenced within two years, if the alleged offender is accessible to justice, except in forgeries, perjuries and misdemeanors by bank officers, the limitations in the latter case being six years; the present section extends the principle to all crimes, murder and voluntary manslaughter excepted. Where the alleged offender is accessible to justice, prosecutions should not be unnecessarily delayed; such delays do not often take place from worthy motives; charges are often kept suspended over the heads of the accused to subserve the ends of the accuser, and the accused kept in a state of moral slavery, to which no human being should be subjected; it is true, that state prosecutions are

looked upon with an unfavorable eye by courts and juries, but the very existence of this feeling in criminal tribunals is a strong argument in itself in favor of reasonable limitations in criminal prosecutions. In the more serious class of felonies and misdemeanors, the limitation has been extended to five years; in those of less malignity, the limitation of two years has been adopted. The existing laws on this subject are the 1st section of the act of 10th April 1848, P. L. 428; the 7th section of the act of 16th April 1849, P. L. 664; the 36th section of the act of 26th April 1850, P. L. 575; the act of 10th March 1852, P. L. 124; and the act of 24th April 1857, P. L. 305. The act of 1852, which provides for a general limitation of two years in all cases of misdemeanors, forgeries and perjuries excepted, may be regarded as having repealed all antecedent laws; the act of 1857, though purporting by its title to be a repeal of the act of 1852, is only a modification thereof, extending the limitation in cases of prosecutions for misdemeanors of bank or other corporation officers to five years. Report on the Penal Code 55.

(e) This section is a re-enactment of the existing law, and is introduced here for the purpose of giving more completeness to the code. Report on the Penal Code 56.

[ 266 ]

# Cumberland Road.

1. Road accepted from the United States.
2. Appointment of superintendents.  Term.  Vacancies, how filled.  Oath of office.  Bond.
3. Superintendent in Fayette and Somerset counties.
4. Powers of the superintendents.
5. Compensation.  Accounts.
6. Toll-gates to be erected.  Tolls.  May be commuted.  Certain parties not to be charged toll.
7. When tolls may be increased.  How payment may be enforced.
8. Rates of toll increased.  Exemptions.
9. Suits for collection of tolls.  Plea of non-joinder not to be received.  Vehicles may be detained till tolls be paid.
10. Drivers to report number of passengers.  Penalty for neglect.
11. Book of entries to be evidence of unpaid tolls.
12. Estimates to be made of tolls, not reported.  Commutations.  Evidence.
13. Penalty for fraudulent evasion of toll.
14. Commissioners to establish rules.  Subject to approval of the courts.
15. Tolls to be collected although no gates be passed.  To be collected by action.
16. Location of gates may be changed.  Rates of toll may be raised in certain cases.
17. Toll-gatherers to be appointed; who shall account quarterly.  Commissioners to render annual accounts, on oath.
18. Tolls to be applied to preservation of road.  Limitation of power to increase tolls.
19. Directors to be set up.  Penalty for violation.
20. Penalty for delaying travellers, or demanding excessive tolls.
21. Penalty for injuring or obstructing road.
22. Toll-gatherers to keep accounts.
23. How penalties recoverable.
24. Penalty for driving rough-locked, &c.
25. Culverts to be constructed along the road.
26. Payment of salaries and expenses.  Repairs of road.
27. When proceeds may be applied to payment of creditors.

**Road accepted from U. S.**  1, The surrender by the United States of so much of the Cumberland road as lies within the state of Pennsylvania, is hereby accepted by this state; and the commissioners to be appointed under this act are authorized to erect toll-gates on the whole or any part of said road, at such times as they may deem it expedient and proper to do so.

**Appointment of superintendents.**  2. At the first session happening after the passage of this act, it shall be the duty of the court of quarter sessions of Washington county to appoint a suitable person to be superintendent of that section of the Cumberland road within this commonwealth which lies between the Monongahela river and the Virginia state line; [and it shall also be the duty of the court of quarter sessions of Fayette county, at the first session of the said court happening after the passage of this act, to appoint a suitable person to be superintendent of that section of the Cumberland road within this commonwealth which lies **Term.** between the Monongahela river and the Maryland state line ;](a) which appointments shall severally continue for two years, if they shall discharge the duties hereinafter pre- **Vacancies, how filled.** scribed in a proper manner ; and in case of the death, resignation or removal, the vacancy **Oath of office.** shall be filled by the same courts of the proper county : The said superintendents shall **Bond.** be sworn, in open court, to discharge the duties of their trust with honesty and fidelity ; and shall, before entering upon the duties of their respective trusts, give bond, in such sum and with such security as the said respective courts may deem sufficient ; the bonds to be given in the name of the commonwealth, and shall be conditioned for the faithful discharge of their trust in all things.

**Superintendent in Fayette and Somerset counties.**  3. The governor of this commonwealth shall appoint one person to be superintendent of said road, in Fayette and Somerset counties, for the term of two years from the date of said appointment, at a salary not exceeding two hundred dollars per annum, to be paid out of the tolls collected upon said road, whose duties shall be those of superintendent of said road, as now directed by the law of this commonwealth, authorizing the court of Fayette county to appoint a superintendent, approved the 22d day of April 1856.

**Powers of the superintendents.**  4. Each of the said superintendents so appointed, shall have over their respective sections of said road all the powers heretofore conferred upon commissioners of said road, and all the powers conferred upon superintendents by the fourth section of the act to which this is a supplement,(b) and also all the powers which have heretofore been conferred upon trustees authorized to be appointed for said road.

**Compensation.**  5. For compensation, the said superintendents shall each receive a certain per centage of the gross revenues of their respective sections, which per centage shall be ascertained and allowed by the court, at the end of each year; at which time it shall be the duty of **Accounts.** the said superintendents to make a full and just exhibit of the receipts and expenditures on their respective sections, to the court from which he received his appointment; which accounts, before they are certified, shall receive the consideration and examination of the court, and for this purpose the court may appoint an auditor, if necessary.

**Toll-gates to be erected.**  6. For the purpose of keeping so much of the said road in repair as lies within the state of Pennsylvania, and paying the expenses of collection and other incidental expenses, the commissioners shall cause to be erected on so much of the said road as passes within this state, at least six gates ; and as soon as said gates and toll-houses shall be erected, it shall be the duty of the toll-collectors, and they are hereby required to demand and receive for passing the said gates, the tolls hereafter mentioned ; and they may stop any person riding, leading or driving any horse, cattle, sulky, chair, phaeton,

1. Act 1 April 1835, § 3.  P. L. 102.
2. Act 22 April 1856, § 1.  P. L. 5-3.
3. Act 1 May 1861, § 1.  P. L. 673.
4. Act 22 April 1856, § 2.  P. L. 5-3.
5. Infra. 3.
6. Act 4 April 1831, § 2.  P. L. 112.

(a) See infra 3.

(b) See act 8 April 1848.  P. L. 395-7

Case 4:14-cv-00139-HLM   Document 47-2   Filed 12/30/15   Page 74 of 99

for the like offense, he shall be sentenced to be confined in the penitentiary for one year.

Id., § 28.
1 Va. Cas. 151-2.

26. When any person is convicted of two or more offenses, before sentence is pronounced for either, the confinement to which he may be sentenced upon the second, or any subsequent conviction, shall commence at the termination of the previous terms of confinement.

Code Va., p. 815,
§ 29.
10 Gratt. 755.

27. When a person is convicted of selling, or offering or exposing for sale, at retail, spirituous liquors, wine, porter, ale, or beer, or drink of like nature, and it is alleged in the indictment or presentment on which he is convicted, and admitted, or by the jury found, that he has been before convicted of the like offense, he shall be fined as provided in the third section of chapter thirty-two, and may, at the discretion of the court, be confined in jail not exceeding six months.

Acts of 1868, p.
124, ch. 149, § 1.

28. No criminal prosecution for any felony or misdemeanor shall be maintained in the courts of this state against any person for any act done in the suppression of the late rebellion ; and it shall be a sufficient defense to such prosecution, to show that such act was done in obedience to the orders, or by the authority, of any civil or military officer of this state, or of the re-organized government of Virginia, or of the government of the United States ; or that said act was done in aid of the purposes and policy of said authorities, in retarding, checking, and suppressing the said rebellion.

