IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| GEORGIACARRY.ORG, INC., et.al. ) | | |
| ) | | |
| Plaintiffs, ) | | CIVIL ACTION FILE NO. |
| ) | | |
| v. ) | | 4:14-CV-139-HLM |
| ) | | |
| ) | | |
| THE U.S. ARMY CORPS OF ) | | |
| ENGINEERS, et.al., ) | | |
| ) | | |
| Defendants. ) | | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR RECONSIDERATION**

On December 30, 2015 at approximately 7 p.m., putative *amicus curiae* Everytown for Gun Safety ("Everytown") filed a Motion [Doc. 47] for leave to file a brief in support of Defendants' Motion for Summary Judgment [Doc. 45]. In its Motion, Everytown acknowledged that Plaintiffs opposed the Motion. Doc. 47, p. 2. Approximately 18 hours after Everytown filed its Motion, this Court granted the Motion. Doc. 48. Plaintiffs seek reconsideration of the Order granting the Motion on the grounds that they were not given an opportunity to be heard on the Motion and that the Order is inconsistent with the prior orders of the Court in this case.

–1–

## I. Plaintiffs Did Not Have an Opportunity to Respond

Fundamental to due process is notice and an opportunity to be heard. While Plaintiffs received notice of the Motion, they did not receive a reasonable opportunity to be heard. The opportunity to be heard is embodied in Local Rule 7.1(B), which gives parties 14 days after service of a motion in which to respond to it. A moving party that believes a motion is urgent may file an "emergency motion" seeking to waive the time requirements (Local Rule 7.2B). Everytown did not indicate its Motion was urgent and nothing in the Motion gives any reason to infer that it is.

Even though Everytown advised this Court that Plaintiffs did not consent to the Motion, the Court granted the Motion without waiting for a response from Plaintiffs or seeking input from Plaintiffs.

## II. The Order is Inconsistent With Previous Orders

On September 1, 2015, this Court entered a Protective Order [Doc. 35] prohibiting discovery and limiting this Court's consideration of the case to the administrative record. Notably, the Court quoted authority stating that reviewing courts "ordinarily may not consider arguments that were not raised before the administrative agency…." Doc. 35, p. 4. Nevertheless, Everytown's Motion

includes a proposed appendix of nearly 100 pages of authorities the overwhelming majority (if not the entirety) of which were not considered by the Corps and do not appear in the very voluminous administrative record [Docs. 38-40]. The proposed brief also makes a series of arguments not appearing in the administrative record or apparently considered by the Corps when rejecting the requests of the Plaintiffs before the instant case was filed.

The result of the Order and the Protective Order is that, while the Parties are precluded from using materials not contained in the administrative record, Everytown, in support of the Corps, has been permitted effectively to supplement the administrative record with materials not considered by the Corps and beyond the scope of what this Court has ordered this case confined to, a review of the Corps' actions on the record.

For the foregoing reasons, Plaintiffs seek reconsideration of the Order granting Everytown leave to file a brief *amicus curiae.*

                                      JOHN R. MONROE,

                                      ___/s/ John R. Monroe_____
                                      John R. Monroe

>John Monroe Law, P.C.
>9640 Coleman Road
>Roswell, GA 30075
>Telephone: (678) 362-7650
>Facsimile: (770) 552-9318
>jrm@johnmonroelaw.com
>Georgia Bar No. 516193
>ATTORNEY FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I certify that on December 31, 2015, I served a copy of the foregoing via ECF upon all parties of record.

                                                /s/ John R. Monroe
                                                John R. Monroe

## **RULE 7.1D CERTIFICATION**

  I certify that this brief was prepared in accordance with the page, font, size, margin and other requirements of Rules 7.1D and 5.1C.


           /s/ John R. Monroe
           John R. Monroe