IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| GEORGIACARRY.ORG, INC.    et.al., ) | | |
| ) | | |
| Plaintiffs ) | CIVIL ACTION FILE NO. | |
| ) | | |
| v. ) | 4:14-CV-139-HLM | |
| ) | | |
| ) | | |
| THE U.S. ARMY CORPS OF ) | | |
| ENGINEERS, et.al., ) | | |
| ) | | |
| Defendants. ) | | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE ADMINISTRATIVE RECORD**

On September 1, 2015, before the Government had filed its "Administrative Record" ("AR") and before the Government had served the same on Plaintiffs, the Court granted a protective order [Doc. 35] to the Government prohibiting discovery and ruling that the case will be decided on the AR. After the Order was entered, the Government filed not one but three ARs: one for the Regulation at issue in the case, one for Plaintiff Barrs, and one for Plaintiff James (HQ AR, SAS AR, and SAM AR, respectively) [Docs. 38, 39, and 40]. The three ARs combined total 9,783 pages, with two thirds of those pages (6,297) being in the HQ AR. For

–1–

the reasons explained below, Plaintiffs object to the inclusion of the bulk of these materials in the AR, and move to strike them.

**The HQ AR.**

The HQ AR is, by the Government's own admission, the so-called AR associated with the promulgation of 36 C.F.R. Part 327. Party 327 encompasses a wide variety of subjects having to do with the management of Corps property, the large majority of which has no bearing on this case. In fact, this case bears only on 36 CFR § 327.13 generally, and Defendants' application of 36 CFR §327.13(a)(4) to Plaintiffs. The rest of Part 327 has nothing to do with the case.

Regardless, however, of how much (or little) of Part 327 is involved in this case, Plaintiffs facial challenge against § 327.13 is aimed at the constitutionality of that section, not at the manner in which it was promulgated. The record of how it was promulgated is therefore irrelevant. As for the application of 36 CFR § 327.13(a)(4) to Plaintiffs, the HQ AR has no bearing on it.

AR HQ also contains information about the Corps and Corps property generally, without specific information pertaining to the two Corps properties in Georgia that are the subject of this case. How many people who visit Corps

properties in Idaho (where enforcement of § 327.13(a)(4) has been permanently enjoined by the District Court there) is simply irrelevant to the present case.

The irrelevance of AR HQ to the present case is underscored by the fact that it was certified by a Corps employee in Washington who does not profess to have had anything to do with the present case.  Doc. 38-1.  Instead, he certifies AR HQ as "the administrative record to the 36 C.F.R. Part 327, Final Rule, 'Public Use of Water Resources Development Projects Administered by the Chief of Engineers' published in the Federal Register on February 11, 2000…." *Id.*

The more than 6,000 pages of materials comprising AR HQ [Doc. 38 and its sub-documents] serve no purpose, therefore, other than to burden the Court (and Plaintiffs) and they should be stricken.

The other two ARs, AR SAS and AR SAM, are similarly infirm.  Combined they comprise nearly 3,500 pages of materials, but approximately five of those pages bear directly on this case (consisting of the requests for permission from the individual Plaintiffs and the responses and memoranda of Corps commanders).

For AR SAS, once again the certification is by a Corps employee who does not claim to have been involved in the decision regarding Plaintiff Barrs.  Doc. 40-1.  His certification is based on his "knowledge, information, and belief." *Id.*  In

–3–

other words, he was not involved in the administrative action, but he *believes* that whoever was might have referred to the more than 2,000 pages of documents that he certifies. Moreover, Plaintiff Barrs was denied due process by having these documents ostensibly considered without any notice to him. *See* accompanying Declaration of Brian Barrs.

The problem with this type of AR is that it is wholly unreliable and self-serving. The Corps does not really have an AR for either of the two administrative actions in this case, with the possible exception of the requests from the Plaintiffs and the responses thereto. There is no docket, showing when documents were filed into the record. There are no procedural orders. Even the wording of the certification undermines the Corps' suggestion that there is such a thing as an AR for the Barr matter (the documents in the AR are all the "materials located by the Corps that comprise the administrative record….") *Id.* If the Corps really had an AR for a matter, the Corps would not have to go looking for materials. They already would be in the docket.

AR SAM is a mere 1,383 pages. Again, this is clearly excessive, but at least it was certified as the AR for the matter by the person who denied Plaintiff James' request. Still, if indeed these 1,383 pages were considered by Col. Chytka, he gave

no notice of any of that to James.  *See* accompanying Declaration of David James.  It is a fundamental denial of due process for an administrator to deny a petition based on a record of which the petitioner was given no notice.  The due process aspect will be discussed in further detail in Plaintiffs' brief in opposition to the Government's motion for summary judgment.

**Conclusion**

AR HQ should be stricken in its entirety.  AR SAS and AR SAM should be stricken except as to documents pertaining to Plaintiffs James or Barrs (i.e., AR SAM pages 1-4 and AR SAS pages 1-6).

JOHN R. MONROE,

___/s/ John R. Monroe_____
John R. Monroe
John Monroe Law, P.C.
9640 Coleman Road
Roswell, GA 30075
Telephone: (678) 362-7650
Facsimile: (770) 552-9318
jrm@johnmonroelaw.com
Georgia Bar No. 516193
ATTORNEY FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I certify that on March 9, 2016, I served a copy of the foregoing via ECF upon:

Daniel Riess
Daniel.riess@usdoj.gov

                                         /s/ John R. Monroe
                                         John R. Monroe

## RULE 7.1D CERTIFICATION

I certify that this brief was prepared in accordance with the page, font, size, margin and other requirements of Rules 7.1D and 5.1C.

    /s/ John R. Monroe
John R. Monroe