# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| GEORGIACARRY.ORG, INC., et al., | ) ) ) |
| Plaintiffs, | ) CIVIL ACTION FILE NO. ) |
| v. | ) 4:14-CV-139-HLM (consolidated ) with 4:15-CV-0009-HLM) |
| U.S. ARMY CORPS OF ENGINEERS et al., | ) ) ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE ADMINISTRATIVE RECORD

Plaintiffs have moved to strike the administrative records filed by Defendants. As explained below, Plaintiffs' motion lacks merit, and should be denied.

In its order dated September 1, 2015, the Court limited review in this case to the administrative record. Order at 6 (Docket Entry No. 35). The administrative record "consists of all documents and materials *directly or indirectly* considered by the agency." *Ga. River Network v. U.S. Army Corps of Eng'rs*, No. 4:10-cv-267, 2012 WL 930325, at *5 (S.D. Ga. Mar. 19, 2012), *aff'd*, 517 F. App'x 699 (11th Cir. 2013) (emphasis in original) (quoting *Bar MK Ranches v. Yuetter*, 994 F.2d

1

735, 740 (10th Cir. 1993)).  In a record review case, "[a]bsent clear evidence, an agency is entitled to a strong presumption of regularity, that it properly designated the administrative record." *Ga. Aquarium, Inc. v. Pritzker*, __ F. Supp. 3d __, 2014 WL 10463747, at *6 (N.D. Ga. Dec. 16, 2014); *see also Ga. River Network*, 2012 WL 930325, at *5 ("The designation of the administrative record is entitled to a presumption of regularity.") (citing *Yuetter*, 994 F.2d at 740).  "The burden rests with [Plaintiffs] to establish by clear evidence that [the agency] has failed to properly designate the Administrative Record." *Ga. Aquarium*, 2014 WL 10463747, at *6; *see also Yuetter*, 994 F.2d at 740 ("The court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary.").

Here, Plaintiffs have failed to demonstrate, by clear evidence, that the U.S. Army Corps of Engineers ("Army Corps") failed to properly designate the administrative records.  If Plaintiffs believed specific documents in the records to be irrelevant, the proper course was for Plaintiffs to so state in their opposition to Defendants' summary judgment motion.  Furthermore, Plaintiffs have failed to identify any specific document or documents as to which inclusion in the administrative records causes any prejudice to Plaintiffs.

Additionally, Plaintiffs' specific objections to the administrative records have no merit. *See* Mem. Supp. Pl. Mot. to Strike Administrative Record at 2-5 (Docket Entry No. 54-1) ("Pl. Mot."). First, though Plaintiffs are challenging the constitutionality of 36 C.F.R. § 327.13(a)(4), that provision was enacted as one part of an Army Corps regulation; consequently, in order to provide the Court with materials bearing on that provision, it is necessary to include materials that relate to the regulation as a whole. It is difficult to understand why Plaintiffs believe such materials to be irrelevant, Pl. Mot. at 2, as courts frequently examine the legislative history of challenged laws and similar historical materials in analyzing Second Amendment claims. *See*, *e.g.*, *United States v. Barton*, 633 F.3d 168, 173-74 (3d Cir. 2011); *Nat'l Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 700 F.3d 185, 198-99 (5th Cir. 2012). Moreover, Plaintiffs fail to cite any authority to support their assertions that such materials are not properly included in the administrative records. In any event, if Plaintiffs believed that any citations to the records by Defendants in support of their summary judgment motion cited irrelevant materials, the proper remedy was for Plaintiffs to so state in their opposition to Defendants' motion. Plaintiffs, however, elected not to do so.

Second, while it is correct that some materials in the administrative records pertain to "the Corps and Corps property generally," Pl. Mot. at 2, where materials are not available regarding the two specific campsites at which Plaintiffs claim they intend to stay, the Army Corps has provided more general materials. Again, Plaintiffs fail to cite any authority to support their assertions that such materials do not properly belong within the administrative records. And if Plaintiffs believed that any particular citation to the records by Defendants in their summary judgment motion relied on irrelevant materials, the appropriate remedy would have been for Plaintiffs to state this in their opposition brief to Defendants' motion. Nor, finally, are Defendants aware of any authority supporting the proposition that an administrative record in a record review case may only consist of materials that actually mention or directly reference the plaintiffs in the particular action. *See* Pl. Mot. at 3, 4.