––––––

# CHAPTER CLIII.

## FOR PREVENTING THE COMMISSION OF CRIMES.

SEC.
1. Conservators of the peace; power to bind to good behavior.
2. } Duty of, on complaint that a crime is in-
3. }   tended.
4. Proceedings when accused appears.
5. Right of accused to appeal.
6. } Power of court upon such appeal, and when
7. }   the accused is committed.

SEC.
8. Person going armed with deadly weapon, when required to give recognizance, etc.
9. Affray, etc., in the presence of constable.
10. In presence of justice; duty of justice where person brought before him, etc.
11. Proceedings where person suspected of unlawful retailing of spirituous liquors.

Code of Va., p.
817, § 1.
Const. art. 7, § 9.
Acts of 1863, p.
294, ch. 162, § 1.

1. Every justice and constable shall be a conservator of the peace, within his county. As such conservator, every justice shall have power to require from persons not of good fame, security for their good behavior for a term not exceeding one year.

Code Va., p. 817,
§ 2.

2. If complaint be made to any justice, as such conservator, that there is good cause to fear that a person intends to commit an offense against the person or property of another, he shall examine on oath the complainant, and any witnesses who may be produced, reduce the complaint to writing, and cause it to be signed by the complainant.

Id. p. 818, § 3.
Munf. 458.

3. If it appear proper, such justice shall issue a warrant, reciting the complaint, and requiring the person complained of forthwith to be apprehended and brought before him or some other justice.

4. When such person appears, if the justice, on hearing the par- <sup>Code Va., p. 818,</sup> ties, consider that there is not good cause for the complaint, he shall discharge the said person, and may give judgment in his favor against the complainant for his costs. If he consider that there is good cause therefor, he may require a recognizance of the person against whom it is, and give judgment against him for the costs of the prosecution, or any part thereof; and, unless such recognizance be given, he shall commit him to jail, by a warrant, stating the sum and time in and for which the recognizance is directed. The justice giving judgment under this section for costs may issue a writ of fieri facias thereon, if an appeal be not allowed; and proceedings thereupon may be according to the two hundred and twenty-seventh section of chapter fifty.

5. A person from whom such recognizance is required may, on giving it, appeal to the circuit court of the county; and in such case the officer from whose judgment the appeal is taken shall recognize such of the witnesses as he thinks proper.

6. The court may dismiss the complaint, or affirm the judgment, and make what order it sees fit as to the costs. If it award costs against the appellant, the recognizance which he may have given shall stand as a security therefor. When there is a failure to prosecute the appeal, such recognizance shall remain in force, although there be no order of affirmance. On any appeal the court may require of the appellant a new recognizance, if it see fit.

7. Any person committed to jail under this chapter may be discharged by the circuit court, or the judge thereof in vacation, upon such terms as may be deemed reasonable.

8. If any person go armed with a deadly or dangerous weapon, without reasonable cause to fear violence to his person, family, or property, he may be required to give a recognizance, with the right of appeal, as before provided, and like proceedings shall be had on such appeal.

9. If any person shall, in the presence of a constable and within his county, make an affray, or threaten to beat, wound, or kill another, or to commit violence against his person or property; or contend with angry words to the disturbance of the peace; or improperly or indecently expose his person; or appear in a state of gross intoxication in a public place; such constable, as such conservator, may, without warrant or other process, or further proof, arrest such offending person and carry him before some justice of the township in which such offense is committed, who, upon hearing the testimony of such constable and other witnesses, if any are then and there produced, if, in his opinion the offense charged be proved, shall require the offender to give a bond or recognizance, with security, to keep the peace and be of good behavior for a term not exceeding one year.

10. If any offense enumerated in the preceding section be com-

mitted in the presence of a justice within his county, or the offender being brought before him, the commission thereof be proved to his satisfaction, he may, besides requiring a bond or recognizance with security, as provided in the preceding section, impose a fine upon the offender not exceeding five dollars.  If such bond or recognizance be not then and there given, or such fine be not then and there paid, the said justice shall commit the offender to the jail of his county, there to remain until such bond or recognizance be given, and such fine be paid; but no imprisonment under this section shall continue more than ten days, at the end of which the sheriff or jailor shall discharge the prisoner, unless he has been commanded by sufficient authority to detain him for some other cause.

Code of Va., p. 818, § 10. Acts of 1865, p. 57, ch. 61.

11. If any justice suspect any person of selling, by retail, wine, or ardent spirits, or a mixture thereof, contrary to law; or of selling, or offering or exposing for sale, any intoxicating liquor, or keeping open any distillery, bar, office, stall, or room in his possession, or under his control, at which such liquor had theretofore usually been sold, or permitting any person to drink any intoxicating liquor at the same, on the day of an election, and within two miles of the place of such election, or during the night succeeding such day, contrary to the eleventh section of chapter five, such justice shall summon the person suspected of such offense, and such witnesses as he may think proper, to appear before him; and upon the person so suspected appearing, or failing to appear, if the justice, on examining the witnesses under oath, find sufficient cause, he shall direct the prosecuting attorney for the county to institute a prosecution against the person so suspected, and shall recognize the material witnesses, or cause them to be summoned, to appear at the next term of the circuit court of the county.  Such justice may also require the person suspected to enter into recognizance to keep the peace and be of good behavior for a time not exceeding one year.  If recognizance be given by the person so suspected, the condition thereof shall be deemed to be broken, if during the time for which it is given, such person shall sell, by retail, wine, or ardent spirits, or a mixture thereof, contrary to law, or violate in any particular the eleventh section of chapter five.

## CHAPTER CLIV.

### OF INQUESTS UPON DEAD BODIES.

SEC.
1. Duty of justice upon being notified of death by violence, etc.
2. Warrant and summons, how executed.
3. Jury formed; their oath.
4. How witnesses compelled to attend; how evidence taken.
5. Inquisition.
6. Inquisition, evidence, etc., returned; witnesses recognized.

SEC.
7. Justice to issue warrant for the arrest of accused, if not in custody.
8. When deceased a stranger, body to be buried, etc.; costs, how paid.
9. Justice may require physicians to attend inquest.
10. Penalty on justice for neglect of duty.
11. Inquest may be taken on Sunday.

1322                                    CRIMINAL CODE.

days' imprison-
ment.

jail nor less than one day nor more than ten days, or both, in the
discretion of the court or jury before whom the trial is had.

12 Aug., 1870;
took effect 12
Oct., 1870. Vol. 21,
part 1, p. 63.
Persons not to
bear arm-at pub-
lic assemblies.
Social inter-
course and elec-
tions not to be
made dangerous.

Art. 6512.

Kinds of weapons
prohibited.

Fine $50 to $500.
Notes, 111, 167.

Scalp-lifting
country except-
ed.

Armed officials.

AN ACT REGULATING THE RIGHT TO KEEP AND BEAR ARMS.

ART. 6511. [1] If any person shall go into any church or re-
ligious assembly, any school-room or other place where persons
are assembled for educational, literary, or scientific purposes, or
into a ball room, social party, or other social gathering, composed
of ladies and gentlemen, or to any election precinct on the day
or days of any election, where any portion of the people of this
state are collected to vote at any election, or to any other place
where people may be assembled to muster or to perform any
other public duty, or any other public assembly, and shall have
about his person a bowie-knife, dirk, or butcher-knife, or fire-
arms, whether known as a six-shooter, gun, or pistol of any
kind, such person so offending shall be deemed guilty of a mis-
demeanor, and on conviction thereof shall be fined in a sum not
less than fifty or more than five hundred dollars, at the discre-
tion of the court or jury trying the same: *Provided*, That
nothing contained in this section shall apply to locations subject
to Indian depredations: *And provided further*, That this act shall
not apply to any person or persons whose duty it is to bear arms
on such occasions in discharge of duties imposed by law.