Third, Plaintiffs object to the certification of the records by the Army Corps. Pl. Mot. at 3-4. The objection is meritless. Initially, federal agencies are not required to provide formal certifications with administrative records, and are not required to use any particular language when they do provide certifications. *See Banner Health v. Sebelius*, 945 F. Supp. 2d 1, 18 (D.D.C. 2013) (finding that while agencies file certifications with administrative records "as a matter of practice,

certifications are not required by the [Administrative Procedure Act, 5 U.S.C. § 551 *et seq*.] or any other law," and "a purportedly inadequately worded certification – or even the complete absence of a certification – [does not] defeat[] the presumption of regularity to which the administrative record is entitled"); *Cty. of San Miguel v. Kempthorne*, 587 F. Supp. 2d 64, 77 (D.D.C. 2008) ("[B]ecause there is no legal authority compelling the defendants to certify an administrative record in the first instance, the Court has no basis for requiring the [defendants] to certify the Record now.").

In any event, the certifications provided by the Army Corps are sufficient. Stephen B. Austin, who certified the first administrative record, is a Natural Resources Manager who was responsible for overseeing the most recent promulgation of the Army Corps' rules on the public use of Water Resources Development projects administered by the Army Corps, which include the recreational facilities at issue here. *See* Docket Entry No. 38-1, at 1. Col. Jon J. Chytka, who certified the second administrative record, is the Commander of the Army Corps' Mobile District, and was responsible for reviewing Plaintiff David James' request to possess firearms on Army Corps property. *See* Docket Entry No. 39-1, at 1. Finally, Robert T. Germann, who certified the third administrative record, is the Chief of Operations of the Army Corps' Savannah District, and

5

oversees the Army Corps' multipurpose projects on the Savannah River, including the J. Strom Thurmond Dam and Lake; Plaintiff Brian Barrs requested permission to possess firearms on a portion of the Thurmond Lake project.  *See* Docket Entry No. 40-1, at 1; Compl., No. 4:15-CV-0009-HLM, ¶ 34 (Docket Entry No. 1).

Furthermore, as with the designation of the administrative record, an agency's "certification of the administrative record is treated like other established administrative procedures, and thus entitled to a presumption of administrative regularity." *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007) (citing *Yuetter*, 994 F.2d at 740).  Accordingly, "[i]n the absence of clear evidence to the contrary, courts presume that [public officers] have properly discharged their official duties." *Id*. (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971)).  Because Plaintiffs have provided no such clear evidence, their objection to the certification of the administrative records has no merit.

Fourth, Plaintiffs object to the length of the administrative records as burdensome.  Pl. Mot. at 3.  The records here were filed on November 16, 2015, and Plaintiffs filed their brief in opposition to Defendants' motion for summary judgment on March 9, 2016.  If Plaintiffs required additional time to review the records before filing their opposition brief, the proper course would have been to

seek an extension of time for such review.  However, Plaintiffs have elected not to do so.

Fifth, Plaintiffs assert, without any supporting authority, that when the Army Corps denied Plaintiffs' request to possess firearms on recreational lands the Army Corps owns and manages, the Due Process Clause required the Army Corps to provide Plaintiffs with all materials it considered (directly or indirectly) in making its decision.  Pl. Mot. at 5.  No statute requires Defendants to provide Plaintiffs with a hearing or other formal adjudication process, and Defendants are not aware of any authority to support Plaintiffs' assertion that the Due Process Clause requires access to the administrative record at the time of the decision.

In sum, Plaintiffs have failed to present any evidence, much less the "clear evidence" required to overcome the "strong presumption of regularity" that the Army Corps properly designated the administrative records.  *Ga. Aquarium*, 2014 WL 10463747, at *6.  The Court should therefore deny Plaintiffs' motion to strike the administrative records.[1]

Dated:  March 28, 2016                           Respectfully submitted,

---

[1] In the event that Plaintiffs' reply brief, for the first time, includes citations to authority that they claim support their objections, Defendants respectfully request the right to file a surreply brief responding to any such citations.

| | |
|---|---|
| Of Counsel | BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney General |
| JOHN A. HORN<br>United States Attorney | |
| |   /s/ Daniel Riess |
| LORI BERANEK<br>Assistant United States Attorney<br>600 Richard B. Russell Federal Building<br>75 Spring Street, S.W.<br>Atlanta, Georgia 30303<br>Lori.Beranek@usdoj.gov | JOHN R. TYLER<br>Assistant Branch Director<br>DANIEL RIESS<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division, Rm. 6122<br>20 Massachusetts Avenue, NW<br>Washington, D.C. 20530<br>Telephone: (202) 353-3098<br>Fax: (202) 616-8460<br>Email: Daniel.Riess@usdoj.gov<br>*Attorneys for Defendants* |

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1B for documents prepared by computer.

  /s/ Daniel Riess
Daniel Riess

## **CERTIFICATE OF SERVICE**

I certify that, on March 28, 2016, I electronically filed the within and foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the parties' attorneys of record.

This 28th day of March, 2016.

                                                              /s/ Daniel Riess
                                                              Daniel Riess