12 April, 1871;
took effect 12
June, 1871.  Vol.
21, part 2, p. 25.
Carrying arms a
misdemeanor,
punishable by
fine and forfeit-
ure, unless, &c.
Patriots and mili-
tiamen excepted.
Art. 6511.

Fine $25 to $100
for first offense.

Imprisonment
for second of-
fense.
Notes 111, 167.

People at home
and officials ex-
cepted.

Legislators not
"civil officers."

Art. 6512.
Justification
must be immedi-

AN ACT TO REGULATE THE KEEPING AND BEARING OF DEADLY WEAPONS.

ART. 6512. [1] Any person carrying on or about his person,
saddle, or in his saddle-bags, any pistol, dirk, dagger, sling-
shot, sword-cane, spear, brass-knuckles, bowie-knife, or any
other kind of knife manufactured or sold for the purpose of
offense or defense, unless he has reasonable grounds for fearing
an unlawful attack on his person, and that such ground of
attack shall be immediate and pressing; or unless having or
carrying the same on or about his person for the lawful defense
the state, as a militiaman in actual service, or as a peace officer
or policeman, shall be guilty of a misdemeanor, and, on convic-
tion thereof, shall, for the first offense, be punished by fine of
not less than twenty-five nor more than one hundred dollars, and
shall forfeit to the county the weapon or weapons so found on or
about his person; and for every subsequent offense may, in ad-
dition to such fine and forfeiture, be imprisoned in the county
jail for a term not exceeding sixty days; and in every case of
fine under this section the fines imposed and collected shall go
into the treasury of the county in which they may have been
imposed: *Provided*, That this section shall not be so construed
as to prohibit any person from keeping or bearing arms on his
or her own premises, or at his or her own place of business, nor
to prohibit sheriffs or other revenue officers, and other civil
officers, from keeping or bearing arms while engaged in the dis-
charge of their official duties, nor to prohibit persons traveling
in the state from keeping or carrying arms with their baggage:
*Provided further*, That members of the legislature shall not be
included under the term "civil officers" as used in this act.

ART. 6513. [2] Any person charged under the first section of
this act, who may offer to prove, by way of defense, that he was

**App. 73**

CRIMINAL CODE. 1323

in danger of an attack on his person, or unlawful interference
with his property, shall be required to show that such danger
was immediate and pressing, and was of such a nature as to
alarm a person of ordinary courage; and that the weapon so
carried was borne openly and not concealed beneath the clothing;
and if it shall appear that this danger had its origin in a diffi-
culty first commenced by the accused, it shall not be considered
as a legal defense.

Art. 6514. [3] If any person shall go into any church or relig-
ious assembly, any school-room, or other place where persons
are assembled for amusement, or for educational or scientific
purposes, or into any circus, show, or public exhibition of any
kind, or into a ball-room, social party, or social gathering, or
to any election precinct on the day or days of any election, where
any portion of the people of this state are collected to vote at
any election, or to any other place where people may be assem-
bled to muster, or to perform any other public duty, (except as
may be required or permitted by law,) or to any other public
assembly, and shall have or carry about his person a pistol,
or other firearm, dirk, dagger, slung-shot, sword-cane, spear,
brass-knuckles, bowie-knife, or any other kind of knife manu-
factured and sold for the purposes of offense and defense, unless
an officer of the peace, he shall be guilty of a misdemeanor, and,
on conviction thereof, shall, for the first offense, be punished by
a fine of not less than fifty, nor more than five hundred dollars,
and shall forfeit to the county the weapon or weapons so found
on his person; and for every subsequent offense may, in addition
to such fine and forfeiture, be imprisoned in the county jail for a
term of not more than ninety days.

Art. 6515. [4] This act shall not apply to nor be enforced in
any county of the state which may be designated in a proclama-
tion of the governor as a frontier county, and liable to incursions
of hostile Indians.

Art. 6516. [5] All fines collected under the provisions of this
act shall be paid into the treasury of the county, and appropriated
exclusively to the keeping in repair and maintenance of public
roads, and all weapons forfeited to the county under the provis-
ions of this act shall be sold as may be prescribed by the county
court, and the proceeds appropriated to the same purpose.

Art. 6517. [6] It shall be the duty of all sheriffs, constables,
marshals, and their deputies, and all policemen and other peace
officers, to arrest any person violating the first or third sections
of this act, and to take such person immediately before a justice
of the peace of the county where the offense is committed, or be-
fore a mayor or recorder of the town or city in which the offense
is committed, who shall investigate and try the case without de-
lay. On all such trials the accused shall have the right of a trial
by jury, and of appeal to the district court; but, in case of appeal,
the accused shall be required to give bond, with two or more good
and sufficient sureties, in a sum of not less than one hundred,
nor more than two hundred dollars, if convicted under the first
section, and in a sum of not less than two hundred, nor more
than one thousand dollars, if convicted under the third section
of this act; said bond to be payable to the state of Texas, and
approved by the magistrate, and conditioned that the defendant
will abide the judgment of the district court that may be rendered

*Marginal notes:*
ate and pressing danger;
and weapon not concealed,
Impending danger.
Attending public meetings armed an off use to be punished in like manner. Society protected and attempted civilization,
Character of arms prohibited.
Fine $50 to $100 for first offense, and imprisonment for perseverance.
Governor may exempt frontier counties by proclamation.
Art. 6517. All fines under this act must be paid into county treasury.
Peace officers to arrest offenders, &c.
Jury trial and appeal allowed. Appeal bond.
Payable to State.

Forfeiture.

Art. 6516.

Art. 6517.
Officer failing to
arrest to be dis-
charged.
Arts. 6512, 6514.

And fined not
more than $500.

District courts to
have concurrent
jurisdiction.

Governor to pub-
lish the act.

in the case; and in case of forfeiture the proceedings thereon shall be as is or may be prescribed by law in similar cases; and all moneys collected on any bond or judgment upon the same, shall be paid over and appropriated as provided in the fifth section of this act.

ART. 6518. [7] Any officer named in the sixth section of this act who shall refuse or fail to arrest any person whom he is required to arrest by said section on his own information, or where knowledge is conveyed to him of any violation of the first or third sections of this act, shall be dismissed from his office on conviction in the district court, on indictment or information, or by such other proceedings or tribunal as may be provided by law, and, in addition, shall be fined in any sum not exceeding five hundred dollars, at the discretion of the court or jury.

ART. 6519. [8] The district courts shall have concurrent jurisdiction under this act, and it is hereby made the duty of the several judges of the district courts of this state to give this act especially in charge to the grand juries of their respective counties.

ART. 6520. [9] It is hereby made the duty of the governor to publish this act throughout the state; and this act shall take effect and be in force from and after the expiration of sixty days after its passage.

TITLE XIII.—OF OFFENSES AGAINST PUBLIC POLICY AND ECONOMY.

Arts. 2035–2038.

CHAPTER I.—ILLEGAL BANKING AND PASSING SPURIOUS MONEY.

AN ACT CONCERNING PRIVATE CORPORATIONS.

2 Dec., 1871; took
effect from pas-
sage. Vol. 21, part
3, p. 82.
Officers to pub-
lish semi-annual
returns; punish-
ment for failure.
Arts. 5993–6011.

How recovered.

ART. 6521. [79] Every such corporation shall semi-annually, in the months of July and January, publish in one or more newspapers in the county where such corporation shall have its place of business, a statement, verified by the oath of its president or secretary, setting forth its actual financial condition, and the amount of its property and liabilities, under a penalty of five hundred dollars to the state, to be recovered by indictment against the president, cashier, or directors, and shall also deposit a copy of said statement, verified as aforesaid, in the office of the secretary of state.

Arts. 2043.

CHAPTER III.—OF SELLING TO INDIANS.

31 Aug., 1856.
Art. 6517 for cap-
tion.
Selling liquor to
Indians.

Who may pun-
ish.

ART. 6522. [408] If any person shall give or barter, or cause to be sold, given, or bartered, any ardent spirits, or any spirituous or intoxicating liquors, or firearms, or ammunition, to any Indian of the wild or unfriendly tribes, he shall be fined not less than ten nor more than one hundred dollars. Justices of the peace and mayors shall have jurisdiction under this article.

CHAPTER IV.—GAMING.

11 May, 1871;
took effect from
passage. Vol. 21,
part 1, p. 85.
Arts. 2046, 2054.

AN ACT TO AMEND AN ACT ENTITLED "AN ACT TO ADOPT AND ESTABLISH A PENAL CODE FOR THE STATE OF TEXAS," APPROVED AUGUST 26, A. D. 1856, AND TO REPEAL AN ACT ENTITLED "AN ACT TO AMEND ARTICLES 412 AND 418 OF AN ACT TO ADOPT AND ESTABLISH A PENAL CODE FOR THE STATE OF TEXAS," APPROVED DECEMBER 16, A. D. 1863.

Keeping a gam-
ing table or bank
punished.

ART. 6523. [412] If any person shall keep or exhibit, for the purpose of gaming, any gaming table or bank, of any name or

Case 4:14-cv-00139-HLM   Document 47-2   Filed 12/30/15   Page 80 of 99

Factor ap-
propriating
cotton taken
from bale.
§ 3266. Any factor, commission merchant, or agent, having the control of cotton, who appropriates to his own use any cotton taken from any bale under his control, with intent to defraud the owner thereof, must, on conviction, be punished, as if he had feloniously stolen such cotton.

Adulterating
sugar.
§ 3267. Any person who mixes any foreign matter or thing with sugar, so as to deteriorate the quality thereof with intent to injure or defraud, must, on conviction, be fined not less than fifty or more than two hundred dollars, and may be imprisoned not more than three months.

Making or
emitting bills
for circula-
tion.
§ 3268. Any person, private corporation, or association, who without authority of law, makes or emits any paper to answer the purposes of money, or for general circulation, such person, and each individual of such corporation or association, on conviction, must be fined not less than twenty or more than one hundred dollars, and may be imprisoned not more than twelve months.

Signing bills
for circula-
tion.
§ 3269. Any person in this state who signs any paper to be put in circulation as money, except under the authority of this state, or countersigns the same, must, on conviction, be fined in a sum not less than one hundred or more than five hundred dollars; and the signature of such person to any such paper must be taken as genuine, unless the fact of signing be denied on oath by the defendant.

Passing such
paper.
§ 3270. Any person who passes or circulates any paper issued to answer the purposes of money, without authority of law, must, on conviction, be fined not less than twenty or more than one hundred dollars.

Passing bills
under five
dollars.
§ 3271. Any person who passes or circulates in this state, any bank bill of a less denomination than five dollars, not issued under the authority of this state, must, on conviction, be fined not exceeding fifty dollars.

Indictment
for.
§ 3272. An indictment under the preceding section, which charges that the defendant did pass or circulate a bank bill under the denomination of five dollars, not issued under the authority of this state, is sufficient, without describing such bank bill; and proof that such bill on its face purported to be issued by the authority of any other state, or country, or by any bank, or corporation out of this state, or by any bank or corporation known to be out of this state, is sufficient without further proof.

Concealed
weapons.
§ 3273. Any one who carries concealed about his person a bowie knife, or knife or instrument of the like kind or description by whatever name called, or air gun, must, on conviction, be fined not less than fifty or more than three hundred dollars.

The same.
§ 3274. Any one who carries concealed about his person a pistol, or any other description of fire arms, not being threatened with, or having good reason to apprehend an attack, or travelling, or setting out on a journey, must, on conviction, be fined not less than fifty nor more than three hundred dollars.

§ 3275. In an indictment under the preceding section, it *Indictment for.* is sufficient to charge that the defendant carried concealed about his person a pistol or other description of fire arms ; *Excuse.* and the excuse must be made out by the defendant, to the satisfaction of the jury.

§ 3276. Any person, who in any newspaper, handbill, or *Publishing another as a coward, &c.* other advertisement, written or printed, publishes or proclaims any person as a coward, or uses any other opprobrious or abusive language for not accepting a challenge to fight a duel, or for not fighting a duel, must, on conviction, be fined not less than two hundred or more than five hundred dollars, and imprisoned not less than six or more than twelve months.

§ 3277. The publisher or printer of any such newspaper, *Printer to give evidence.* or handbill, or other publication, may be required to testify against any defendant indicted under the preceding section; and refusing to give evidence, must be fined five hundred *Penalty for refusing.* dollars, and imprisoned until such fine is paid, and also imprisoned until he shall testify.

§ 3278. Any person who sells and delivers any poisonous *Selling poisons without labels.* substance, without having the word "poison" written or printed on the label attached to the vial, box or parcel in which the same is sold ; or sells and delivers any tartar emetic, laudanum or morphine, without having the common name thereof, written or printed upon a label attached to the vial, box or parcel, containing the same, must, on conviction, be fined not more than one hundred dollars.

§ 3279. Any person who sells to any slave, or free child *Selling poisons to slaves or children.* under ten years of age, any drug, poisonous in its nature, without an order in writing from the owner or master of such slave, or the parent, guardian, or person standing in that relation to such child, designating the drug, either by name or by its effects, must, on conviction, be fined not more than two hundred dollars, and may be imprisoned not more than three months.

§ 3280. Any licensed retailer or other person, keeping fer- *Selling or giving liquor to students, &c.* mented, vinous or spirituous liquors for sale, who sells, gives or delivers to any student of any college, or pupil of any school or academy, or to any other person for the use of such student or pupil, any of such liquors, knowing the use for which it was intended, without the consent of the parent or guardian, or the person having the charge of such student or pupil, such retailer, or the person so selling, giving or delivering, must, on conviction, be fined not less than fifty or more than five hundred dollars.

§ 3281. Any licensed retailer or other person who sells, *To minors.* gives, or delivers to any minor any of the liquors specified in the preceding section, after notice from the parent, guardian, or person in charge of such minor, forbidding such sale, gift, or delivery, must, on conviction, be fined not less than fifty or more than five hundred dollars.

§ 3282. Any licensed retailer, who, after taking the affida- *Licensed retailer trad-* vit prescribed in section 1057 knowingly sells any vinous

Case 4:14-cv-00139-HLM   Document 47-2   Filed 12/30/15   Page 82 of 99

ing with
slaves.

or spirituous liquors to any slave; or knowingly sells to or purchases from any slave any article or commodity, without the permission of the master or overseer of such slave; or knowingly permits the same to be done by his partner, clerk, or any other person about his premises; or knowingly permits any gaming to be carried on on his premises, must, on conviction, be imprisoned in the penitentiary not less than two or more than five years.

Selling or
giving liquor
to slaves.

§ 3283. Any person who sells, gives, or delivers to any slave any vinous or spirituous liquor, except on an order in writing, signed by the overseer or master of such slave, specifying the quantity to be sold, given, or delivered, must, on conviction, be fined not less than fifty dollars.

The same.

§ 3284. The provisions of the above section apply to licensed retailers as well as other persons.

Trading with
slaves.
19 Ala., 19.

§ 3285. Any person who sells to or buys or receives from any slave, any other article or commodity of any kind or description, without the consent of the master, owner, or overseer of such slave, verbally or in writing, expressing the articles permitted to be sold to, or bought or received from such slave, first obtained, must, on conviction, be fined in not less than ten or more than two hundred dollars, and may be imprisoned not more than six months.

Evidence on
indictment.

§ 3286. Upon the trial of indictments under the preceding and section 3283, evidence that the slave was seen in the night time, or on Sunday, going into a place where spirituous or vinous liquors or merchandize are sold, with an article of traffic, and coming out without the same; or that such slave was seen at such time, or on such day, immediately after coming out of such place, in possession of spirituous or vinous liquor, or merchandize of any kind, is presumptive evidence of the guilt of the defendant.

Employing
slave or free
negro to
draw off or
sell.

§ 3287. Any person keeping spirituous liquor for sale, who employs any slave or free person of color in drawing off or selling such liquor, must, on conviction, be fined not less than twenty-five or more than fifty dollars.

Duty of magistrate in relation to laws against retailing or trading with slaves.

§ 3288. Any justice or magistrate, whenever he has good reason to believe, or upon information on oath that any of the laws of this state against retailing or trading with slaves have been violated by any person, must forthwith issue a warrant of arrest against such person, and if the evidence proves the offence, must bind him over to answer therefor at the next circuit court, and on his failing to give bond must commit him.

Permitting
slave or free
negro to
sample cotton.

§ 3289. Any person who employs or knowingly permits any slave or free person of color to sample any cotton, must, on conviction, be fined not less than fifty or more than one thousand dollars.

Owner may.

§ 3290. In indictments under the preceding section, the defendant may show in defence he was the owner of the cotton.

Prosecuting
suits in the
name of an-

§ 3291. Any person who prosecutes a suit in any of the courts in this state, in the name of another person, without

Case 4:14-cv-00139-HLM   Document 47-2   Filed 12/30/15   Page 83 of 99

his consent, must, on conviction, be fined not less than five hundred dollars. other. Exceptions.

§ 3292. The provisions of the preceding section do not apply to a person having the beneficial interest using the name of the person having the legal right, in cases where he cannot bring the action in his own name. Refusing to obey summons of officer.

§ 3293. Any person summoned by any sheriff, or other officer having authority, for the purpose of enabling such officer to make an arrest, or to execute any duty devolving upon him under any law in relation to public offences, who refuses obedience to such summons, must, on conviction, be fined not less than fifty or more than three hundred dollars. Duty of the officer.

§ 3294. It is the duty of the officer summoning such person to present the offender to the next grand jury, and failing so to do, he must, on conviction, be fined not less than twenty dollars.

---

## ARTICLE VII.

### Offences against slaves.

SEC.
3295. Causing death of by whipping, is murder in the first degree.
3296. Causing death by whipping, &c., without intention to kill, murder in the second degree.
3297. Inflicting or allowing cruel punishment, &c., failing to provide food, raiment, attention in sickness, &c.

SEC.
3298. Indictments under preceding section.
3299. Defendant entitled to a jury two-thirds of whom are slave holders.
3300. Assaults by any other person than the master.

§ 3295. Any person who with malice aforethought causes the death of a slave, by cruel whipping or beating, or by any inhuman treatment, or by the use of any weapon in its nature calculated to produce death, is guilty of murder in the first degree. Death of a slave by whipping, &c.

§ 3296. Any owner, overseer, or other person having the right to correct any slave, who causes the death of such slave by cruel whipping or beating, or by any other cruel or inhuman treatment, or by the use of any instrument in its nature calculated to produce death, though without any intention to kill, is guilty of murder in the second degree, and may be guilty of murder in the first degree. Without intention to kill.

§ 3297. Any master, or other person standing towards the slave in that relation, who inflicts, or allows another to inflict on him any cruel punishment, or fails to provide him with a sufficiency of healthy food, or necessary clothing, or to provide for him properly in sickness or old age, or treats him in any other way with inhumanity, on conviction thereof must be fined not less than twenty-five or more than one thousand dollars. Cruel punishments; not feeding or clothing, &c.

§ 3298. In indictments under the preceding section, it is sufficient to charge that the defendant did inflict on a slave Indictments.

Division 9.—Offences against the Public Peace and Tranquility.

be made ; *And provided, also*, that the only questions to be sub- Title net ex-
mitted to and determined by the jury in trials for forcible entry, aminable.
or forcible detainer, shall be the possession and the force, with-
out regard to the merits of the title on either side.

§4413. SEC. XV. Any person having or carrying about his Carrying
person, unless in an open manner and fully exposed to view, any deadly wea-
pistol, (except horseman's pistols,) dirk, sword in a cane, spear, pons.
bowie-knife, or any other kind of knives, manufactured and sold
for the purpose of offence and defence, shall be guilty of a mis-
demeanor, and, on conviction, shall be punished by fine or im-
prisonment, or both, at the discretion of the court.

§4414. SEC. XVI. All other offences against the public peace, Other offen-
not provided for in this Code, shall be prosecuted and indicted lic peace.
as heretofore, and the punishment, in every case, shall be by fine
or imprisonment in the common jail of the county, or both, at
the discretion of the court.

## TENTH DIVISION.

### OFFENCES AGAINST THE PUBLIC MORALITY, HEALTH, POLICE AND DECENCY.

| SECTION. | SECTION. |
|---|---|
| 4415. Bigamy. | 4435. Vagrants. |
| 4416. Punishment on married person. | 4436. Common rogues. |
| 4417. On unmarried person. | 4437. Nuisances. |
| 4418. Incest. | 4438. Disinterring bodies. |
| 4419. Adultery. | 4439. Bastardy. |
| 4420. Lewdness. | 4440. Retailing without license. |
| 4421. Lewd houses. | 4441. Illegal marrying. |
| 4422. Disorderly houses. | 4442. Illegal voting. |
| 4423. Gaming houses. | 4443. Buying or selling votes. |
| 4424. Gaming tables. | 4444. Minor voting. |
| 4425. Gambling. | 4445. Adultery with negro. |
| 4426. Gaming with minors. | 4446. Whipping wife. |
| 4427. Gaming with clerks and bank off'rs. | 4447. Interfering with religious worship. |
| 4428. Players—witnesses. | 4448. Retailing near church. |
| 4429. Judge's charge. | 4449. Working slaves on Sabbath. |
| 4430. Suspected houses. | 4450. Running freight trains on Sunday. |
| 4431. Unwholesome provisions. | 4451. Violating Sabbath. |
| 4432. Unwholesome bread, &c. | 4452. Fines from Sabbath-breakers. |
| 4433. Spreading small pox. | 4453. Bonds in case of vagrancy. |
| 4434. Violating quarantine. | 4454. Att'y or Sol'r—duty in such case. |

§4415. SEC. 1. Polygamy, or bigamy, shall consist in know- Polygamy
ingly having a plurality of husbands, or wives, at the same time. and bigamy.

312                    MISCELLANEOUS.

shall be responsible for the payment of the expenses of
his retention in jail.

### Rewards for the Apprehension of Escaped Prisoners.
### Act of February 1, 1860.

SECTION 1. When any person shall make his escape
from any county of this Territory after having been
sentenced by the court to suffer any penalty, it shall be
the duty of the court to inform immediately the governor
thereof, giving a description of such fugitive.

§ 2. The governor is hereby authorized to offer a
reward, to be paid out of the funds of the Territory, to
any person who shall find and deliver such fugitive:
*Provided*, that such reward shall be at the will of the
governor.

### Reward for Accused Persons.   Act of 1874, Ch. 12.

SECTION 1. In cases of murder or other felony, when
the person or persons accused of the crime shall be at
large, the governor, when in his judgment it shall be
necessary to secure the apprehension of the accused, shall
be authorized to issue his proclamation offering a reward,
not exceeding five hundred dollars, for the apprehension
and delivery of the accused to the proper office.

§ 2. The auditor of public accounts is hereby author-
ized to draw a warrant on the treasury of the Territory,
in favor of the person entitled to a reward, under the
provisions of the preceding section, for the amount thereof,
upon the presentation by such person of his account
certified and approved by the governor.

### Deadly Weapons.   Act of 1869, Ch. 32

SECTION 1. It shall be unlawful for any person to
carry deadly weapons, either concealed or otherwise, on
or about their persons within any of the settlements of
this Territory, except it be in the lawful defense of them-
selves, their families or their property, and the same
being then and there threatened with danger, or by order
of legal authority, or on their own landed property, or
in execution of an order of court.

§ 2. Deadly weapons, in the meaning of this act, shall
be construed to mean all kinds and classes of pistols,

**App. 81**

## MISCELLANEOUS. 313

whether the same be a revolver, derringer, repeater, or any other kind or class of pistol; any and all kinds of bowie knives, daggers, poniards, butcher knives, dirk knives and all such weapons with which cuts can be given or by which wounds can be inflicted by thrusting, including sword canes and such sharp-pointed canes with which deadly thrusts can be given, and all kinds of slung-shots, and any other kinds of deadly weapon, by whatever name it may be called, by which a dangerous wound can be inflicted.

§ 3. The penalty for the violation of the preceding sections of this act shall not be less than ten dollars nor more than fifty dollars for each offense, or not less than ten days' imprisonment nor more than fifty days' imprisonment in the county jail, or both; such fine and imprisonment in the discretion of the jury trying the case.

§ 4. Any person who shall draw a deadly weapon on another, or who shall handle a deadly weapon in a threatening manner at or towards another, in any part of this Territory, except in the lawful defense of himself, his family, or his property, or by order of legal authority, upon conviction thereof before the proper tribunal, shall, for each offense, be fined in a sum not less than twenty-five dollars nor more than seventy-five dollars, or by imprisonment in the county jail for a term of not less than twenty days or more than sixty days, or be punished by both such fine and imprisonment, in the discretion of the jury trying the cause.

§ 5. Any person who shall draw or use any deadly weapon in any ball, dance, or other public gathering of the people, or near where any election authorized by law is being held in any part of the Territory, except it be in the lawful defense of himself, his family, or his property, or in obedience to legal authority, shall, upon conviction before the proper tribunal, be punished by a fine not less than fifty dollars nor more than one hundred dollars for each offense, or by imprisonment in the county jail for a term of not less than one month nor more than three months for each offense, or by both such fine and imprisonment, in the discretion of the jury trying the cause.

§ 6. Justices of the peace, as well as the District Court, shall have jurisdiction of all offenses under the preceding sections of this act; and in all cases of prosecution under this act, in which a plea of guilty shall be entered, the court shall proceed to hear and determine the case, and

314                       MISCELLANEOUS.

shall assess the penalty, upon conviction, without the
intervention of a jury, unless the accused shall demand
a trial by jury.  [As amended, 1876, Ch. 35.]

§ 7.  A conviction of any person under this act shall
not be a bar to a prosecution and conviction of the same
person for an assault and battery, aggravated assault,
assault with a deadly weapon, assault with intent to kill,
or murder, manslaughter, or other crime, and where the
words "weapons" or "deadly weapons" are used in this
act, such word or words shall be construed to mean the
weapons described in section two of this act.

§ 8.  It shall not be necessary, in the trial of any cause
arising under the provisions of this act, to prove that the
person charged was not in the lawful defense of himself,
his family or his property ; but the accused must prove
to the satisfaction of the jury that the act charged was
done in the lawful defense of himself, his family, or his
property, before the jury can acquit.

§ 9.  Any lawful voter of the Territory may without
a warrant arrest parties who may violate the preceding
sections of this act, and take such persons before a jus-
tice of the peace of the county in which the offense was
committed, for complaint and trial, and such trial shall
be had as soon as possible, giving due time for summon-
ing witnesses.

§ 10.  All fines collected by virtue of the preceding sec-
tions of this act shall go, one-third to the Territory, one-
third to the county in which the offense was committed,
and one-third to the person or attorney who, on the part
of the Territory, procured the conviction.

§ 11.  Persons traveling may be permitted to carry
arms within settlements or towns of this Territory, for
one hour after arriving in such settlements or town, and
while going out of such towns or settlements ; and sheriffs
and constables of the various counties of this Territory
and their lawfully appointed deputies may carry weapons
in the legal discharge of the duties of their respective
office, when the same may be necessary, but it shall be
for the jury to decide from the evidence whether such
carrying of weapons was necessary or not, and for an im-
proper carrying or using deadly weapons by any officer
mentioned in this section, he shall be punished as other
persons are punished for a violation of the preceding sec-
tions of this act.

§ 12.  It shall be the duty of the keeper of each and

# CHAPTER 52.

———

AN ACT to Prevent the Carrying of Fire Arms and Other Deadly Weapons.

*Be it enacted by the Council and House of Representatives of the Territory of Wyoming:*

Carrying weapons within city, town or village limits, prohibited.

SECTION. 1.   That hereafter it shall be unlawful for any resident of any city, town or village, or for any one not a resident of any city, town or village, in said Territory, but a sojourner therein, to bear upon his person, concealed or openly, any fire arm or other deadly weapon, within the limits of any city, town or village.

Non-resident to be first notified.

SEC. 2.   That if any person not a resident of any town, city or village of Wyoming Territory, shall, after being notified of the existence of this act by a proper peace officer, continue to carry or bear upon his person any fire arm or other deadly weapon, he or she, shall be deemed to be guilty of a violation of the provisions of this act and shall be punished accordingly.

Violation of this act a misdemeanor.

Penalty.

SEC. 3.   Any person violating any of the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be punished by a fine of not less than five dollars nor more than fifty dollars, and, in the default of the payment of any fine which may be assessed against him, shall be imprisoned in the county jail for not less than five days nor more than twenty days.

In force.

SEC. 4.   This act shall take effect and be in force from and after its passage.

Approved, December 2nd, 1875.

16                    LAWS OF ARIZONA.

Sec. 3.   This Act shall take effect from and after its passage.

Approved March 18, 1889.

No. 12.                    AN ACT

Concerning the Transaction of Judicial Business on Legal Holidays.

*Be it enacted by the Legislative Assembly of the Territory of Arizona:*

SECTION 1.   No Court of Justice shall be open, nor shall any Judicial business be transacted on any Legal Holiday, except for the following purposes:

1.   To give, upon their request, instructions to a Jury when deliberating on their verdict.

2.   To receive a verdict or discharge a Jury.

3.   For the exercise of the powers of a magistrate in a criminal action, or in a proceeding of a criminal nature; provided, that the Supreme Court shall always be open for the transaction of business; and provided further, that injunctions, attachments, claim and delivery and writs of prohibition may be issued and served on any day.

SEC. 2.   All Acts and parts of Acts in conflict with this Act are hereby repealed.

SEC. 3.   This Act shall be in force and effect from and after its passage.

Approved March 18, 1889.

No. 13.                    AN ACT

Defining and Punishing Certain Offenses Against the Public Peace.

*Be it Enacted by the Legislative Assembly of the Territory of Arizona:*

SECTION 1.   If any person within any settlement, town, village or city within this Territory shall carry on or about his person, saddle, or in his saddlebags, any pistol, dirk, dagger, slung shot, sword cane, spear, brass knuckles, bowie knife, or any other kind of knife manufactured or sold for purposes of offense or defense, he shall be punished by a fine of not less than twenty-five nor more than one hundred dollars; and in addition thereto, shall forfeit to the County in which he is convicted, the weapon or weapons so carried.

SEC. 2.   The preceding article shall not apply to a person in actual service as a militiaman, nor as a peace officer

around the head of Panther Creek, to the divide between Hat Creek and Ellis Creek, thence on the divide between Hat and Ellis Creeks in an easterly direction to the Salmon River, thence up the main channel of said Salmon River to the place of beginning.

Sec. 2.   This act to take effect and be in force, from and after its passage.

Approved February 4, 1889.

---

# CARRYING DEADLY WEAPONS.

## AN ACT

REGULATING THE USE AND CARRYING OF DEADLY WEAPONS IN IDAHO TERRITORY.

*Be it enacted by the Legislative Assembly of the Territory of Idaho, as follows:*

Section 1.   That it is unlawful for any person, except United States officials, officials of Idaho Territory, County officials, Peace officers, Guards of any jail, and officers or employees of any Express Company on duty, to carry, exhibit or flourish any dirk, dirk-knife, sword, sword-cane, pistol, gun or other deadly weapons, within the limits or confines of any city, town or village or in any public assembly of Idaho Territory.   Every person so doing is guilty of a misdemeanor and is punishable by fine not less than fifty dollars nor more than one hundred dollars, or by imprisonment in the county jail for a period of not less than twenty days nor more than fifty days, or by both such fine and imprisonment.

Sec. 2.   One half of all fines collected under the provisions of this act shall be paid to the officer making the arrest, which amount shall be payment in full for his services.   The other one half shall be paid into the Common School Fund of the county, after deducting the necessary costs of the prosecution of the case.

Sec. 3.   All acts or parts of acts in conflict with this act are hereby repealed.

Sec. 4.   This act shall take effect and be in force from and after its passage.

Approved February 4, 1889.

598        GENERAL LAWS        [Chap.

H. F. No. 794.

## CHAPTER 344.

Game
and fish.

*An act for the preservation, propagation, protection,
taking, use and transportation of game and fish, and cer-
tain harmless birds and animals.*

## GENERAL PROVISIONS.

Be it enacted by the Legislature of the State of Minne-
sota:

SECTION 1. Game and Fish Commission—Appoint-
ment—Terms—A state game and fish commission is here-
by created, consisting of five (5) members to be ap-
pointed by the governor for a term of four (4) years

Term of
present com.

each. Those heretofore appointed pursuant to chapter
three hundred thirty-six (336) of the laws of 1903 shall
continue in office until the expiration of their respective
terms. Vacancies arising from any cause shall be filled
by the governor. Members shall serve without compensa-
tion except for necessary expenses to be paid upon an
itemized statement thereof duly audited by said commis-
sion.

SEC. 2. Office—Said commission shall have an office
in the capitol and be supplied with suitable stationery,
a seal and blanks and postage for the transaction of its
business.

SEC. 3. General Powers—Duties—Said commission
shall enforce the laws of this state involving the protec-
tion and propagation of all game animals, game birds,
fish and harmless birds and animals.

Said commission shall have general charge of—

Propagation
and pro-
tection.

1. The propagation and preservation of such varie-
ties of game and fish as it shall deem to be of public
value.

Statistics.

2. The collection and diffusion of such statistics and
information as shall be germane to the purpose of this
act.

Fish
hatcheries.

3. The construction, control and management of all
state fish hatcheries, including the control of grounds
owned or leased for such purposes.

Spawn or
fry from
U. S. com.
of fisheries
and others.

4. The receiving from the United States commission-
er of fisheries or other person, and the gathering, purchase
and distribution to the waters of this state, of all fish
spawn or fry.

Stocking
of waters.

5. The taking of fish from the public waters of the
state for the propagation and stocking of other waters
therein.

620 · GENERAL LAWS [Chap.

in shipping fish, either within or without this state, shall be plainly marked with the name and address of the consignor and consignee, and with the contents of the package.

In counties of 150,000 and over.

SEC. 51. Sale of Fish Prohibited, When—No person shall sell, have in possession with intent to sell, or offer for sale any fish caught in any lake situated partly or wholly within a county in this state that has a population of one hundred and fifty thousand, or over.

## MISCELLANEOUS PROVISIONS.

Fifteen birds in one day.

Twenty-five fish.

Exception.

SEC. 52. Game and Fish Taken in One Day.—No person shall wantonly waste or destroy any of the birds, animals or fish of the kinds mentioned in this chapter. The catching, taking or killing of more than fifteen birds by any one person in any one day, or the catching, taking or killing of more than twenty-five fish by any one person in any one day, except fish caught, taken or killed in the Mississippi river or international waters with nets or seines, as by this chapter permitted, shall be deemed a wanton waste, and destruction of all such birds or fish caught, taken or killed in excess of such number.

Hunting, etc., prohibited.

SEC. 53. State Parks.—No person shall pursue, hunt, take, catch, or kill any wild bird or animal of any kind within the limits of any territory set apart, designated, used or maintained as a state public park, or within one-half mile of the outer limits thereof or have any such bird or animal or any part thereof in his possession or under his control within said park or within one-half mile of said outer limits.

As to fire arms.

No person shall have in his possession within any such park or within one-half mile of the outer limits thereof, any gun, revolver, or other firearm unless the same is unloaded, and except after the same has been sealed by the park commissioner or a deputy appointed by him, and except also such gun or other firearm at all times during which it may be lawfully had in such park remains so sealed and unloaded. Upon application to the park commissioner or any deputy appointed by him, it is hereby made his duty to securely seal any gun or firearm in such a manner that it cannot be loaded or discharged without breaking such seal. The provisions of this section shall apply to all persons including Indians.

To residents.

SEC. 54. Sale of Game by Commission—The game and fish commission is hereby authorized to sell to resi-

Case 4:14-cv-00139-HLM   Document 47-2   Filed 12/30/15   Page 93 of 99

No. 666, A.]                    [Published July 16, 1917.

# CHAPTER 668

AN ACT to repeal sections 62.04 to 62.58, inclusive, and sections
4562d, 4567b, and 4567c; to create a new chapter to be num-
bered 29, and sixty-four new sections thereof, to be num-
bered 29.01 to 29.63, inclusive; to amend sections 4567d and
4567f; and to create sections 4562d and 172—41, relating to
wild animals, and the regulation of the enjoyment, disposition
and conservation thereof, prescribing penalties, and creating
a conservation fund.

*The people of the State of Wisconsin, represented in Senate and
Assembly, do enact as follows:*

SECTION 1.   Sections 62.04 to 62.58, inclusive, and sections
4562d, 4567b, and 4567c of the statutes are repealed.

SECTION 2.   A new chapter is added to the statutes, to be
numbered and entitled as follows: "CHAPTER 29.   WILD
ANIMALS, AND THE REGULATION OF THE ENJOY-
MENT, DISPOSITION AND CONSERVATION THEREOF."

SECTION 3.   Sixty-four new sections are added to the stat-
utes, to be inserted in chapter 29, and to be numbered and to
read:

## TABLE OF CONTENTS

### CHAPTER 29

WILD ANIMALS, AND THE REGULATION OF THE EN-
JOYMENT, DISPOSITION AND CONSERVA-
TION THEREOF; GENERAL CON-
TROL AND REGULA-
TION

29.01   General definitions:
            (1) Wild animal.
            (2) Carcass.
            (3) Game; game fish; rough fish.
            (4) Waters classified.
            (5) Hunting.
29.02   Title to wild animals.
29.03   Public nuisances.
29.04   Abandoned dams.
29.05   Police powers; searches; seizures.
            (1) Arrests.
            (2) Investigations.
            (3) Search warrants.

of any person, grant a permit to such person to take and transport wild animals for propagation within the state, under the supervision of the commission or its deputies

29.56 FOREST COUNTY GAME REFUGE. Townships thirty-eight north, of range twelve and thirteen east, Forest county, shall be known as the Forest County Refuge. No person shall at any time or in any manner, hunt any game within said refuge.

29.57 WILD LIFE REFUGES. (1) Establishment. The owner or owners of any tract, or contiguous tracts, of land comprising in the aggregate not less than one hundred and sixty acres located outside the limits of any city or village, may apply to the state conservation commission for the establishment of said lands as a wild life refuge. The commission may thereupon employ such means as it may deem wise to inform itself regarding the premises; and if, upon inspection, investigation, hearing, or otherwise, it shall appear to the satisfaction of the commission that the establishment of said lands as a wild life refuge will promote the conservation of one or more useful species or varieties not native within this state, it may by order designate and establish the said lands as a wild life refuge.

(2) Enclosure. Within thirty days after the date of such order the owner or owners of the said lands shall enclose the same, wherever the same are not already enclosed by a fence, with a single substantial wire, and shall post and maintain along the said wire or fence, at each interval of twenty rods, signs or notices, furnished by the state conservation commission, proclaiming the establishment of said refuge.

(3) Publication. No such order shall be effective until at least thirty days after the date of its issue; nor unless the commission shall have caused notice thereof to be given by its publication, once in each week for three successive weeks next preceding the date of its effect, in at least one newspaper published in the county embracing the said lands. Thereupon the said lands shall be a wild life refuge, and shall so remain for a period of not less than five years, from and after the date of effect stated in said order.

(4) Absolute Protection. No owner of lands embraced within any such wild life refuge, and no other person whatever, shall hunt or trap within the boundaries of any wild life refuge, state park, or state fish hatchery lands; nor have in his possession or under his control therein any gun or rifle, unless the same is unloaded and knocked down or enclosed within its carry-

ing case; but nothing herein shall prohibit, prevent, or interfere with the state conservation commission, or its deputies, agents or employes, in the destruction of injurious animals.

(5) Animals procured by commission. The state conservation commission may place within any such wild life refuge, for the purpose of propagation, wild animals of any species or variety.

## DESTRUCTION OF INJURIOUS ANIMALS

29.58 MUSKRATS INJURING DAMS. The owner or lessee of any dam may in any manner capture or kill muskrats at any time when said muskrats are injuring or destroying such dams or the levees connected therewith; but shall not sell, barter, or give to any other person the skin of any muskrat captured or killed during the close season therefor.

29.59 BEAVER CAUSING DAMAGE. (1) Complaint. Upon complaint in writing, by the owner or lessee of any lands, to the state conservation commission, that beaver are causing damage thereto the commission shall employ such means as it may deem wise to inquire into the matter; and if, upon inspection, investigation, hearing, or otherwise, it shall appear to the satisfaction of the commission that the facts stated in such complaint are true, it may, by written permit, authorize the said owner or lessee to capture and remove such beaver, as hereinafter prescribed.

(2) Supervision. No beaver shall be captured or killed under such permit except only during such period of time, from and after the first day of January in each year, as may be limited by the commission, and then only under the direct supervision of a deputy conservation warden.

(3) Disposition of animals. The owner or lessee shall capture, alive and without avoidable injury, such number of beaver as may be designated by the commission, for delivery to zoological parks or collections or for transplantation to other localities within the state; all others shall be killed and skinned with care to conserve the value of the skins, which shall be shipped without delay to Madison, consigned to the state conservation commission.

(4) Sale and disposition of proceeds. All such skins shall be sold by the commission, in the manner of a sale of confiscated game, and the proceeds paid into the conservation fund.

(5) In Price, Rusk, and Sawyer counties. Licenses for the taking, catching or killing of beaver in Price, Rusk, and Sawyer

# STATE OF NORTH CAROLINA

—

# PUBLIC LAWS AND RESOLUTIONS

ENACTED BY THE

## EXTRA SESSION

OF THE

## GENERAL ASSEMBLY

OF

## 1921

BEGUN AND HELD IN THE CITY OF RALEIGH
ON
TUESDAY, THE SIXTH DAY OF DECEMBER, A.D. 1921

·

### PUBLISHED BY AUTHORITY

RALEIGH
MITCHELL PRINTING COMPANY
STATE PRINTERS
1922

*First.* To supplement the funds in those counties specified in section two of this act, in order to provide a six months school term in each of said counties:

<div style="float:right">Supplements to county funds.</div>

*Second.* After the provisions of section two have been complied with, then the State Board of Education shall apportion the residue of the funds provided in this section in order to pay the salaries of the county superintendents and assistant superintendents for six months, and all city superintendents, all supervisors not otherwise provided for, all principals of elementary schools having ten or more teachers, and principals of standard high schools, for three months.

<div style="float:right">Apportionment of residue.<br><br>County superintendents and assistants.<br>City superintendents.<br>Supervisors.<br>Principals of elementary and high schools.</div>

Sec. 5. That section five thousand four hundred and eighty-eight of the Consolidated Statutes, as amended, be and the same is hereby further amended by adding at the end thereof the following: "*Provided*, that no action in the nature of a writ of mandamus shall be brought against the board of county commissioners to compel said board to levy a rate of taxation greater than the rate authorized by the General Assembly."

<div style="float:right">Proviso: mandamus for increase of tax rate not to lie.</div>

Sec. 6. All laws and clauses of laws in conflict with the provisions of this act are hereby repealed.

<div style="float:right">Repealing clause.</div>

Sec. 7. This act shall be in full force and effect on and after the date of its ratification.

Ratified this the 20th day of December, A.D. 1921.

---

### CHAPTER 6

### AN ACT TO PROTECT ANIMALS AND GAME IN PARKS AND GAME RESERVATIONS IN EITHER PRIVATE OR PUBLIC PARKS OR PLACES.

*The General Assembly of North Carolina do enact:*

Section 1. That it shall be unlawful for any person or persons to hunt, trap, capture, willfully disturb, or kill any animal or bird of any kind whatever, or take the eggs of any bird within the limits of any park or reservation for the protection, breeding, or keeping of any animals, game, or other birds, including buffalo, elk, deer, and such other animals or birds as may be kept in the aforesaid park or reservation, by any person or persons either in connection with the Government of the United States, or any department thereof, or held or owned by any private person or corporation.

<div style="float:right">Protection of game in parks or reservations.</div>

Sec. 2. That any person or persons who shall hunt, trap, capture, willfully disturb, or kill any animal or bird, or take the eggs of any bird of any kind or description in any park or reservation

<div style="float:right">Misdemeanor.</div>

Case 4:14-cv-00139-HLM   Document 47-2   Filed 12/30/15   Page 98 of 99

Punishment.

as described in section one of this act, at any time during the year, shall be guilty of a misdemeanor, and shall be fined or imprisoned in the discretion of the court for each and every offense.

Carrying weapons in parks or reservations.
Misdemeanor.

Sec. 3. That any person who shall carry a pistol, revolver, or gun in any park or reservation such as is described in section one of this act, without having first obtained the written permission of the owner or manager of said park or reservation, shall be

Punishment.

guilty of a misdemeanor, or shall be fined or imprisoned, in the discretion of the court, for each and every offense.

Application of act.

Sec. 4. That the provisions of this act shall apply only to that part of the State of North Carolina situated west of the main line of the Southern Railway running from Danville, Virginia, by Greensboro, Salisbury, Charlotte, and Atlanta, Georgia.

Repealing clause.

Sec. 5. All laws and clauses of laws in conflict with this act are hereby repealed.

Sec. 6. That this act shall be in force from and after its ratification.

Ratified this the 15th day of December, A.D. 1921.

---

## CHAPTER 7

### AN ACT TO CHANGE THE MONTH DURING WHICH ACCOUNTS OF STATE OFFICERS ARE EXAMINED BY COMMISSIONERS OF THE LEGISLATURE.

*The General Assembly of North Carolina do enact:*

Date changed.

Section 1. That section seven thousand six hundred and ninety-two of the Consolidated Statutes be and the same is hereby amended by striking out the word "December" in line six of said section and inserting in lieu thereof the word "July."

Sec. 2. That this act shall be in force from and after its ratification.

Ratified this the 10th day of December, A.D. 1921.

---

## CHAPTER 8

### AN ACT TO AUTHORIZE THE TREASURER TO BORROW NOT EXCEEDING $710,000 FOR THE STATE PUBLIC SCHOOL FUND.

Preamble: tax at special session.

Whereas the special session of the General Assembly of one thousand nine hundred and twenty, chapter ninety-one, section

Purpose.

one, Public Laws, provided a State tax of thirteen cents for the purpose of paying "one-half the annual salary of the county superintendents and three months salary of all teachers of all sorts

thirty-two in township one north of range seventy west, is hereby named and shall hereafter be known as VALVER-DAN PARK.

### 510.  Washington Park.

SEC. 5.   That the city property in the west half of the south-west quarter of section twenty-five in township one north of range seventy-one west, shall be named and here-after known as WASHINGTON PARK.

### PARKS.

An Ordinance for the Protection of the Several Parks Belonging to the City and of the Buildings and Reservoirs and Trees and Other Improvements at and Within Said Parks, and to Pro-vide Penalties for Injuring the Same.

Passed October 4, 1898.

(With amendment as noted.)

### 511.  No firearms or shooting in.

SECTION 1.   Any person other than the police officers of the city who shall take or carry or cause to be taken or carried into any of the parks belonging to the City of Boulder, any gun, pistol, revolver, or other firearm, or who shall shoot any firearm at or towards or over or into or upon any of said parks, shall be deemed guilty of a misdemeanor.   (As amended August 2, 1899.)

### 512.  No powder or explosives in.

SEC. 2.   Any person who shall take or carry or cause to be taken or carried into any of said parks, any powder of any quality or kind or any explosive or dangerous or inflammable or combustible substance, shall be deemed guilty of a misdemeanor.

### 513.  No fires or explosives.

SEC. 3.   Any person who shall start any fire or cause or permit to be started any fire in any of said parks, not